

Patrick Ryan Morris, Esq.

**Morris Legal Corp.**
28 Laight Street, 2nd Floor
New York, New York 10013

**Direct:** +1 (917) 621-1110
**Main:** +1 (646) 692-4012
**Fax:** +1 (929) 296-7680
**Email:** prm@patrickmorrislaw.com

www.patrickmorrislaw.com

<u>BY ECF AND E-MAIL</u>

The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007
ALCarterNYSDChambers@nysd.uscourts.gov

    Re:    <u>S.E.C. v. Zhabilov, et al., Dkt. No. 1:24-cv-07362</u>

Dear Judge Carter:

    We represent Defendant Harry Zhabilov ("<u>Defendant</u>" or "<u>Zhabilov</u>") in the above-captioned action. Pursuant to Section 2.A of the Court's Individual Practices, we write to respectfully request a Pre-Motion Conference in advance of Defendant Zhabilov's planned Motion to Dismiss the Complaint (Dkt. No. 1) filed by the Securities and Exchange Commission ("<u>Plaintiff</u>" or the "<u>SEC</u>").

    As set forth more fully below, Zhabilov will move to dismiss on the grounds that the (1) the United States District Court of Maryland ("<u>USDC Maryland</u>") has explicitly retained jurisdiction; and, (2) retained ancillary jurisdiction over a number of the claims asserted by the SEC; (3) the general law of collateral estoppel and the principle of judicial efficiency should apply to previously adjudicated matters which are essential to the allegations and claims put forth by the SEC; (4) the Complaint lacks "facial plausibility," due to the lack of temporal proximity of events; (5) pleads facts that are "merely consistent with" Zhabilov's liability but fails to show ; (6) the Complaint is violative of Fed. R. Civ. P. 8(a) & 9(b); (7) the Complaint fails to show that the Defendant acted with scienter and, (8) portions of the claims are time-barred.

    **(1)    The USDC Maryland has retained jurisdiction; and (2) retained *ancillary* jurisdiction over a number of claims asserted by the SEC.**

    Allegations within the Complaint which purport to show a "conspiracy" between members of the Control Group, rely in whole or substantially upon allegations contained in ¶¶61 – 85 of the Complaint, including a specific reference to exploitation of "a process conducted pursuant to Section 3(a)(10). (<u>See</u>, Compl. ¶66).[1] The Section 3(a)10 referred to in the complaint refers to the "Order Granting Approval of Settlement Agreement and Stipulation" dated August 21, 2018, case 1:18-cv-02088-SAG, *Livingston Asset Management, LLC v. Enzolytics, Inc.* filed in the District of Maryland, Northern Division ("<u>Order</u>"). Pursuant to the Order, the court "reserves jurisdiction over the parties to this action as well as the subject matter herein for purposes of contempt and

---

[1] The "Associate," named in ¶2, 41, 54, 64, 68 of the Complaint must be Livingston Asset Management. Livingston, the Plaintiff in the USDC Maryland complaint that resulted in the 3(a)(10) issuance. Since the SEC is alleging that the 3(a)(10) hearing before the Judge Gallagher was in some manner fraudulent and part of the grander alleged conspiracy, it must be concluded that the USDC Maryland has retained jurisdiction over the matter.

enforcement of the Settlement Agreement and Stipulation, <u>as well as for such other purposes allowed by law</u>.[2]

As noted in the 1994 U.S. Supreme Court decision in *Kokkonen v. Guardian Life Insurance Co. of America*, 515 US 375 (1994) jurisdiction seemingly can arise under one of two different heads of ancillary jurisdiction in the absence of an "independent basis for federal jurisdiction."[3] One head allows enforcement where the settlement is "in varying respects and degrees, factually interdependent"[4] with a claim that had been presented for adjudication. The other permits enforcement when necessary for the district court "to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees."[5]

It must hold that any allegation of wrongdoing, or a conspiracy to commit a fraudulent act, based upon the 3(a)(10) process is subject to the retained and ancillary jurisdiction of the USDC Maryland. Based upon the foregoing, Plaintiff's basis for venue, at least in part, is also misplaced. (Compl. ¶15).[6]

**(3)    The general law of collateral estoppel and the principle of judicial efficiency should apply to previously adjudicated matters which are essential to the allegations and claims put forth by the Plaintiff**

The allegations contained in ¶¶61 – 85, of the Complaint are nothing more than an improper attempt, some six years on, to question the exemption from registration provided by the Order. An Order which was granted only after the USDC Maryland conducted its own inquiry and investigation. (See, *Livingston Asset Management, LLC v. Enzolytics, Inc*., 1:2018-cv-02088).

The Defendant asserts that the 3(a)(10) process fully complied with the statute, including the necessity for a hearing.[7] As such, and consistent with the general law of collateral estoppel and the principal of judicial efficiency, the securities issued pursuant to this process are exempt from registration pursuant to the Securities Act unless and until the USDC Maryland sets aside its prior Order.[8] Therefore, the allegations of conspiracy and fraudulent intent dating from 2014 to at least August 21, 2018, must be dismissed with prejudice.

