UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>-against-<br><br>ZHABILOV, et al.,<br><br>Defendants. | Case No. 1:24-cv-7362<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO FILE LETTER MOTION FOR EXTENSION OF TIME** |

Defendant Dannie Zhabilov ("Defendant"), by and through her undersigned counsel, submits the following in support of her Motion for Leave to File Letter Motion for Extension of Time ("Motion") and respectfully requests that the Court deem filed the letter motion attached hereto as Exhibit A ("Proposed Letter Motion").

## BACKGROUND

Defendant formally retained the undersigned counsel on December 9, 2024. Defendant now respectfully requests that she be granted leave to file the Proposed Letter Motion, which requests that the deadline for Defendant to respond to the Complaint be extended by 14 days to December 23, 2024. Defendant's prior counsel had previously requested, and was granted, a short extension of time to answer or otherwise respond to the Complaint—from December 2, 2024 to December 9, 2024. (Dkt. No. 40).

Defendant makes this Motion to ensure her new counsel has time to familiarize themselves with the facts of this case, and to adequately respond to Plaintiff's Complaint.

## ANALYSIS

Local Rule 7.1(d) and Section 1(D) of this Court's Individual Practices ("Individual Practices") allow a party to move, via letter motion, for an adjournment or extension of time. Section 1(D) requires that such a letter motion be made at least two business days prior to the deadline. (*See* Individual Practices at 2).

This Court "has broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Adams v. Bloomberg L.P.*, 2023 WL 26662607, at *5 (S.D.N.Y. March 28, 2023) (*quoting Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001)) (granting the defendant leave to file a reply statement under Local Rule 56.1). Federal Rule of Civil Procedure 6(b), which governs a motion for an extension of a deadline that has passed, requires the movant to demonstrate "excusable neglect," defined as "good faith and a reasonable basis for not acting within the specified period." *Trisura Ins. Co. v. Bighorn Constr. & Reclamation, LLC*, 2024 WL 1658853, at *4 (S.D.N.Y. April 17, 2024) (internal citations and quotations omitted). "Excusable neglect is an elastic concept" and context is taken into consideration in determining a Rule 6(b) motion. *Trisura*, 2024 WL 1658853, at *8 (internal citations and quotations omitted).

Because her response to the Complaint was due on Monday, December 9, 2024, Defendant had until Thursday, December 5, 2024 to timely file a letter motion requesting an extension. Because Defendant formally retained new counsel on December 9, 2024, Defendant could not timely file such a letter. The undersigned new counsel had a phone conversation with Plaintiff's counsel on December 9, 2024 the day they were retained, and Plaintiff had no objections to the requested 14-day extension.

Defendant respectfully submits that the circumstances are such that it would be proper for the Court to exercise its discretion to allow the Proposed Letter Motion to be filed and considered.

Defendant is making this Motion in good faith and has made it as soon as possible after retaining new counsel.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court: (i) grant her Motion for leave to file the Proposed Letter Motion requesting a 14-day extension of her time to respond to Plaintiff's Complaint; and (ii) deem the Proposed Letter Motion as filed.

Dated: December 9, 2024

**LUCOSKY BROOKMAN LLP**

*/s/ Samuel Blatnick*
Samuel Blatnick
7300 W. 110th Street, Suite 700
Overland Park, KS 66210
(913) 392-8505
sblatnick@lucbro.com

Anne Melton
111 Broadway, Suite 807
New York, NY 10006
(732) 395-4409
amelton@lucbro.com

Evan Gotlob
(*admission forthcoming*)
101 Wood Ave. South
Woodbridge, NJ 08830
(732) 395-4520
egotlob@lucbro.com

***ATTORNEYS FOR DEFENDANT DANNIE ZHABILOV***

**CERTIFICATION OF SERVICE**

      I, the undersigned, hereby certify that, on the 9th day of December, 2024, a true and correct copy of the foregoing was electronically filed and served upon all counsel of record via the Court's electronic filing system.

Dated: December 9, 2024　　　　　　　　　　　　　　　　　*/s/ Samuel L. Blatnick*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Samuel L. Blatnick