

Maxim Nowak
**Counsel**
212.592.1464
mnowak@herrick.com

December 9, 2024

VIA ECF

Hon. Andrew L. Carter, Jr.
USDJ, SDNY
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Re:   *Securities and Exchange Commission v. Zhabilov*, 1:24-cv-07362

Dear Judge Carter:

We are counsel to defendants Seacor Capital, Inc. ("Seacor")[1] and Charles Dilluvio ("Dilluvio", together with Seacor, the "Dilluvio Defendants") in the above referenced matter. Pursuant to Section 2.A of the Court's Individual Practices, we write to respectfully request a Pre-Motion Conference in advance of Dilluvio Defendants' planned Motion to Dismiss the Complaint (Dkt No. 1) filed by the Securities and Exchange Commission ("Plaintiff" or the "SEC").

## 1. The Complaint

The Complaint alleges Dilluvio was part of a Control Group[2] of a Delaware micro-cap company, Enzolytics Inc. ("Enzolytics") Compl. ¶¶ 1-3. Without pleading a conspiracy, the SEC alleges that the Control Group, which included Enzolytics officers and directors– roles Dilluvio simply never possessed – acquired large quantities of unrestricted Enzolytics stock that was then sold through an intermediary on the open market. Compl. ¶¶ 1-10. The Complaint further alleges that Dilluvio, in significant part because of his membership in the Control Group, was an Affiliate of Enzolytics under the Securities Laws and Dilluvio's utilization of an Attorney Opinion Letter stating that he was not an Enzolytics Affiliate was therefore fraudulent. Id. ¶¶ 8; 116-120.

The SEC brings three causes of action against the Dilluvio Defendants, alleging that: (1) the Dilluvio Defendants committed Fraud in Connection with the Purchase or Sale of Securities in violation of Section 10 of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder (Compl. ¶¶ 135-138 (citing 15 U.S.C. § 78j(b) and 17 C.F.R. 240.10b-5)); (2) committed Fraud in the Offer or Sale of Securities in violation of Section 17(a) Securities Act of 1933 (the "Securities Act") (Compl. ¶¶ 139-142 (citing 15 U.S.C. § 77q(a))); and (3) participated in the Unregistered Offering[] of Securities in violation of Sections 5(a) and 5(c) of the Securities Act (Compl. ¶¶ 143-146 (citing 15 U.S.C. §§ 77e(a) and (c))). The SEC's claims rely on alleging that even though Dilluvio was never an officer, director, or employee of Enzolytics, he was an

---

[1] Despite acknowledging that Dilluvio does not in fact own Seacor, or serve as a Seacor director of officer, the Complaint alleges that it is an entity controlled by Dilluvio. Compl. ¶ 23.

[2] Unless otherwise specified, defined terms shall have the meaning subscribed to them in the Complaint.



December 9, 2024
Page 2

Affiliate of that company, and therefore the offer and sale of otherwise unregistered securities by the Dilluvio Defendants was illegal. Compl. ¶ 133.

## I. The SEC's Complaint is Factually Deficient and Must be Dismissed

### A. As a Matter of Law, the SEC Has Not Pled Sufficient Facts to Show that Dilluvio Is an Affiliate of Enzolytics – the Key Element of the SEC's Theory

Plaintiff has failed to plead sufficient facts demonstrating that Dilluvio had the ability to control Enzolytics' management or policy, making him an Affiliate. Under SEC Rule 144, to determine whether someone qualifies as an Affiliate, courts consider the totality of the circumstances and to what extent he influenced or directed company management and policy. *See Trustcash Holdings, Inc. v. Moss*, 668 F. Supp. 2d 650, 660 (D.N.J. 2009) (granting motion to dismiss where plaintiffs failed to allege defendant was affiliate). "Affiliates are most often directors, officers, or majority shareholders[.]" *Id.* Even if a minority shareholder owns 10 percent or more of a company's voting stock, meeting or exceeding that threshold alone does not dispositively indicate control. *Ash v. Maglan Capital Holdings LLC*, 19 Civ. 5650 (PAE), 2021 WL 1140892, at *3 (S.D.N.Y. Mar. 24, 2021) (citing *American-Standard, SEC No-Action Letter*, 1972 WL 19628 (Oct. 11, 1972)).

Plaintiff's allegations that Dilluvio, as a consultant, would undertake some insignificant back-office tasks or that Dilluvio was an Affiliate because he and another individual defendant "collectively" held "over 30 percent" of Enzolytics' unrestricted stock, Compl. ¶ 59, falls well short of showing he was an Affiliate under the SEC's own rules. Accordingly, the Complaint fails to state a claim as required by the Rules of Civil Procedure Rules 8(a) and 9(b).

