**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br>  -against-<br><br>HARRY ZHABILOV, BILLY V. RAY, JR.,<br>CHARLES DILLUVIO, STEPHEN APOLANT,<br>DANNIE ZHABILOV, JONATHAN FARBER,<br>CAMELOT NEVADA TRUST, SEACOR<br>CAPITAL, INC., SKY-DIRECT LLC, and<br>WEXFORD INDUSTRIES LTD.,<br><br>      Defendants,<br><br>and<br><br>NY FARMS GROUP, INC. and EQUITY MARKETS<br>ADV LLC,<br><br>      Relief Defendants. | Case No.: 1:24-cv-7362<br><br>**DEFENDANT'S ANSWER,<br>AFFIRMATIVE<br>DEFENSES, AND JURY<br>DEMAND** |

  Defendant Dannie Zhabilov ("Dannie" or "Defendant"), by and through her undersigned counsel of record, as and for her Answer to Plaintiff's ("Plaintiff" or the "SEC") Complaint ("the Complaint"), responds as follows (the "Answer"). Defendant's investigation is preliminary and ongoing; Defendant reserves her right to amend or supplement her Answer.

**PRELIMINARY STATEMENT**

  Except as otherwise expressly admitted in this Answer, Defendant denies each and every allegation in the Complaint. Defendant states that the headings and sub-headings throughout the Complaint do not constitute well-pleaded allegations of fact and therefore require no response. To the extent a response is deemed required, Defendant denies the allegations in the headings and sub-headings throughout the Complaint. To the extent Defendant uses terms in this Answer that are

defined in the Complaint, such use is not an acknowledgement or admission of any characterization Plaintiff may ascribe to such term(s).  Defendant denies that Plaintiff is entitled to any of the relief sought in the Prayer for Relief set forth in the Complaint.

## SUMMARY

1.      Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 1 and therefore denies same.

2.      Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 2 and therefore denies same.

3.      Defendant admits that she executed a consulting agreement, the terms of which speak for themselves.  Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 3 and therefore denies same.

4.      Defendant denies the allegations in Paragraph 4.

5.      Defendant admits that she bought a home for herself and loaned money to her parents, but denies the remaining allegations in Paragraph 5.

6.      Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 6 and therefore denies same.

7.      Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 7 and therefore denies same.

8.      Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 8 and therefore denies same.

9.      Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 9 and therefore denies same.

10.      Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 10 and therefore denies same.

11.     Paragraph 11 contains legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 11.

12.     Defendant acknowledges that the SEC's Complaint requests the relief alleged in Paragraph 12, but Defendant denies the SEC is entitled to such relief.

13.     Defendant acknowledges that the SEC's Complaint requests the relief alleged in Paragraph 13, but denies the SEC is entitled to such relief.

## JURISDICTION AND VENUE

14.     Paragraph 14 contains legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 14.

15.     Paragraph 15 contains legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 15.

## DEFENDANTS

16.     Defendant admits the allegations in the first sentence of Paragraph 16.  Defendant lacks knowledge or information sufficient to either admit or deny the remaining allegations in Paragraph 16 and therefore denies same.

17.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 17 and therefore denies same.

18.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 18 and therefore denies same.

19.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 19 and therefore denies same.

20.     Defendant admits the allegations in Paragraph 20.

21.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 21 and therefore denies same.

22.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 22 and therefore denies same.

23.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 23 and therefore denies same.

24.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 24 and therefore denies same.

25.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 25 and therefore denies same.

**RELIEF DEFENDANTS**

26.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 26 and therefore denies same.

27.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 27 and therefore denies same.

**RELATED ENTITY**

28.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 28 and therefore denies same.

**RELEVANT DEFINITIONS**

29.     Defendant acknowledges that Plaintiff uses the defined term "control persons" in its Complaint, but denies any and all characterizations Plaintiff ascribes to this term, in this definition or otherwise.  To the extent Defendant uses this term in her Answer, such use is not an acknowledgement or admission of any characterization Plaintiff may ascribe to such term.

30.     Defendant acknowledges that Plaintiff uses the defined term "affiliate" in its Complaint, but denies any and all characterizations Plaintiff ascribes to this term, in this definition or otherwise.  To the extent Defendant uses this term in her Answer, such use is not an

acknowledgement or admission of any characterization Plaintiff may ascribe to such term.

