UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>　　　　　　　　Plaintiff,<br>　v.<br><br>HARRY ZHABILOV,<br>BILLY V. RAY, JR.,<br>CHARLES DILLUVIO,<br>STEPHEN APOLANT,<br>DANNIE ZHABILOV,<br>JONATHAN FARBER,<br>CAMELOT NEVADA TRUST,<br>SEACOR CAPITAL, INC.,<br>SKY-DIRECT LLC, and<br>WEXFORD INDUSTRIES LTD.,<br>　　　　　　　　Defendants,<br>and<br><br>NY FARMS GROUP, INC. and EQUITY MARKETS ADV LLC,<br>　　　　　　　　Relief Defendants. | Case No. 1:24-CV-7362 |

## ANSWER OF DEFENDANT
<u>WEXFORD INDUSTRIES LTD.</u>

　　　　Defendant Wexford Industries Ltd. ("Wexford") answers plaintiff Securities and Exchange Commission's Complaint as follows:

　　　　1.　　Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 1.

　　　　2.　　Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 2.

3. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 3.

4. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 4.

5. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 5, except that Wexford denies the allegations regarding Jonathan Farber ("Farber") in paragraph 5.

6. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 6, except that Wexford denies the allegations regarding Farber in paragraph 6.

7. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 7, except that Wexford denies the allegations regarding Farber and Wexford in paragraph 7.

8. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 8.

9. Denies the allegations in paragraph 9.

10. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 10, except that Wexford denies the allegations regarding Farber in paragraph 10.

11. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 11, except that Wexford denies the allegations regarding Farber in paragraph 11.

12. Denies the allegations of paragraph 12, except admits that the Commission purports to assert claims and seek relief described therein.

13. Denies the allegations of paragraph 13, except admits that the Commission purports to assert claims and seek relief described therein.

14. Paragraph 14 purports to state legal conclusions as to which no response is required; to the extent (if any) that any further response is required, Wexford denies the allegations of paragraph 14.

15. The first sentence of Paragraph 15 purports to state legal conclusions as to which no response is required; to the extent (if any) that any further response is required, Wexford denies the allegations of paragraph 15.

16. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 16.

17. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 17.

18. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 18.

19. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 19.

20. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 20.

21. Denies the allegations of paragraph 21, except that Farber admits that he lives in New York, New York, and that Wexford had an account in Canada.

22. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 22.

23. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 23.

24. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 24, except that Wexford denies the allegations regarding Farber and Wexford in paragraph 24.

25. Denies the allegations of paragraph 25, except that Wexford admits that Wexford is a Wyoming company, that Farber finds investment opportunities for Wexford, that Relative is President and a director of Wexford, and that Farber lived with Relative.

26. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 26.

27. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 27.

28. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 28.

29. Paragraph 29 purports to state legal conclusions as to which no response is required; to the extent (if any) that any further response is required, Defendant denies the allegations of paragraph 29.

30. Paragraph 30 purports to state legal conclusions as to which no response is required; to the extent (if any) that any further response is required, Defendant denies the allegations of paragraph 30.

31. Paragraph 31 purports to state legal conclusions as to which no response is required; to the extent (if any) that any further response is required, Defendant denies the allegations of paragraph 31.

32. Paragraph 32 purports to state legal conclusions as to which no response is required; to the extent (if any) that any further response is required, Defendant denies the allegations of paragraph 32.

33. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 33.

34. Paragraph 34 purports to state legal conclusions as to which no response is required; to the extent (if any) that any further response is required, Defendant denies the allegations of paragraph 34.

35. Paragraph 35 purports to state legal conclusions as to which no response is required; to the extent (if any) that any response is required, Defendant denies the allegations of paragraph 35.

36. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 36.

37. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 37.

38. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 38.

39. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 39.

40. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 40.

41. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 41.

42. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 42, except that Wexford denies the allegations regarding Farber and Wexford in paragraph 42.

43. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 43, except that Wexford denies the allegations regarding Farber and Wexford in paragraph 43.

44. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 44.

45. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 45, except that Wexford denies the allegation related to Farber and Wexford in paragraph 45.

46. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 46.

47. Denies the allegations of paragraph 47.

48. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 48, except that Wexford denies the allegations regarding Wexford in paragraph 48.

49. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 49.

50. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 50.

51. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 51.

52. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 52.

53. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 53.

54. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 54.

55. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 55, except that Wexford denies that Farber is part of the Control Group.

56. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 56.

57. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 57.

58. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 58.

59. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 59, except that Wexford denies the allegations regarding Farber in paragraph 59.

60. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 60, except that Wexford denies the allegations regarding Farber in paragraph 60.

61. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 61.

62. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 62.

63. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 63.

64. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 64.

65. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 65.

66. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph regarding a scheme.  The remainder of Paragraph 66 purports to state legal conclusions as to which no response is required; to the extent (if any) that any further response is required, Wexford denies the allegations of paragraph 66.

67. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 67.

68. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 68.

69. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 69.

70. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 70.

71. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 71.

72. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 72.

73. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 73.

74. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 74.

75. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 75.

76. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 76.

77. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 77.

78. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 78.

79. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 79.

80. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 80.

81. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 81.

82. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 82.

83. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 83.

84. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 84.

85. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 85.

86. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 86.

87. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 87.

88. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 88.

89. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 89.

90. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 90.

91. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 91.

92. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 92.

93. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 93.

94. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 94.

95. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 95.

96. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 96.

97. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 97.

98. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 98, except that Wexford denies the allegations regarding Farber and Wexford in paragraph 98.

99. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 99.

100. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 100.

101. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 101, except that Wexford denies the allegations regarding Farber and Wexford in paragraph 101.

102. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 102.

103. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 103.

104. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 104.

105. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 105.

106. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 106.

107. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 107.

108. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 108.

109. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 109.

110. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 110.

111. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 111.

112. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 112.

113. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 113.

114. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 114.

115. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 115.

116. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 116.

117. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 117.

118. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 118.

119. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 119.

120. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 120.

121. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 121.

122. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 122.

123. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 123, but denies that Wexford transferred $23 million.

124. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 124.

125. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 125.

126. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 126.

127. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 127, except that Wexford denies that Wexford paid a promoter.

128. Denies the allegations of paragraph 128.

129. Denies the allegations of paragraph 129.

130. Denies the allegations of paragraph 130.

131. Admits the allegations of paragraph 131.

132. Denies the allegations of paragraph 132.

133. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 133, except that Wexford denies that Farber is an affiliate of Enzolytics.

134. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 134, except that Wexford denies the allegations regarding Farber in paragraph 134.

135. Wexford repeats and incorporates by reference his responses to paragraphs 1 through 134 as if fully set forth here.

136. Paragraph 136 purports to state legal conclusions as to which no response is required; to the extent (if any) that any further response is required, Wexford denies the allegations of paragraph 136.

137. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 137, except that Wexford denies the allegations of paragraph 137 as they relate to Farber and Wexford.

138. Denies the allegations of paragraph 138.

139. Wexford repeats and incorporates by reference his responses to paragraphs 1 through 138 as if fully set forth here.

140. Paragraph 140 purports to state legal conclusions as to which no response is required; to the extent (if any) that any further response is required, Wexford denies the allegations of paragraph 140.

141. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 141, except that Wexford denies the allegations of paragraph 141 as they relate to Farber and Wexford.

142. Denies the allegations of paragraph 142.

143. Wexford repeats and incorporates by reference his responses to paragraphs 1 through 142 as if fully set forth here.

144. Paragraph 144 purports to state legal conclusions as to which no response is required; to the extent (if any) that any further response is required, Wexford denies the allegations of paragraph 144.

145. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 145, except that Wexford denies the allegations of paragraph 141 as they relate to Farber and Wexford.

146. Denies the allegations of paragraph 146.

147. Wexford repeats and incorporates by reference his responses to paragraphs 1 through 146 as if fully set forth here.

148. Denies the allegations of paragraph 148.

149. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 149, as they relate to "the securities transactions at issue," and Wexford admits the remaining allegations of paragraph 149.

150. Denies the allegations of paragraph 150.

151. Denies the allegations of paragraph 151.

152. Wexford repeats and incorporates by reference his responses to paragraphs 1 through 151 as if fully set forth here.

153. Paragraph 153 purports to state legal conclusions as to which no response is required; to the extent (if any) that any further response is required, Wexford denies the allegations of paragraph 153.

154. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 154.

155. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 155.

## DEFENSES

Wexford asserts the following defenses without assuming the burden of proof or any other burden if such burdens would otherwise be on the Commission:

### First Defense

The Complaint and each cause of action are barred by applicable statutes of limitation.

### Second Defense

The Complaint fails to state a claim upon which relief can be granted.

### Third Defense

The Complaint fails to plead fraud with particularity.

### Fourth Defense

The Complaint fails to allege the existence of any material misstatement or omission.

### Fifth Defense

Wexford did not have a duty to disclose any allegedly omitted information.

<u>Sixth Defense</u>

The Complaint fails to allege that Wexford acted with the requisite scienter or mental state that is necessary under the circumstances for him to be held liable.

<u>Seventh Defense</u>

The purported claims against Wexford and the allegations upon which they are based are improperly vague, ambiguous and confusing, and omit critical facts.

<u>Eighth Defense</u>

Wexford cannot be held liable for any misrepresentations or omissions that Wexford did not make.

<u>Ninth Defense</u>

Wexford had exemptions from registration and safe harbors to resell securities.

**<u>RESERVATION OF RIGHTS</u>**

Wexford lacks knowledge or information at this time sufficient to form a belief as to whether he may have additional and as yet unstated defenses. Wexford reserves the right to assert additional defenses.

Dated:   December 22, 2024

    */s/   Thomas E. Puzzo*
Thomas E. Puzzo

Law Offices of Thomas E. Puzzo, PLLC
3823 44th Ave. NE
Seattle, Washington 98105
Telephone:  (206) 522-2256
tpuzzo@puzzolaw.com

*Attorneys for Defendants Jonathan Farber and Wexford Industries Ltd.*

**CERTIFICATE OF SERVICE**

      I hereby certify that, on December 22, 2024, a true and correct copy of the foregoing document was filed through the Court's CM/ECF system, and accordingly, the document will be sent electronically to all participants registered to receive electronic notices in this case.

                                                                                /s/  *Thomas E. Puzzo*
                                                                                 Thomas E. Puzzo