

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
33 Arch Street, 24th Floor
Boston, MA 02110-1424

Boston
Regional Office

February 5, 2025

**By ECF (courtesy copy to chambers and counsel)**

Honorable Andrew L. Carter, Jr., United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall Courthouse, 40 Foley Square
New York, NY 10007

Re:     *Securities and Exchange Commission v. Zhabilov et al.*, 1:24-cv-007362

Dear Judge Carter:

On Friday, January 31, 2025, Plaintiff Securities and Exchange Commission received by email a letter from the Trustee for the Camelot Nevada Trust.[1]  Camelot's letter requests a pre-motion conference on an anticipated Fed. R. Civ. P. 12(b) Motion to Dismiss.  The Commission joins the Trustee's request for a pre-motion conference and will oppose the Motion to Dismiss.

Most of the Camelot letter centers on its author's (Trustee Kelli Austin) confusion regarding service.  Ms. Austin confirms that she is a Trustee of Camelot Nevada Trust, and that she was served with the Complaint.  Service of Camelot Nevada Trust was made to Ms. Austin in that capacity, at the location listed as the Camelot business address in Camelot's correspondence.  The Commission believes this was valid service for a business trust under both New York and Texas (where Camelot is located) law.  *See* NY CPLR §311 (2023) (business corporations may be served by delivery of process to an "officer, director, managing or general agent…"); *see also* NY CPLR §310 (2023) (partnership may be served by delivery to a partner); Tex. Bus. Org. Code §5.255 (2006) (designating as agents for service of process each partner of general partnership, each manager of a limited liability company, and each governing person of an entity other than a corporation, limited liability company or partnership).

Apart from Ms. Austin's questions about service, she references two other points on behalf of Camelot:  One, that the Rule 3(a)(10) proceeding in Maryland somehow controls this securities fraud enforcement action.  As the Commission explained in response to the other Defendants' letter motions (ECF No. 52 p.3), the Maryland action has no preclusive effect here and no court besides this one currently has jurisdiction over the Commission's claims.  And two, that the Commission has "pled no cause of action against Camelot Nevada Trust for which relief can be granted."  Camelot and Ms. Austin have not provided any details on this claim, so the

---

[1] The letter was also received via email by the Court and the other parties (through counsel where applicable).  The letter has not been docketed.

Hon. Andrew L. Carter, Jr.
*Securities and Exchange Commission v. Zhabilov et al.*, 1:24-cv-007362
February 5, 2025

Commission can only state that the Complaint alleges facts sufficient to meet the pleading standard and the Commission expects to oppose any motion to dismiss by Camelot.

The Commission respectfully asks this Court to conduct the pre-motion conference related to the Camelot/Austin letter, as well as the pre-motion letters of Apolant, Sky-Direct, NY Farms Grp., and Equity Markets ADV [Dkt. 42]; H. Zhabilov [Dkt. 43]; Dilluvio and Seacor, [Dkt. 45]; and *pro se* Defendant Billy Ray [undocketed letter to chambers].  The Commission further requests that the conference be scheduled as soon as is convenient for the Court, so that the parties may begin the litigation process.

Sincerely,

*/s/ Marc J. Jones*

Marc Jones, Senior Trial Counsel
Nita Klunder, Senior Enforcement Counsel
Rua Kelly, Senior Trial Counsel
Securities and Exchange Commission

cc: All defense counsel (via ECF and email)