UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
SECURITIES EXCHANGE
COMMISSION,

                *Plaintiff*,

        -against-

ZHABILOV, et. al.,

               *Defendants*.

------------------------------------------------------- x

1:24-cv-07362-ALC

**ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

The Court is in receipt of letters requesting a pre-motion conference in anticipation of filing a motion to dismiss from the following parties (altogether, the "Moving Defendants"):

- Defendants Stephen E. Apolant and Sky-Direct LLC, along with Relief Defendants NY Farms Group, Inc. and Equity Markets ADV LLC (collectively, the "Apolant Defendants") (Dkt. No. 42)

- Defendant Harry Zhabilov (Dkt. No. 43)

- Defendants Seacor Capital, Inc. and Charles Dilluvio (together, the "Dilluvio Defendants") (Dkt. No. 45)

In addition, the Court is in receipt of Plaintiff Securities and Exchange Commission's (the "SEC") response to Defendant Camelot Nevada Trust's January 31, 2025 (undocketed) letter concerning its request for a pre-motion conference in anticipation of filing a motion to dismiss (Dkt. No. 70), as well as the SEC's March 13, 2025 (Dkt. No. 77) letter requesting a pre-motion conference to discuss the Moving Defendants' anticipated motions to dismiss and an initial scheduling conference. Defendant Camelot Nevada Trust has not yet entered an appearance in this matter, nor did it file its March 13th letter on the docket. Defendant Camelot Nevada Trust's request

is therefore not properly before the Court, and the Court declines to rule on it. The SEC is directed to file a copy of Defendant Nevada Trust's January 31, 2025 letter on the docket by **Monday, June 30, 2025**.

The Moving Defendants' requests for a pre-motion conference are hereby **DENIED**. The Court is inclined to grant the Moving Defendants leave to file their motions to dismiss; however, upon review of the Moving Defendants' letters requesting a pre-motion conference (Dkt. Nos. 42, 43, and 45), there appear to be several overlapping arguments across the various defendants that may result in duplicative arguments before the Court. Such redundance is not a good use of judicial resources and is not in the interests of judicial economy and efficiency. Therefore, the Moving Defendants are hereby **ORDERED** to meet and confer and propose a way to consolidate their motions to dismiss.

Plaintiff's requests that the Court conduct a pre-motion conference concerning the Moving Defendants' anticipated motions to dismiss (Dkt. No 70 at 2). and initial scheduling conference (Dkt. No. 77 at 1), are also hereby **DENIED**. The allegations in Plaintiff's Complaint (Dkt. No. 1) suggest that there will be significant overlap in discovery across defendants who have answered the complaint and the Moving Defendants. Therefore, proceeding with the litigation in advance of hearing the Moving Defendants' motions to dismiss is, again, not in the interests of judicial economy and efficiency.

The Parties are hereby **ORDERED** to meet and confer and propose a briefing schedule for the Moving Defendants' motions to dismiss. The Parties shall file a joint status report on Wednesday, July 2 by 12:00 P.M. E.T. outlining the Moving Defendants' proposal for consolidated briefing, the Parties' proposed briefing schedule for said motions, and an update on whether Defendants Ray and Camelot Nevada Trust intend to appear in this matter. The Clerk of Court is respectfully directed to

terminate the pending motions at Dkt. Nos. 42, 43, 45, 70, and 77.

**SO ORDERED.**

**Dated:  June 27, 2025**

       **New York, New York**                                 **ANDREW L. CARTER, JR.**
                                                               **United States District Judge**