BY EMAIL
The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007
ALCarterNYSDChambers@nysd.uscourts.gov

Re: Securities and Exchange Commission v. Zhabilov, et al., No. 1:24-cv-07362 (S.D.N.Y.)

Dear Judge Carter:

Pursuant to Rule 2(A) of Your Honor's Individual Practices and Local Civil Rules 1.1 and 1.5 of the Southern District of New York, I write on behalf of pro se defendants Camelot Nevada Trust and Billy Ray (the "Pro Se Defendants") to respectfully request a pre-motion conference in anticipation of filing:

A motion to dismiss the Complaint under Rule 12(b);
In the alternative, a motion to strike under Rule 12(f);
A motion to disqualify attorney Nita Klunder and to strike all pleadings filed or prepared by her; and
A motion for sanctions pursuant to Rule 11 and the Court's inherent authority.
These motions are necessitated by evidence that Ms. Klunder is a suspended attorney who has continued to act as legal counsel in this case without reinstatement or disclosure to the Court, in violation of New York law, S.D.N.Y. local rules, and ethical obligations.

I. Unauthorized Practice of Law by Suspended Attorney Nita Klunder
Ms. Klunder was suspended from the practice of law in New York on November 17, 2022, by the Appellate Division, First Department (Case No. 2022-04014, Mot. No. 2022-03603), and has not been reinstated (see Exhibit A). Despite this, Klunder filed pleadings in this action and falsely declared her status as a member in good standing of the New York bar in a sworn declaration filed July 23, 2025, in SEC v. Farber, No. 1:24-cv-00273 (S.D.N.Y.), Dkt. 84.

Pursuant to 22 N.Y.C.R.R. § 603.13(a), a suspended attorney "shall not practice law in any form... and shall not appear as an attorney or counselor-at-law before any court." Her actions also violate N.Y. Judiciary Law §§ 478 and 486 (criminalizing unauthorized practice of law), and S.D.N.Y. Local Civil Rule 1.5(b)(5) (requiring prompt reporting of suspension) and 1.5(d) (permitting reciprocal discipline).

II. Consequences of Suspension and Precedent for Disqualification
In Gucci America, Inc. v. Guess?, Inc., 868 F. Supp. 2d 207 (S.D.N.Y. 2012), this Court held that attorneys who are suspended or not properly admitted must be disqualified, and any legal work they perform may be stricken. The Court emphasized that unauthorized practice undermines the integrity of the judicial process and warrants immediate corrective action. The Gucci court further noted that material misrepresentations about bar status and standing justified attorney disqualification and potential referral for disciplinary proceedings. See also In re Peterson, 163 B.R. 665, 675–76 (Bankr. D. Conn. 1994) (striking filings submitted by an unauthorized practitioner and warning of contempt sanctions).

III. Misrepresentations by Other Attorneys and SEC Filing Defects
The original complaint was signed by Ms. Klunder, while co-counsel Marc Jones and Amy Gwiazda were

listed but not yet admitted. Mr. Jones later filed for pro hac vice admission. Ms. Gwiazda never appeared again and never sought admission. Rua Kelly did not file her pro hac vice motion until three weeks later. These attorneys effectively allowed a suspended, unauthorized attorney to commence and represent the SEC in this federal action without informing the Court.

This constitutes at minimum a material misrepresentation and raises concerns under:

Massachusetts Rules of Professional Conduct 3.3(a)(1) (Candor Toward the Tribunal);
Rule 8.4(c) (Conduct Involving Dishonesty, Fraud, or Misrepresentation);
ABA Model Rules 5.1(a)–(c) (responsibility of supervisory lawyers);
Model Rule 5.3 (duties regarding nonlawyer or unauthorized conduct).
IV. Duties of Supervisory SEC Attorneys and Consequences of Permitting Unauthorized Practice
The SEC's internal policies, as well as its attorneys' obligations under the law, require that all legal representatives before the Court be duly licensed, authorized, and in good standing. SEC attorneys—particularly supervising counsel—have an affirmative duty to prevent unauthorized or unethical practice by their colleagues or subordinates.

Under ABA Model Rule 5.1(b), "a lawyer having direct supervisory authority shall make reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional Conduct." Model Rule 5.1(c) holds them vicariously liable for violations if they knowingly allow them to occur.

