BY EMAIL
The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007
ALCarterNYSDChambers@nysd.uscourts.gov

Re: Securities and Exchange Commission v. Zhabilov, et al., No. 1:24-cv-07362 (S.D.N.Y.)

Dear Judge Carter:

I write this letter in response to Marc Jones' ("Jones") letter to the Court dated August 4, 2025.  Mr. Jones' claims "On July 30, the other Commission counsel on this matter learned for the first time that Ms. Klunder's ("Klunder") New York State bar license was suspended in 2022 for failure to register and pay related registration fees."  This argument is just not creditable.  Both Jones and Rua Kelly ("Kelly") are listed in the Commission's filings as "Senior Trial Counsel."  Amy Gwiazda ("Gwiazda") is listed on the Wells Notice in this matter as "Assistant Director, Division of Enforcement of the Boston Office."  Mr. Jones was admitted to the Massachusetts Bar June 13, 2000.  Ms. Kelly was admitted December 14, 1999.  Ms. Gwiazda was admitted in Massachusetts on November 29, 2005[1].  These three attorneys have combined experience of over 70 years yet want this Court to believe that they didn't know something as basic as co-counsel is not a member of the bar she claims to be a member of.

  In the original complaint, Nita Klunder is the only attorney purported to be licensed in the Southern District of New York (SDNY).  Marc Jones and Amy Gwiazda are marked as not being admitted.  Such assertions by such experienced attorneys are ridiculous and in the light most favorable to the defendants must be considered lies.

  Further, Mr. Jones goes on to claim that Ms. Klunder is licensed in Massachusetts, is in good standing and has maintained that good standing for 12 years.  No evidence, much like in the case in chief against the defendants, is offered to prove this.  The Massachusetts Board of Bar Overseers does not offer that evidence, it just gives date of license, address, and current status and current disciplinary status.  Nowhere does it give dates of any delinquencies.

  According to the SEC's collective bargaining agreement with the National Treasury Employees Union, SEC employees are given a yearly performance review (which their salary is based on), and the Commission reimburses the attorney with any licensing fees.  Why, as Ms. Klunder's supervisor, did Amy Gwiazda not notice that Ms. Klunder only submitted fees for Massachusetts (presumably?).  The Commission should certainly have a standard for verifying their attorneys have the licenses they say they do.

  If it is determined that the Securities and Exchange Commission (SEC) through intentional misconduct or grossly negligent supervision--permitted an ineligible attorney to appear as counsel in the Southern District of New York while suspended from the New York Bar, several institutional and case-level remedies may be appropriate.  These fall under the Court's inherent authority, local rules, and

---

[1] Additionally, Gwiazda was previously licensed in New York on January 25, 2006 which she resigned.  Gwiazda certainly should have known the requirements of the New York Rules of Professional Conduct and made sure her staff abided by it.

overarching federal law governing misconduct by public agencies and officers. The Court's inherent authority to impose remedies or sanctions where government misconduct—even institutional—threatens the integrity of the judicial process, see *Chambers v. NASCO,* 501 U.S. 32 (1991).  Courts may sanction parties or attorneys, including government agencies, for bad faith conduct, misrepresentation, or abuse of the judicial process.

The Commission must be examined under the Supervisory Responsibility Doctrine.  A pattern of unauthorized appearances may indicate institutional failure in agency supervisory mechanisms, triggering organizational remedies, see *United States v. Hastings*, 461 U.S. 499 (1983) and should entitle the defendants to judicial sanctions against the agency such as evidentiary preclusions as well as sanctions.  We know of a minimum of 5 cases where Klunder appeared in either the Eastern or Southern Districts of New York when she should not have.

Jones states, "In the Farber Declaration, Ms. Klunder inaccurately stated that she was "a member of the bar of the State of New York."  To call Klunder's statement that "I am a member of the bar of the State of New York and the United States District Court for the Southern District of New York" which she then states, "I declare under penalty of perjury that the foregoing is true and correct" to be an "inaccuracy" is an insult to this Court, and all the other parties.  Ms. Klunder was licensed in New York on May 10, 2010 and kept current on her fees until 2018.  She was certainly aware of what she had to file to maintain current status. Lying to a federal judge is governed by federal statutes, primarily the general false statement law, 18 USC § 1001 and the perjury statutes, 18 USC §§1621 and 1623, with the perjury section specifically applying to false statements under oath, such as Klunder's.

