

August 11, 2025

<u>**Via ECF**</u>

Honorable Andrew L. Carter Jr., United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 8/13/2025

      **Re:** *Securities and Exchange Commission v. Zhabilov, et al.,* **No. 1:24-cv-07362**

Dear Judge Carter:

  This firm represents Defendant Harry Zhabilov ("**Defendant**" or "**Zhabilov**") in the above captioned action and writes to respectfully request a Pre-Motion Conference in advance of Defendant's Motion to Dismiss the Complaint filed by the Securities and Exchange Commission ("**Plaintiff**" or the "**SEC**").

**THE COMPLAINT**

  The Complaint alleges that, as both CEO of Enzolytics and a member of the Control Group[1,2], Zhabilov, along with the other members of the Control Group, made a series of misrepresentations to transfer agents, attorneys, and the public in the course of selling Enzolytics shares to alleviate debt.[3] The SEC further alleges that Zhabilov made additional misrepresentations to a transfer agent in order to transfer 231 million unrestricted Enzolytics shares to his daughter[4] and millions of shares to others through consulting agreements,[5] the sales of which allegedly resulted in kickbacks to Zhabilov.[6] The SEC alleges that as a result of these misrepresentations, the Defendants collectively shared $92 million in proceeds;[7] however, the SEC fails to specify how Zhabilov orchestrated—or was involved—in the alleged scheme, or how Zhabilov individually benefited from the same.

  The SEC has brought three causes of action against Zhabilov, alleging that: (i) Zhabilov committed fraud in connection with the purchase or sale of securities in violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder (15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5); (ii) Zhabilov committed fraud in the offer or sale of securities in violation of Section 17(a) of the Securities Act of 1933 (15 U.S.C. § 77q(a)); and (iii) Zhabilov participated in the unregistered offerings of securities in violation

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning as set forth in the Complaint.
[2] Compl. ¶¶ 28; 16; 1.
[3] *Id.* at ¶ 1-10.
[4] *Id.* at ¶ 4.
[5] *Id.* at ¶ 1-4.
[6] *Id.* at ¶ 42.
[7] *Id.* at ¶ 1.


of Sections 5(a) and 5(c) of the Securities Act of 1933 (15 U.S.C. §§ 77e(a) and (c)).[8] The SEC seeks remedies including disgorgement, civil penalties, and injunctive relief from Zhabilov.[9]

### *The Complaint Fails to Meet the Requisite Pleading Standards.*

As a threshold matter, the SEC's Complaint violates both the Federal Rule of Civil Procedure ("FRCP") 8(a)'s prohibition against group pleading and FRCP 9(b)'s specificity requirement with respect to its fraud-based claims. FRCP 8(a) demands "that a complaint gives *each* defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'"[10] (emphasis added). Despite the FRCP's explicit directives, the SEC impermissibly groups Zhabilov among the other Defendants as a part of a greater scheme based on vague and conclusory allegations that the Defendants worked together to profit from improper stock sales. However, the Complaint fails to identify what—if any—allegations are directly attributable to Zhabilov, and the basis for which he should be subject to liability. To the contrary, Zhabilov's single mistake involved misstatements made to the transfer agents regarding affiliate statuses.[11] In addition to its failure to properly plead against each independent Defendant, the Complaint further fails to meet FRCP 9(b)'s heightened pleading standard. To satisfy FRCP 9(b) in securities fraud cases, the complaint must set forth: "what manipulative acts were performed, which defendants performed them, when the manipulative acts were performed, and what effect the scheme had on the market for the securities at issue."[12] While the Complaint sets forth conclusory allegations of a possible scheme, it entirely fails to address with any particularity which manipulative acts may be attributable to Zhabilov, nor any specificity as to what effect such acts had on the market and its investors.

