UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>HARRY ZHABILOV,<br>BILLY V. RAY, JR.,<br>CHARLES DILLUVIO,<br>STEPHEN APOLANT,<br>DANNIE ZHABILOV,<br>JONATHAN FARBER,<br>CAMELOT NEVADA TRUST,<br>SEACOR CAPITAL, INC.,<br>SKY-DIRECT LLC, and<br>WEXFORD INDUSTRIES LTD.,<br>　　　　　　　　　　Defendants,<br><br>and<br><br>NY FARMS GROUP, INC. and<br>EQUITY MARKETS ADV LLC,<br>　　　　　　　　　　Relief Defendants. | Civil Action No. 1:24-CV-7362 (ALC) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT HARRY ZHABILOV'S MOTION TO EXTEND**

Defendant Harry Zhabilov has asked for an "extension" of the time by which to file a Motion to Dismiss. Plaintiff Securities and Exchange Commission opposes. The Court should deny Mr. Zhabilov's request.

As the Court stated in its Order denying Mr. Zhabilov's request for a new pre-motion conference on a motion to dismiss, "Mr. Zhabilov's Motion was due by August 11, 2025." Dkt. No. 123 (August 13, 2025). This Court's rules state that "[a]pplications for … extensions of time must be … received … at least two days before the scheduled appearance." Mr. Zhabilov's

request comes four days after the due date for the Motion. *See* Individual Practices of Andrew L. Carter, Jr. (August 13, 2025), Section D. The due date was clear and should stand.

More than eight months have elapsed since Mr. Zhabilov's original counsel filed a pre-motion letter seeking the Court's permission to file a motion to dismiss. *See* Dkt. No. 43 (December 9. 2024). Current counsel appeared in this case six months ago. *See* Dkt. No. 76 (March 10, 2025). On July 3, the Court set the due date for Mr. Zhabilov's motion (August 11, 2025), stating: "The Moving Defendants may file two motions to dismiss, one on behalf of Mr. Zhabilov and one on behalf of the Apolant and Dilluvio Defendants." *See* Dkt. No. 92.

Rather than filing a motion to dismiss on behalf of Mr. Zhabilov, counsel filed a *second* pre-motion letter on August 11, 2025, setting forth new legal grounds upon which to move to dismiss than were advanced in predecessor counsel's pre-motion letter. *See* Dkt. No. 115. Counsel purports to have "misunderstood the Court's directive [at the parties' last hearing] as requiring a renewed pre-motion letter before granting leave to file a complete motion to dismiss." However, the Court clearly directed counsel for Mr. Zhabilov to file a *motion to dismiss* – not another pre-motion letter. *See* Exhibit A (relevant portions of transcript from August 7, 2025 conference).

The time for Mr. Zhabilov to file a motion to dismiss passed more than a week ago. The Court should deny his Motion and instead order him to file an answer within two weeks. Should the Court allow Mr. Zhabilov additional time to move to dismiss – particularly if the motion is based on new grounds not set forth in the December 2024 pre-motion letter – the Commission respectfully requests that any deadline for filing opposition papers be adjourned until after the parties' settlement conference before Magistrate Judge Wang on September 17, 2025, in order to permit the Commission adequate time to both prepare mediation and to file opposition papers.

2

| | |
|---|---|
| Dated: August 19, 2025 | SECURITIES AND EXCHANGE COMMISSION |

*/s/ Marc Jones*
Marc Jones (*pro hac vice*)
Rua Kelly (*pro hac vice*)
33 Arch Street, 24th Floor
Boston, MA 02110
jonesmarc@sec.gov
(617) 573-8900

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 19, 2025, a true and correct copy of the foregoing document was filed through the Court's CM/ECF system, and accordingly, the document will be sent electronically to all participants registered to receive electronic notices in this case.

*/s/ Marc Jones*