**(4)    Lack of facial plausibility due to lack of temporal proximity "stops short of the line between possibility and plausibility of 'entitlement to relief; (5) the Complaint is violative of Fed. R. Civ. P. 8(a) & 9(b); and (6) the Complaint fails to show fraudulent intent.**

---

[2] Ancillary jurisdiction can be exercised "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent . . . and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." See, *Kokkonen*, 511 US at 379 – 380. In the present case, the claims of the SEC are interdependent and arise from federal statue.
[3] As noted in the 1994 U.S. Supreme Court decision in *Kokkonen v. Guardian Life Insurance Co. of America*, any enforcement "requires its own basis for jurisdiction." See, *Kokkonen*, 515 US 375 (1994).
[4] Id at 379.
[5] Id at 380.
[6] See, fn. 5.
[7] https://www.sec.gov/interps/legal/cfslb3r.htm (last viewed Dec. 9, 2024, at 13:55).
[8] The Defendant further assets that the SEC, an administrative agency must submit to the retained jurisdiction of the court since retained jurisdiction and the 3(a)(10) process is a matter of law and not subject to agency interpretation. See *Loper Bright Enterprises v. Raimondo*, 144 S.Ct. 2244, 2257 ("When the meaning of a statute was at issue, the judicial role was to "interpret the act of Congress, in order to ascertain the rights of the parties.").

*Lack of temporal proximity*

The Complaint begins by asserting that a conspiracy between Zhabilov and the Control Group begins in September 2014[9] and continues to and through the 3(a)(10) process (Compl. ¶66), evolves to include the Defendant's daughter beginning in 2018 and continues through the period of 2022 (Compl. ¶86-102). But the Complaint lacks facial plausibility due to the lack of temporal proximity of events and falls short of showing anything more than possible entitlement to relief, improperly groups Zhabilov with other defendants, and fails to plausibly plead the essential element of scienter.[10]

For example, Zhabilov must have the prescience of Nostradamus and the patience of Job, since pursuant to the allegations contained in the Complaint, Zhabilov and Ray were by "at latest fall of 2014," "seeking sources of funding for Enzolytics" (Compl. ¶61), but according to public records Enzolytics did not exist as an entity until at least 2017[11] and the Plaintiff's own allegations, show that the only pecuniary gain to Zhabilov in the past 10 years, was in the form of alleged gifts from his daughter totaling less than 1% of the total amount of alleged gains.[12] Furthermore, Enzolytics stock price only traded above $.10 for a brief period during and after the Covid-19 epidemic. At all other times between 2014 – present the shares have traded for $100^{ths}$ or $1000^{ths}$ of a penny. It is simply not plausible that the Defendant could have put the alleged conspiracy in motion in 2014 in anticipation of events that would not transpire without exogenous and unpredictable events that occurred over the subsequent 10 years.

*Fed. R. Civ. P. 8(a).*

The Complaint alleges a wide-ranging conspiracy and fraud but violates both Fed. R. Civ. P. 8(a)'s prohibition on group pleading and Fed. R. Civ. P. 9(b)'s requirement to plead fraud with particularity because it inappropriately groups Zhabilov with other named defendants on the conclusory allegation that they "worked together." (Compl. ¶50). The Complaint is nothing more than a series of allegations that may be possible but stop short of crossing the line into "plausibility."[13]

*Lack of fraudulent intent.*

The Complaint fails to adequately allege scienter as against the Defendant. To state a claim under Rule 10b-5(a) or (c) and Section 17(a)(1), the SEC must allege scienter; that is, "facts that give rise to a strong inference of fraudulent intent." *Securities and Exchange Commission v. Wey*, 246 F. Supp. 3d 894, 912 (S.D.N.Y. 2017). As stated herein, the Plaintiff has failed to plead facts that would plausibly lead to the inference that the Defendant had fraudulent intent.[14]

---

[9] The present Complaint was not filed until September 30, 2024, more than 10 years after the allegations of wrongdoing are said to have occurred. The Defendant may assert that the Statute of Limitations has passed.

[10] "Acknowledging that parallel conduct was consistent with an unlawful agreement, the Court nevertheless concluded that it did not plausibly suggest an illicit accord because it was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed free-market behavior." See, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[11] See, OTC Markets, https://www.otcmarkets.com/stock/ENZC/overview, (last viewed Dec. 7, 2024, at 17:45).

[12] There is no plausible allegation that makes any connection between Farber, Wexford and Zhabilov.

[13] See *fn*. 9.

[14] *Id*.

3

**(7)   Portions of the claims are time-barred**

To the extent the SEC seeks civil monetary penalties in connection with actions taken prior to September 30, 2019, these claims are time-barred. In its Complaint, the SEC defines the Relevant Time Period, for which it seeks monetary damages, to relate back to 2017 (Compl. ¶1), well beyond the applicable 5-year limitations period under 28 U.S.C. §2462.

For all of these reasons, Defendants respectfully request that the Court schedule a pre-motion conference to discuss this contemplated motion.

Respectfully submitted,

*/s/ Patrick Ryan Morris*

cc:   All Counsel of Record via ECF