First, Plaintiff violates both Fed. R. Civ. P. 8(a)'s prohibition on group pleading and Fed. R. Civ. P. 9(b)'s requirement to plead fraud with particularity because it inappropriately groups Dilluvio's alleged stock ownership with another named defendant on the conclusory allegation that they "worked together." Compl. ¶ 50. *See also SEC v. Collins & Aikman Corp.*, 524 F. Supp. 2d 477, 484 (S.D.N.Y. 2007). The Complaint provides no factual basis to infer that Dilluvio himself held more than 10 percent of Enzolytics voting shares, or that these two defendants acted in concert to exert control over Enzolytics through their respective shareholdings.[3]

Second, Plaintiff fails to allege that the "30 percent" of unrestricted stock Dilluvio and this other defendant purportedly owned equates to ten percent of the overall voting stock of the company. Rather, Plaintiff's Complaint, relying on nothing other than its own conclusory allegation that

---

[3] Nor does any exception to the prohibition against group pleading save Plaintiff's claim because Plaintiff's allegation as to Dilluvio and the other defendant's collective stock ownership does not concern any statements they made. *Cf. Elliot Associates, L.P. v. Hayes*, 141 F. Supp. 2d 344, 354 (S.D.N.Y. 2000), *aff'd*, 26 F. App'x 83 (2d Cir. 2002) (group pleading doctrine is "extremely limited in scope" and "applies only to group-published documents, such as SEC filings and press releases").



December 9, 2024
Page 3

Dilluvio and another defendant controlled 30% of Enzolytics' unrestricted stock (not voting stock), cherry-picks the appropriate parameters to meet the ten percent threshold. *See Travelers Ins. Co. v. Lewis*, 756 F. Supp. 172, 177 (S.D.N.Y. 1991) (holding that "ownership of 20% of [a company's] common stock, equivalent to a 2.6% share of its equity, did not provide [defendant] with any authority to control [the company]."). In any event, exceeding the ten percent threshold alone does not definitely answer whether Dilluvio is an "affiliate" of Enzolytics. *See Sec. and Exchange Comm'n v. Genovese*, 17 Civ. 5821 (LGS), 2021 WL 1164654, at *7 n.3 (S.D.N.Y. Mar. 26, 2021). This proves especially true for small, closely held companies such as Enzolytics because owning 10 percent of a micro-cap company with a limited pool of shareholders does not grant the kind of control that 10 percent ownership of a large corporation with a larger pool of proportionally smaller shareholders would. *See Trustcash*, 668 F. Supp. 2d at 660.

Plaintiff also fails to sufficiently allege that Dilluvio controlled company decisions and policy. Notably, Dilluvio is not, and has never been, a director, officer, or majority shareholder of Enzolytics – the usual hallmarks of an "affiliate" under SEC Rules. *See Trustcash,* 668 F. Supp. at 660. Dilluvio lacked the power to appoint someone to the board of directors, *see Genovese,* 2021 WL 1164654, at *7 n.3 (plaintiff failed to prove defendant was affiliate where defendant "did not exercise any authority over" company board) and never retained the authority to execute any transactions for the company. *See Ash,* 2021 WL 1140892, at *4.

    B. <u>The Complaint Fails to Adequately Allege Scienter</u>

The Complaint fails to adequately allege scienter as against the Dilluvio Defendants. To state a claim under Rule 10b-5(a) or (c) and Section 17(a)(1), the SEC must allege scienter; that is, "facts that give rise to a strong inference of fraudulent intent." *Sec. and Exchange Comm'n v. Wey*, 246 F. Supp. 3d 894, 912 (S.D.N.Y. 2017). Here, as it relates to the scienter-based claims, the SEC relies on the fact that the Dilluvio Defendants allegedly "obtained and provided to the transfer agent an attorney opinion letter which falsely stated that Seacor was not an affiliate of Enzolytics." Compl. ¶ 120. However, the Complaint does not, and cannot, allege facts sufficient to infer fraudulent intent on behalf of the Dilluvio Defendants regarding the use of the attorney opinion letter, which the Dilluvio Defendants believed to be true when it was provided to the transfer agent. Accordingly, the scienter-based claims must be dismissed.

    C. <u>Portions of the SEC's Claim for Monetary Damages are Time-Barred</u>

To the extent the SEC seeks civil monetary penalties in connection with actions taken prior to September 30, 2019, these claims are time-barred. In its Complaint, the SEC defines the Relevant Time Period for which it seeks monetary damages to relate back to 2017, Compl. ¶ 1, well beyond the applicable 5-year limitations period under 28 U.S.C. § 2462.



December 9, 2024
Page 4

### D. The SEC's Claim for Disgorgement Should Be Stricken

It is axiomatic that under Second Circuit precedent, the SEC must allege pecuniary harm in order to seek disgorgement. *See Sec. and Exchange Comm'n v. Ripple Labs, Inc.*, 20 Civ. 10832 (AT), 2024 WL 3730403, at *5-6 (S.D.N.Y. Aug. 7, 2024) (citing *SEC v. Govil*, 86 F.4th 89, 104 n.16, 105 (2d Cir. 2023)). It has failed to do so, so its demand for disgorgement must be stricken.

## CONCLUSION

For the above reasons, and others,[4] the Dilluvio Defendants respectfully ask that the Court schedule a Pre-Motion Conference to discuss the Dilluvio Defendants' planned Motion to Dismiss the Complaint.

Respectfully submitted,

*/s/ Maxim Nowak*

Maxim Nowak

cc:   All counsel and parties of record (via ECF)

---

[4] The Dilluvio Defendants understand that other defendants in this action may make a motion to dismiss pursuant to 28 U.S.C. 1406 or a Rule 21 motion to transfer venue to the District of Maryland, the court which handled *Livingston Asset Management LLC v. Enzolytics*, 1:18-cv-02088 (D. Md. 2018), the litigation referenced in paragraphs 79-80 of the Complaint. To the extent this Court may be inclined to entertain such a motion, the Dilluvio Defendants would join the other defendants in making that motion.