31.     Defendant acknowledges that Plaintiff uses the defined term "restricted stock" in its Complaint, but denies any and all characterizations Plaintiff ascribes to this term, in this definition or otherwise.  To the extent Defendant uses this term in her Answer, such use is not an acknowledgement or admission of any characterization Plaintiff may ascribe to such term.

32.     Defendant acknowledges that Plaintiff uses the defined term "unrestricted stock" in its Complaint, but denies any and all characterizations Plaintiff ascribes to this term, in this definition or otherwise.  To the extent Defendant uses this term in her Answer, such use is not an acknowledgement or admission of any characterization Plaintiff may ascribe to such term.

33.     Defendant acknowledges that Plaintiff uses the defined term "OTC" in its Complaint, but denies any and all characterizations Plaintiff ascribes to this term, in this definition or otherwise.  To the extent Defendant uses this term in her Answer, such use is not an acknowledgement or admission of any characterization Plaintiff may ascribe to such term.

34.     Defendant acknowledges that Plaintiff uses the defined term "beneficial owner" in its Complaint, but denies any and all characterizations Plaintiff ascribes to this term, in this definition or otherwise.  To the extent Defendant uses this term in her Answer, such use is not an acknowledgement or admission of any characterization Plaintiff may ascribe to such term.

35.      Defendant acknowledges that Plaintiff uses the defined term "penny stock" in its Complaint, but denies any and all characterizations Plaintiff ascribes to this term, in this definition or otherwise.  To the extent Defendant uses this term in her Answer, such use is not an acknowledgement or admission of any characterization Plaintiff may ascribe to such term.

36.     Defendant acknowledges that Plaintiff uses the defined term "transfer agent" in its Complaint, but denies any and all characterizations Plaintiff ascribes to this term, in this definition or otherwise.  To the extent Defendant uses this term in her Answer, such use is not an

acknowledgement or admission of any characterization Plaintiff may ascribe to such term.

## THE FRAUDULENT SCHEME

37.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 37 and therefore denies same.

38.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 38 and therefore denies same.

39.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 39 and therefore denies same.

40.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 40 and therefore denies same.

41.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 41 and therefore denies same.

42.    Defendant denies the allegation that the consulting agreement was a "sham" and denies the remaining allegations in Paragraph 42.

43.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 43 and therefore denies same.

44.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 44 and therefore denies same.

45.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 45 and therefore denies same.

## Defendants were Affiliates of Enzolytics

46.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 46 and therefore denies same.

47.    Defendant denies the allegations in Paragraph 47.

48.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 48 and therefore denies same.

49.     Defendant denies the allegation that the consulting agreement was a "sham," and any allegation stating or implying that she was involved in or otherwise aware of fraudulent conduct.  Defendant lacks knowledge or information sufficient to either admit or deny the rest of the allegations in Paragraph 49 and therefore denies same.

50.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 50 and therefore denies same.

51.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 51 and therefore denies same.

52.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 52 and therefore denies same.

53.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 53 and therefore denies same.

54.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 54 and therefore denies same.

55.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 55 and therefore denies same.

56.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 56 and therefore denies same.

57.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 57 and therefore denies same.

58.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 58 and therefore denies same.

59.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 59 and therefore denies same.

60.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 60 and therefore denies same.

**Zhabilov and Ray Made Multiple Misrepresentations in Debt Sale Transaction**

61.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 61 and therefore denies same.

62.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 62 and therefore denies same.

63.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 63 and therefore denies same.

64.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 64 and therefore denies same.

65.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 65 and therefore denies same.

66.    Paragraph 66 contains legal conclusions for which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 66 and therefore denies same.

67.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 67 and therefore denies same.

68.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 68 and therefore denies same.

69.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 69 and therefore denies same.

70.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 70 and therefore denies same.

71.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 71 and therefore denies same.

72.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 72 and therefore denies same.

73.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 73 and therefore denies same.

74.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 74 and therefore denies same.

75.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 75 and therefore denies same.

76.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 76 and therefore denies same.

77.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 77 and therefore denies same.

78.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 78 and therefore denies same.

79.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 79 and therefore denies same.

80.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 80 and therefore denies same.

81.     Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 81 and therefore denies same.

82.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 82 and therefore denies same.

83.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 83 and therefore denies same.

84.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 84 and therefore denies same.