Accordingly:

Marc Jones, as signatory counsel who appeared soon after Klunder, had the duty to ensure filings complied with the law.
Rua Kelly, who later filed appearances and actively litigates, had an obligation to correct prior impropriety or withdraw.
Amy Gwiazda, who was presented to opposing counsel as supervising attorney, bore direct responsibility for conduct under her watch.
Permitting or failing to report Ms. Klunder's unauthorized filings may subject these attorneys to disciplinary referral, disqualification, or sanctions under Rule 11. Additionally, their actions could lead to a waiver of attorney-client privilege under certain conditions. Courts have recognized that communications with an unauthorized or suspended attorney may not be covered by the privilege, as no attorney-client relationship validly exists. See United States v. Boffa, 513 F. Supp. 444, 449 (D. Del. 1980) (no privilege when "attorney" is unauthorized); see also Gucci, 868 F. Supp. 2d at 239 (communications involving unauthorized practice not protected).

This exposure may taint the SEC's ability to rely on confidential materials or representations made during Klunder's unlawful appearance, raising due process and evidentiary issues.


V. Requested Relief
Accordingly, Defendants respectfully request that the Court dismiss this action with prejudice. Courts have the authority to dismiss actions where government misconduct compromises the integrity of judicial proceedings, violates due process, or results in fundamental unfairness. See United States v. Chapman, 524 F.3d 1073, 1085–87 (9th Cir. 2008) (dismissal with prejudice warranted where prosecutorial misconduct caused prejudice and tainted proceedings); United States v. Struckman, 611 F.3d 560, 574–75

(9th Cir. 2010) (same). Here, the U.S. Securities and Exchange Commission initiated and conducted this case through a suspended attorney who falsely held herself out as duly licensed and concealed that fact from the Court and opposing parties. This misconduct has irreparably tainted the record. Every pleading, factual assertion, or legal argument that originated from or was materially shaped by the participation of Ms. Klunder is potentially compromised. Under these circumstances, permitting the SEC to refile or proceed anew would be inequitable, unjust, and encourage abuse of the judicial process. Dismissal without prejudice would effectively reward the government for misconduct and invite a tactical reset that no private litigant would be afforded. In light of the depth and scope of this taint—and the corresponding lack of reliable, untainted evidence—the only appropriate and equitable remedy is dismissal of the action with prejudice.

For the foregoing reasons, the Pro Se Defendants respectfully request leave to file motions seeking the following

Disqualification of Ms. Klunder and striking of all pleadings submitted by her;
Referral of Ms. Klunder and participating attorneys to disciplinary authorities;
Dismissal or sanctions under Federal Rule of Civil Procedure 11 and the Court's inherent authority;
Review of the status of privilege and attorney communications in light of unauthorized practice.

We respectfully request a pre-motion conference at the Court's earliest convenience.

Respectfully submitted,

Kelli Austin
Trustee, Camelot Nevada Trust (*Pro Se*)

Billy V. Ray, Jr., *Pro Se*

Exhibit A

Case 1:24-cv-07362-ALC   Document 107   Filed 07/30/25   Page 4 of 9

Exhibit A

# New York State Unified Court System

## Attorney Online Services - Search

Skip To: Content | Navigation

Close

### Attorney Detail Report *as of 07/28/2025*

| | |
|---|---|
| **Registration Number:** | 4823597 |
| **Name:** | NITA KUMARASWAMI KLUNDER |
| **Business Name:** | US SECURITIES AND EXCHANGE COMMISSION |
| **Business Address:** | 33 ARCH ST FL 24<br>BOSTON, MA 02110-1424 |
| **Business Phone:** | (617) 573-8900 |
| **Email:** | |
| **Date Admitted:** | 05/10/2010 |
| **Appellate Division Department of Admission:** | 1st |
| **Law School:** | Columbia Law School |
| **Registration Status:** | Suspended |
| **Next Registration:** | Dec 2026 |

### Disciplinary History

**Suspension**  **Effective Date:** 11/17/2022

*Ordered by Appellate Division 1st Department*

View Discipline

---

The Detail Report above contains information that has been provided by the attorney listed, with the exception of REGISTRATION STATUS, which is generated from the OCA database. Every effort is made to insure the information in the database is accurate and up-to-date.

The good standing of an attorney and/or any information regarding disciplinary actions must be confirmed with the appropriate Appellate Division Department. Information on how to contact the Appellate Divisions of the Supreme Court in New York is available at www.nycourts.gov/courts.