Jones references Klunder's "suspension" several times but fails to acknowledge it was a Disciplinary Suspension.  This was no simple failure to pay fees.  This was a blatant thumbing of the nose to the NY Rules of Professional Conduct.  At some point after this suspension was entered, someone went on to the attorney registration website and corrected Ms. Klunder's address from the Massachusetts' Attorney General's Office to the current address at the SEC (see Ms. Klunder suspension attached to my July 30, 2025 letter.)  Even more telling is that nowhere in this letter and Motion to the court, or The Motion to Withdraw and supporting letter filed in the 1:24-cv-00273-JGK (known here as "the Farber Case") does anyone claim Klunder didn't know she was suspended.  The claim is the other attorneys did not know.  In fact, Ms. Klunder offers no apology to this Court or Judge Koeltl's Court, no denial, nor documented proof she did not know. This must be taken as a statement against interest, proving that there was no licensed attorney when this case was filed.  In addition, reviewing the dockets in Klunder's other federal cases, she appears on telephonic hearings.  To my knowledge, she has not appeared on ours.  Mr. Jones states Ms. Klunder has recently applied to be reinstated.  Recently as in after we filed our letter and Mr. Puzzo filed his answer or recently as in before that time?  There was no notice given in our case before Jones' letter of yesterday.

To claim the defendants have suffered no prejudice is patently absurd.  There has been a myriad of filings in this case with errors.  Jones' initial Pro Hac form was not notarized as required, Kelly's Pro Hac form included Jones' Certificate of Good Standing instead of her own.  The agency appears to have rushed to get something filed in New York without taking the appropriate steps necessary to do so, this coupled with a long line of defective filings have ruled this case. A lack of planning on their part should not constitute enormous legal fees on our part.  If the agency had a case, they should have filed it properly and prosecuted it.  It begs the question why they did not just file the case in Massachusetts where they are all licensed and admitted.Jones claims that "[t]here has been no prejudice to the defendants for this error such that dismissal of the complaint or striking of other pleadings is appropriate.  The complaint is well-supported by the evidence".  There is no evidence in the original complaint.  There is a disjointed series of

suppositions, innuendo, and suspicions manufacturing claims and crimes. This is a clear Rule 11 violation. I have personally spent over $100,000 in attorney fees defending this from its inception until now.  It is insulting for this to be referred to as an error.  An error is identified as an "unintentional mistake" while a lie is a "deliberate falsehood."  The Government's mistake in this case, and the other Farber case, is relying on no one checking Ms. Klunder's status.  Ms. Klunder knew or should have known under her ethical obligations to the various governing bodies that she wasn't licensed in New York, making her license at SDNY void.  Clearly, by updating her address after the suspension, Ms. Klunder was aware she was suspended.  Ms. Klunder clearly implies she is licensed in SDNY on the complaint in this instant case by delineating that Jones and Gwiazda are not.  This is a lie.

In "Creating Law at the Securities and Exchange Commission: The Lawyer as Prosecutor" (1988) the late Roberta S. Karmel states, "[t]he SEC's public reputation rests largely on its work as prosecutorial agency—the policeman of Wall Street."[2]  For Jones to claim this is a civil case, with no criminal implications, is disingenuous.  In the "Litigation Release" put out by the agency on date of filing of the complaint, "The Securities and Exchange Commission today charged Harry Zhabilov, Billy Ray, Jr., Charles Dilluvio, Stephen Apolant, Dannie Zhabilov, Jonathan Farber, and four related entities with running a microcap fraud scheme targeting retail investors. The defendants were involved in different parts of the scheme involving a publicly traded company that generated approximately $92 million in illicit stock sale proceeds." According to Cornell.edu, "In legal terms, "charged" means a formal accusation of a crime. It signifies that a prosecutor believes there's enough evidence to formally accuse someone of breaking the law.  The SEC is accusing the Defendants of Crimes.

Defendants Austin and Ray ask the Court to direct the SEC to conduct and file a comprehensive disclosure identifying all SDNY and EDNY cases where Klunder appeared while suspended and require submission of a corrective action plan and have an Order to Show Cause why sanctions should be imposed on the SEC and have a hearing to determine whether gross negligence occurred.  If Ms. Klunder didn't tell Ms. Mr.  Jones, Ms. Kelly, Alfred Day (additional counsel in the other Farber Case) then the agency should be ordered to turn over all emails regarding choosing jurisdiction and filing minutiae between all these parties from 2022 until now as well as with David J. D'Addio, additional counsel Klunder has filed with illegally.

Personally, I can say the financial, physical, and emotional toll of this case has been enormous.  If I brought a case like this and did it this wrong, I would be hit with attorney fees and who knows what else.  The government should not get a pass because they lie. In the name of all parties like situated I ask Your Honor to please send a message that the government does not get to play by special rules just because they are the government.

Sincerely,

Kelli Austin, Camelot Nevada Trust,  *pro se*

---

[2] Robert Karmel was the first female commissioner of the SEC.  She also previously worked at the SEC in enforcement. Karmel famously believed the SEC should not file cases where their only intent is to force a case to settle, not that they can take the case to trial and win. She argued that SEC reports of investigation can only publicize a violation of the securities laws that the SEC has the authority to sanction. They cannot be used to expand the agency's jurisdiction beyond what it was given by Congress. In exceeding its limits, the SEC risked undermining its legitimacy as a fair regulator. Karmel's dissent was part of a broader criticism she famously advanced. The SEC had developed a tendency to engage in what she called "regulation by prosecution" – using enforcement actions to expand its authority and develop law rather than petitioning Congress to act or passing an administrative rule subject to notice and comment procedures