As to the SEC's first cause of action, for Zhabilov to have violated Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder, he must have made a material misrepresentation or omission when he had a duty to speak—*with scienter*—in connection with the purchase or sale of securities.[13] Because the Complaint fails to plead scienter at all, Claims I and II necessarily fail and must be dismissed. Scienter is only met where the complaint alleges facts showing either: (i) a "motive and opportunity to commit the fraud"; or (ii) "strong circumstantial evidence of conscious misbehavior or recklessness."[14] Recklessness is proven by conduct that is "highly unreasonable and which represents an *extreme* departure from the standards of ordinary care" (emphasis added) to which the danger was known or so obvious it should have been known.[15] The SEC has failed to allege Zhabilov acted with conscious misbehavior or recklessness as required for scienter, let alone even a sufficient pleading of negligence. Throughout all material times, Zhabilov's actions were far from an extreme departure from the ordinary

---

[8] *Id.* at 30-32.
[9] *Id.* at 34-35.
[10] *S.G. v. Bank of China Ltd.*, 2024 U.S. Dist. Lexis 77633 at *4, 2024 WL 1861158 at *2 (S.D.N.Y 2024) (citing *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001)); *See also Fed. R. Civ. Pro.* 8(a).
[11] *See S.E.C. Hr'g Tr.* at 123:12-124:2, *In the Matter of Livingston Asset Management* (File No. B-03453-A) (Mar. 23, 2023).
[12] *SEC v. U.S. Envtl. Inc.*, 82 F.Supp.2d 237, 240 (S.D.N.Y. 2000) (quoting *T.H.C., Inc. v. Fortune Petroleum Corp.*, 1999 U.S. Dist. LEXIS 4039, *10, 1999 WL 182593 at *3 (S.D.N.Y. Mar. 31, 1999) (Batts, J.)). *See also Fed. R. Civ. Pro.* 9(b).
[13] *SEC v. Monarch Funding Corp.*, 192 F.3d. 295, 308 (2d Cir. 1999); *see also SEC v. Falbo*, 14 F.Supp.2d 508, 518 (S.D.N.Y. 1998).
[14] *Employees' Ret. Sys. v. Blanford*, 794 F.3d 297, 305 (2d Cir. 2015) (quoting *ATSI Commc'ns, Inc. v. Shaar Fund., Ltd.*, 493 F.3d 87, 99).
[15] *South Cherry St., LLC v. Hennessee Group LLC*, 573 F.3d 98, 109 (2d Cir. 2009).

standards of care. The SEC failed to make any specific allegations against Zhabilov and the SEC's own hearings with Zhabilov in 2023 exemplify facts that conclusively establish that others, including Billy Ray ("**Ray**") of Camelot, controlled much of the business operations and that Zhabilov was focused on his laboratory work. This is further evidenced by Zhabilov's transition from Enzolytics CEO to Chief Science Officer after the merger of Enzolytics with BioClonetics in 2020. During the hearing, Zhabilov stressed that he was not in charge of filings or involved with identifying buyers for Enzolytics shares. It was Zhabilov's understanding that Ray was taking care of the company, while Zhabilov focused on the scientific work. Even considering the Complaint's allegations to be true, the same cannot be sufficient to prove reckless behavior on behalf of Zhabilov. These actions certainly do not qualify as an "*extreme*" departure from the standards of ordinary care. Moreover, as explained by Zhabilov, Enzolytics did not choose to provide shares in lieu of monetary compensation for any nefarious reasons, nor has the SEC alleged the same. To the contrary, many of Enzolytics' contractors and consultants were compensated with shares simply due to the fact Enzolytics had no money, and shares were the only thing they had to offer. While the SEC attempts to use the large number of shares to baselessly claim that the amount of shares was excessive, such an argument fails to acknowledge the negligible value of each share. As the SEC is aware, and has alleged, Enzolytics' shares were trading at ten-thousandths to tenths of a cent on any given day during the relevant timeframe.