85.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 85 and therefore denies same.

**Zhabilov and Ray Fraudulently Transferred Stock to Dannie Zhabilov to Avoid Affiliate Stock Sale Limitations**

86.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 86 and therefore denies same.

87.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 87 and therefore denies same.

88.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 88 and therefore denies same.

89.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 89 and therefore denies same.

90.    Defendant denies the allegations in Paragraph 90.

91.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 91 and therefore denies same.

92.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 92 and therefore denies same.

93.    Defendant admits that she was "21 years old and still in college" at the time the

agreement was executed, that she would "perform analytical work tied to the biological activity of ITV-1," and that the work included "HPLC fragmentation, electrophoretical binding reactions, and Biacore plasmon resonance," but lacks knowledge or information sufficient to either admit or deny the remaining allegations in Paragraph 93 and therefore denies same.

94.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 94 and therefore denies same.

95.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 95 and therefore denies same.

96.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 96 and therefore denies same.

97.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 97 and therefore denies same.

98.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 98 and therefore denies same.

99.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 99 and therefore denies same.

100.    Defendant denies the allegations in Paragraph 100.

101.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 101 and therefore denies same.

102.    Defendant admits that she bought a home for herself and loaned money to her parents, but denies the remaining allegations in Paragraph 102.

**Dilluvio Used a Sham Consulting Agreement to Obtain Additional Unrestricted Shares**

103.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 103 and therefore denies same.

104.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 104 and therefore denies same.

105.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 105 and therefore denies same.

106.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 106 and therefore denies same.

107.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 107 and therefore denies same.

108.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 108 and therefore denies same.

109.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 109 and therefore denies same.

110.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 110 and therefore denies same.

111.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 111 and therefore denies same.

112.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 112 and therefore denies same.

113.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 113 and therefore denies same.

114.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 114 and therefore denies same.

115.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 115 and therefore denies same.

**Dilluvio and Apolant Concealed Their Affiliate Status in Order to Convert Debt into**
**Additional Unrestricted Shares**

116.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 116 and therefore denies same.

117.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 117 and therefore denies same.

118.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 118 and therefore denies same.

119.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 119 and therefore denies same.

120.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 120 and therefore denies same.

121.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 121 and therefore denies same.

122.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 122 and therefore denies same.

123.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 123 and therefore denies same.

124.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 124 and therefore denies same.

**Apolant Paid to Have Enzolytics Stock Promoted to Retail Investors**

125.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 125 and therefore denies same.

126.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 126 and therefore denies same.

127.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 127 and therefore denies same.

### Farber and Wexford Sold Stock on Behalf of the Control Group

128.    Defendant denies the allegations in the first sentence of paragraph 128 but lacks knowledge or information sufficient to either admit or deny the remaining allegations in Paragraph 128 and therefore denies same.

129.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 129 and therefore denies same.

130.    Defendant lacks knowledge or information sufficient to either admit or the allegations in Paragraph 130 and therefore denies same.

131.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 131 and therefore denies same.

132.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 132 and therefore denies same.

### The Defendants' Unregistered Offers and Sales

133.    Paragraph 133 contains legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 133.

134.    Paragraph 134 contains legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 134.

**FIRST CLAIM FOR RELIEF**
**FRAUD IN CONNECTION WITH THE PURCHASE OR SALE OF SECURITIES**
**(Violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder by Zhabilov, Ray, Dilluvio, Apolant, Dannie, Farber, Camelot, Seacor, Sky-Direct, and Wexford)**

135.    Defendant admits that the SEC purports to re-allege and incorporate by reference the preceding paragraphs.  Defendant incorporates by reference her responses to each such paragraph as though fully set forth herein.

136.    Paragraph 136 contains legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 136.

137.    Paragraph 137 contains legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 137.

138.    Paragraph 138 contains legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 138, and specifically denies that she was in any way involved in or knew of any unlawful conduct.

**SECOND CLAIM FOR RELIEF**
**FRAUD IN THE OFFER OR SALE OF SECURITIES**
**(Violations of Section 17(a) of the Securities Act by Zhabilov, Ray, Dilluvio, Apolant, Dannie, Farber, Camelot, Seacor, Sky-Direct, and Wexford)**

139.    Defendant admits that the SEC purports to re-allege and incorporate by reference the preceding paragraphs.  Defendant incorporates by reference her responses to each such paragraph as though fully set forth herein.