**Attorney Services**

Close

# Supreme Court of the State of New York
# Appellate Division, First Judicial Department

Dianne T. Renwick,                                         J.P.,
Judith J. Gische
Barbara R. Kapnick
Angela M. Mazzarelli
Jeffrey K. Oing,                                           JJ.

Motion No.   2022-03603
Case No.     2022-04014

In the Matter of Attorneys Who Are
In Violation of Judiciary Law
Section 468-a For Failing to Register – Whose
Last Names Begin with A Through Z:

Attorney Grievance Committee
For the First Judicial Department,
                                          Petitioner,

Attorneys In Violation of
Judiciary Law Section 468-a
                                          Respondents.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department.

*Appearances:*

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York, for petitioner.

No appearances for respondents.

Motion No. 2022-03603 - November 14, 2022

### IN THE MATTER OF ATTORNEYS IN VIOLATION OF JUDICIARY LAW SECTION 468-A FOR FAILING TO REGISTER – WHOSE LAST NAMES BEGIN WITH A THROUGH Z

PER CURIAM

  Section 468-a of the Judiciary Law requires every resident and nonresident attorney admitted to practice in the State of New York to file a biennial registration statement with the administrative office of the courts. A biennial registration fee must be paid, if applicable, at the time the statement is filed. This registration statement, which is mailed every two years by the Office of Court Administration to every attorney so admitted, must be timely filed and any applicable fees paid regardless of whether the attorney is actually engaged in the practice of law in New York or elsewhere. Attorneys who certify to the Chief Administrator of the Courts that they have retired from the practice of law are exempt from paying the registration fee at the time the statement is filed. Subdivision (5) of the statute provides further that "[n]oncompliance by an attorney with the provisions of this section and the rules promulgated hereunder shall constitute conduct prejudicial to the administration of justice and shall be referred to the appropriate appellate division of the supreme court for disciplinary action."

  Pursuant to this provision, petitioner Attorney Grievance Committee seeks an order suspending from the practice of law certain attorneys (whose last name begins with the letters A through Z) who are in violation of the statute, in that they have failed to file the registration statement and pay any applicable registration fees for one or more registration periods after due purported notification. This Court has previously held that failure to register or re-register, and pay the applicable biennial registration fee constitutes professional misconduct warranting discipline (*see Matter of Morgado*, 159

AD3d 50 [1st Dept 2018]). Since 1997 this Court has granted similar motions and suspended attorneys en masse for such failure to register or re-register, and pay any applicable registration fee pursuant to Judiciary Law § 468-a (*see Matter of Attorneys in Violation of Judiciary Law § 468-a*, 183 AD3d 67 [1st Dept 2020]).

The attorneys in question have been duly notified of their noncompliance and given an opportunity to cure their default. The Office of Court Administration mailed or emailed each of the defaulting attorneys a biennial registration form to their last known home address, a second notice to their last known business address and, when necessary, a final notice to their home address. Attorneys who remained in default following these notices were referred to the Grievance Committee. On August 1, 2022, this Court published notice in the New York Law Journal that the Grievance Committee would institute an omnibus disciplinary proceeding seeking immediate suspension from the practice of law against those attorneys who did not cure their default by September 2, 2022. Thereafter, a list of approximately 3,250 attorneys who failed to submit satisfactory proof of registration and payment of applicable fees was forwarded to the Committee, which filed a motion for service by publication of the notice of petition to suspend.

Pursuant to the order of this Court entered September 8, 2022, which authorized service of the notice of petition to suspend by publication in the New York Law Journal for five consecutive days, a list of the defaulting attorneys along with their last known business addresses, was so published commencing September 19, 2022. A notice was also posted on the websites of this Court and the New York Law Journal. The order further provided that attorneys on the default list may submit proof from the Office of Court Administration that they are in compliance with all the registration requirements

3

(including payment of any applicable registration fees), within thirty (30) days of the last date the notice appeared in the New York Law Journal, or they would be subject to a further order of the Court immediately suspending them from the practice of law in the State of New York.

The attorneys who remain in noncompliance with Judiciary Law § 468-a despite the notification process described above are the subject of the Grievance Committee's instant motion to suspend. No opposition has been filed.

Accordingly, due to the continued failure to comply with the statute, petitioner's motion to suspend such attorneys shall be granted to the extent of suspending those attorneys whose names are enumerated in the suspension list found on this Court's website from the practice of law in the State of New York, effective immediately.

All concur.

Orders filed.   November 17, 2022