As to the SEC's disgorgement claims, disgorgement is generally allowed as it is viewed as equitable relief. However, the Supreme Court recently in *Lui v. SEC*[16] held that disgorgement is considered a proper tool for equitable relief only when it does not exceed a wrongdoer's net profits and is awarded for victims.[17] For the purposes of 15 U.S.C. § 78u(d)(5), a victim is one who suffers pecuniary harm from the securities fraud.[18] The SEC has failed to identify any victims that resulted from Zhabilov's alleged actions, let alone from the Control Group as a whole. For example, the Complaint makes several references in which Enzolytics shares were promoted to the public, and subsequently sold by the Control Group to retail investors for a profit to be distributed amongst themselves.[19] However, as the *Govil* court illustrates, if these investors suffered no pecuniary harm, it would be an improper windfall to award damages that would go beyond restoring them to the status quo.[20] At no point in its Complaint does the SEC allege that any retail investors were harmed; just that the Control Group profited off the retail investors. Awarding disgorgement when there is no evidence of pecuniary harm to the victims goes against the very equitable nature of disgorgement and the intent behind the remedy of the same.[21]

Even if this Court were to find the Defendants liable, it would be improper to hold Zhabilov jointly and severally liable for the conduct of the Control Group. Joint and several liability is subject to a good faith defense under 15 U.S.C. § 78t, in which a controlling person is not liable if they acted in good faith

---

[16] Parts of this decision have been superseded by statute (*see generally National Defense Authorization Act for Fiscal Year 2021 ("NDAA")* Pub. L.116-283, H.R. 6395, 116th Cong., 2d Sess. (2021) (relevant language is incorporated into 15 U.S.C. § 78u(d)(8) regarding S.O.L. timing); *contra S.E.C. v. Sharp*, 626 F.Supp.3d 345, 381 (D.Mass 2022) (S.O.L. on civil penalties remains unchanged by the NDAA)).
[17] *Liu v. SEC*, 140 U.S. 71, 74 (2020); *see also SEC v. Govil*, 86 F.4th 89, 102 (2d Cir. 2023) (citing *Liu v. SEC*, 140 U.S. 71 (2020)).
[18] *Govil*, 86 F.4th at 102.
[19] *See e.g.,* Compl. at ¶¶ 125; 126; 128-30; 1; 6; 9; 45.
[20] *Govil*, 86 F.4th at 103.
[21] *Govil*, 86 F.4th at 102.



and did not directly or indirectly induce the act or acts constituting the violation or cause of action.[22] Zhabilov has continually acted in good faith both individually and as a director of Enzolytics. As early as 2017, it was Ray who made suggestions to Zhabilov on whom to hire as consultants. While Zhabilov may have signed off on these decisions, he did so at the direction of those he hired and trusted to make such business decisions and relied on their experience with the same. To be sure, Zhabilov could not have been the controlling figure nor a prominent actor in the fraudulent scheme as the SEC would lead this Court to believe. Instead, even in viewing the Complaint's allegations as true, it is clear that Zhabilov cannot be said to be anything more than a pawn in the alleged scheme, if the SEC had properly alleged the existence of the same.

## CONCLUSION

Accordingly, Harry Zhabilov respectfully requests that this Court schedule a Pre-Motion Conference to discuss his planned Motion to Dismiss the Complaint.

Respectfully submitted,
Attorneys for Defendant Zhabilov,


*/s/ Hannah L. Sfameni*
Hannah L. Sfameni, Esq.
Evan Gotlob, Esq.
*Admitted pro hac vice*

DARROWEVERETT LLP
50 Congress St.
Boston, MA 02109
hsfameni@darroweverett.com
egotlob@darroweverett.com

cc:  ECF registered counsel

Defendant Zhabilov's request for a pre-motion conference is DENIED as moot because this Court already granted Mr. Zhabilov leave to file his motion to dismiss on July 7, 2025. *See* Dkt. No. 92 at 3. Per the Court's July 7th Order, Mr. Zhabilov's motion was due by August 11, 2025.

The Clerk of Court is respectfully directed to terminate the pending motion at Dkt. No. 115.

SO ORDERED:

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

August 13, 2025

---

[22] 15 U.S.C. § 78t(a).