140.    Paragraph 140 contains legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 140.

141.    Paragraph 141 contains legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 141, and specifically denies that she was in any way involved in or knew of any unlawful conduct.

142.    Paragraph 142 contains legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 142, and specifically denies that she was in any way involved in or knew of any unlawful conduct.

### THIRD CLAIM FOR RELIEF
### UNREGISTERED OFFERINGS OF SECURITIES
**(Violations of Section 5(a) and 5(c) of the Securities Act by Zhabilov, Ray, Dilluvi, Apolant, Dannie, Farber, Camelot, Seacor, Sky-Direct, and Wexford)**

143.    Defendant admits that the SEC purports to re-allege and incorporate by reference the preceding paragraphs.  Defendant incorporates by reference her responses to each such paragraph as though fully set forth herein.

144.    Paragraph 144 contains legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 144.

145.    Paragraph 145 contains legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 145, and specifically denies that she was in any way involved in or knew of any unlawful conduct.

146.    Paragraph 146 contains legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 146, and specifically denies that she was in any way involved in or knew of any unlawful conduct.

### FOURTH CLAIM FOR RELIEF
### ACTING AS AN UNREGISTERED BROKER
**(Violation of Section 15(a)(1) by Farber and Wexford)**

147.    Defendant admits that the SEC purports to re-allege and incorporate by reference the preceding paragraphs.  Defendant incorporates by reference her responses to each such paragraph as though fully set forth herein.

148.    Paragraph 148 contains legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 148.

149.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 149 and therefore denies same.

150.    Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 150 and therefore denies same.

151.    Paragraph 151 contains legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 151.

## FIFTH CLAIM FOR RELIEF
## OTHER EQUITABLE RELIEF, INCLUDING UNJUST ENRICHMENT AND CONSTRUCTIVE TRUST
### (against Relief Defendants NY Farms and Equity Markets)

152.    Defendant admits that the SEC purports to re-allege and incorporate by reference the preceding paragraphs.  Defendant incorporates by reference her responses to each such paragraph as though fully set forth herein.

153.    Paragraph 153 contains legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 153.

154.    Paragraph 154 contains legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 154.

155.    Paragraph 155 contains legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 155.

## PRAYER FOR RELIEF

Defendant acknowledges that Plaintiff requests the referenced relief.  Defendant denies Plaintiff is entitled to such relief as to Defendant.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to join necessary or indispensable parties.

### THIRD AFFIRMATIVE DEFENSE

Defendant's alleged conduct is not the cause of the alleged harm for which Plaintiff seeks relief.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### FIFTH AFFIRMATIVE DEFENSE

At no point did Defendant have the requisite intent to deceive or defraud.  Defendant never knowingly participated in or contributed to the fraudulent scheme allegedly conceived and executed by other named Defendants and unnamed parties.

### SIXTH AFFIRMATIVE DEFENSE

Defendant lacks knowledge of, and/or has no relationship with, multiple of the other named Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

The harm alleged by Plaintiff was not foreseeable to Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to give adequate or fair notice to Defendant that her conduct allegedly violated federal law.  Defendant provided testimony to Plaintiff as part of Plaintiff's investigation against other individuals and entities.

### NINTH AFFIRMATIVE DEFENSE

At all times relevant to this action, Defendant acted in reasonable reliance upon representations made by other named Defendants.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the lack of provable injury or harm to Plaintiff or any other person or entity.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### <u>RESERVATION OF RIGHTS</u>

Defendant expressly reserves the right to assert additional affirmative defenses that may become known over the course of discovery in this action.

Dated: New York, New York

December 20, 2024

**LUCOSKY BROOKMAN LLP**


*/s/ Anne Melton*
Anne Melton
111 Broadway, Suite 807
New York, NY 10006
(732) 395-4409
amelton@lucbro.com

*/s/ Evan Gotlob*
Evan Gotlob (admission forthcoming)
101 Wood Avenue South
Woodbridge, NJ 08830
(732) 395-4520
egotlob@lucbro.com

***ATTORNEYS FOR DEFENDANT***


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was electronically filed this 20th day of December 2024 and served to all counsel of record via email through the Court's electronic filing system.


Dated: December 20, 2024          */s/ Anne Melton*
                                   Anne Melton