**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>-against-<br><br>HARRY ZHABILOV, BILLY V. RAY, JR., CHARLES DILLUVIO, STEPHEN APOLANT, DANNIE ZHABILOV, JONATHAN FARBER, CAMELOT NEVADA TRUST, SEACOR CAPITAL, INC., SKY-DIRECT LLC, and WEXFORD INDUSTRIES LTD.,<br><br>                    Defendants,<br><br>and<br><br>NY FARMS GROUP, INC. and EQUITY MARKETS ADV LLC,<br><br>                    Relief Defendants. | Case No.: 1:24-cv-07362<br><br>**DEFENDANT HARRY ZHABILOV'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HARRY ZHABILOV'S MOTION TO DISMISS COMPLAINT**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................... 1

FACTUAL BACKGROUND ...................................................................................................... 2

ARGUMENT .................................................................................................................................. 3

    I.    The Complaint Violates Federal Rule of Civil Procedure 8(a)'s Prohibition Against Group Pleading. ..................................................................................................................................... 3

    II.    The Complaint Fails to Plead Fraud with the Requisite Specificity in Order to Sustain Plaintiff's Claims for Violations of Section 10(b) of the Securities Exchange Act of 1934 and Section 17(a) of the Securities Act of 1933. ............................................................................... 4

        a.    The Complaint Fails to Allege the Requisite Misrepresentations or Omissions. ........... 5

        b.    The Complaint Fails to Identify a "Scheme" to Defraud. ............................................... 5

    III.    The Complaint Fails to Plead the Requisite Scienter. ........................................................... 7

    IV.    The SEC's Allegations Fail to Justify Joint and Several Liability. ..................................... 9

    V.    The SEC's Demand for Disgorgement is Improper and Should be Stricken. .................... 9

CONCLUSION ............................................................................................................................. 11

# **TABLE OF AUTHORITIES**

**Cases**

*Atuahene v. City of Hartford*,
   10 F. App'x 33, 34 (2d Cir. 2001) ................................................................................. 3

*Chem. Bank v. Arthur Andersen & Co.*,
   726 F.2d 930, 943 (2d Cir. 1984) .................................................................................. 7

*Atl. Gypsum Co. v. Lloyds Int'l Corp.*,
   753 F. Supp. 505, 511 n.4 (S.D.N.Y. 1990) ................................................................. 8

*ECA, Loc. 134 IBEW Joint Pension Tr. Of Chi. V. JP Morgan Chase Co.*,
   553 F.3d 187, 198 (2d Cir. 2009) .................................................................................. 7

*eShares, Inc. v. Talton*,
   727 F.Supp. 3d 482, 499 (S.D.N.Y. 2024) ................................................................... 9

*In re DDABP Direct Purchaser Antitrust Litig.*,
   585 F.3d 677, 695 (2d Cir. 2009) .................................................................................. 8

*Liu v. SEC*
   140 U.S. 71, 74 (2020) ................................................................................................. 10

*Novak v. Kasaks*,
   216 F.3d 300, 306 (2d Cir. 2000) ............................................................................. 5, 7

*Plumber & Steamfitters Loc. 773 Pension Fund v. Danske Bank A/S*,
   11th F.4th 90, 105 (2d Cir. 2021) ................................................................................. 6

*Rotstein v. Reynolds & Co.*,
   259 F. Supp. 109, 112 (N.D. Ill. 1973) ......................................................................... 7

*S.E.C. Hr'g Tr.* at 123:12-124:2, *In the Matter of Livingston Asset Management*
   (File No. B-03453-A) (Mar. 23, 2023) ......................................................................... 1

*S.G. v. Bank of China Ltd.*,
   2024 U.S. Dist. Lexis 77633 at *4, 2024 WL 1861158 at *2 (S.D.N.Y 2024) ............ 3

*SEC v. Govil*,
   86 F.4th 89, 103 (2d Cir. 2023) .................................................................................. 10

*SEC v. Jarkesy*,
  603 U.S. 109, 125 (2024) .................................................................................................. 6

*SEC v. Monarch Funding Corp.*,
  192 F.3d 295, 308 (2d Cir. 1999) ..................................................................................... 4

*SEC v. Sayid*,
  No. 17-CV-2630, 2018 WL 357320, at *5 (S.D.N.Y. Jan. 10, 2018) ......................................... 7

*Twelve Sixty LLC v. Extreme Music Library Ltd.*,
  No. 17-CV-1479, 2018 WL 369185, at *6 (S.D.N.Y. Jan. 9, 2018) ......................................... 10

*Ventus Networks, LLC v. Answerthink, Inc.*,
  No. 05-CV-10316, 2007 WL 582736, at *4 (S.D.N.Y. Feb. 22, 2007) ................................... 10

This memorandum of law is respectfully submitted on behalf of Defendant Harry Zhabilov ("Zhabilov") in support of his Motion to Dismiss and Strike under Federal Rules of Civil Procedure 12(b)(6) and (f).

## PRELIMINARY STATEMENT

The crux of the SEC's Complaint hinges on their hope that this Court will view Defendant Zhabilov as a mastermind behind a fraudulent scheme by which multiple actors worked together to defraud investors and improperly benefit from unidentified wrongful acts. However, Defendant Zhabilov's involvement and control in Enzolytics did not go beyond the laboratory, as Zhabilov worked as an Enzolytics' scientist, and the SEC's allegations fail to allege facts sufficient to consider him the mastermind necessary to sustain their claims. The SEC's Complaint fails to state a claim upon which relief may be granted for multiple reasons. Specifically, the Complaint must be dismissed as it: (i) violates Federal Rules of Civil Procedure ("FRCP") 8(a)'s prohibition against group pleading; (ii) does not meet FRCP 9(b)'s requirement by which the SEC must plead fraud with particularity; (iii) fails to identify the alleged scheme by which the Defendants allegedly carried out their improper motives; and (iv) improperly seeks disgorgement and joint and several liability without setting forth allegations to support the same. The SEC impermissibly groups Zhabilov among the other Defendants as a part of a greater scheme of them working together to profit from stock sales. However, Zhabilov did not make one penny from the alleged transactions and did not engage in a fraudulent scheme by which to defraud investors. To the contrary, the only mistake individually attributable to Zhabilov were misstatements made to the transfer agents regarding affiliate statuses, a statement which SEC's own transcripts reflect as just that—a mistake.

1

**FACTUAL BACKGROUND**

The SEC alleges that Zhabilov, Bill Ray ("Ray"), Charles Dilluvio ("Dilluvio"), and Stephen Apolant ("Apolant")—the alleged Control Group—along with entities Camelot, Seacor, and Sky-Direct, engaged in a fraudulent scheme to profit from accumulating Enzolytics stock while concealing their control of the company and the stock, then selling that stock to retail investors and shared in about $92 million in profit from that scheme. *See* Compl. ¶ 1. However, the Complaint fails to allege with any particularity sufficient facts by which to hold Zhabilov accountable, or by which to put him on notice for his alleged wrongdoings. To the contrary, with respect to Zhabilov *individually*, the Complaint simply claims that:

- Zhabilov was the CEO until October 2020, when he became the Chief Science Officer. *Id*. at ¶ 28.

- Zhabilov made unidentified misrepresentations in the course of selling Enzolytics shares in order to sell debt owed by Enzolytics. *Id.* at ¶ 2.

- In late 2017, Zhabilov and Ray, who had *historically* been the decisionmakers for Enzolytics, began working with Dilluvio and Apolant to issue and transfer unrestricted Enzolytics stock so that it could be sold to the public. *Id*. at ¶ 37.

- Zhabilov and his college-aged daughter, Dannie Zhabilov ("Dannie") created a sham consulting agreement during her internship and lied to the transfer agent to facilitate stock transactions and transfer 231 million unrestricted shares from Enzolytics to Dannie. *Id*. at ¶¶ 4, 42, 86-102.

- Zhabilov is named an affiliate based on his role in the management, funding, and operations of the company, while the SEC sets forth contrary allegations that Zhabilov needed permission from multiple parties before he did anything with Enzolytics and signed

2

- numerous documents only at the direction of others, while under the belief he had no choice with respect to the same. *Id.* at ¶¶ 54-56, 58.

- Zhabilov worked with other Defendants to seek funding for Enzolytics and identify avenues to generate the same. *Id*. at ¶¶ 61-65.

- The Complaint further sets forth general allegations as to: (i) issues Zhabilov was unaware of; (ii) actions Zhabilov needed approval and permission to carry out; and (iii) times at which Zhabilov did not have the requisite knowledge by which to carry out the alleged fraudulent scheme. *Id*., *e.g*., ¶¶ 54-56, 58, 106, 108.

- Zhabilov properly relied upon the professional opinion and conclusion of attorneys by way of opinion letters. *Id*. at ¶¶ 113.

The Complaint alleges that the Control Group, including Zhabilov, violated Sections 5(a) and 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act"), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"). The SEC seeks disgorgement, civil penalties and injunctive relief. *Id* at ¶ 11.

## ARGUMENT

### I.  The Complaint Violates Federal Rule of Civil Procedure 8(a)'s Prohibition Against Group Pleading.

As a threshold matter, the Complaint violates the FRCP's prohibition against group pleading. FRCP 8(a) demands "that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *S.G. v. Bank of China Ltd*., 2024 U.S. Dist. Lexis 77633 at *4, 2024 WL 1861158 at *2 (S.D.N.Y 2024) (citing *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001)); *See also Fed. R. Civ. Pro.* 8(a). Despite the FRCP's explicit directives, the SEC impermissibly groups Zhabilov among the other Defendants as a part of a greater scheme based on vague and conclusory allegations that the Defendants worked together to profit from

3

improper stock sales. However, the Complaint fails to identify what—if any—allegations are directly attributable to Zhabilov, and the basis for which he should be individually subject to liability. To the contrary, Zhabilov's single mistake involved misstatements made to the transfer agent regarding affiliate statues, which was later corrected. Zhabilov made this mistake during the SEC's questioning when his daughter was incorrectly added as a trustee, when it in fact should have been his wife, Diana Zhabilov. Zhabilov had trouble understanding the questioning during the SEC's interview, which is yet another example of the SEC's failure to provide adequate notice to Zhabilov on the current charges before this Court.

**II.   The Complaint Fails to Plead Fraud with the Requisite Specificity in Order to Sustain Plaintiff's Claims for Violations of Section 10(b) of the Securities Exchange Act of 1934 and Section 17(a) of the Securities Act of 1933.**

In its Complaint, the SEC alleges that Zhabilov violated both Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, and Section 17(a) of the Securities Act. *See* Compl. ¶¶ 137, 141. Both claims are premised in fraud and are subject to FRCP 9(b)'s heightened pleading standard. Specifically, Section 10(b) prohibits one from engaging in a "manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe." 15 U.S.C. § 78j(b). Rule 10b-5 is one of such rules, and a violation of the same requires that a defendant: (i) made a material misrepresentation or material omission where there was a duty to speak or otherwise used a fraudulent device; (ii) with intent; (iii) in connection with the purchase or sale of securities. *See SEC v. Monarch Funding Corp.*, 192 F.3d 295, 308 (2d Cir. 1999). While a violation of Section 17(a) essentially requires the same proof, a plaintiff must only make a showing of negligence under Sections 17(a)(2) and (3). Plaintiff's allegations fail to meet the requisite pleading standard for either claim.

4

### a. The Complaint Fails to Allege the Requisite Misrepresentations or Omissions.

In order to sustain its claims for violations of Rule 10b-5(b) and Section 17(a)(2) of the Securities Act, Plaintiff must identify misrepresentations and omissions made in connection with securities transactions. Specifically, Rule 10b-5(b) prohibits "any untrue statement of a material fact" or failure to "state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading." 17 C.F.R. § 240.10b-5(b). Similarly, Section 17(a)(2) prohibits one "in the offer or sale of any securities" from obtaining "money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made not misleading." 15 U.S.C. § 77q(a). Each of the SEC's claims are subject to FRCP 9(b)'s pleading requirements and must identify: (i) the allegedly fraudulent statements; (ii) the speaker; (iii) where and when the statements were made; and (iv) how the statements were fraudulent. *See Novak v. Kasaks*, 216 F.3d 300, 306 (2d Cir. 2000). Plaintiff's Complaint is completely devoid of the requisite allegations to prevail on its fraud-based claims. The Complaint does not—and cannot—set forth which statements or omissions are attributable to Zhabilov, nor any of the relevant facts necessary to fully identify the same. While the Complaint sets forth conclusory allegations of a possible scheme, it entirely fails to address with any particularity which manipulative acts may be attributable to Zhabilov, nor any specificity as to what effect such acts had on the market and its investors. Instead, the Complaint rests on nothing more than conclusory allegations with respect to Zhabilov.

### b. The Complaint Fails to Identify a "Scheme" to Defraud.

Not only does the Complaint fail to identify any fraudulent statements or omissions, but it also further fails to identify a fraudulent scheme by which to support its claims under Rule 10b-5

5

or Section 17(a). Rule 10b-5 and Section 17(a) both prohibit employing a scheme to defraud or to engage in any act or practice which would operate as a fraud or deceit upon any person. The relevant statutory language incorporates common law fraud's prohibitions into federal securities law. *See SEC v. Jarkesy*, 603 U.S. 109, 125 (2024). Because scheme claims are grounded in fraud, "they are subject to the heightened pleading requirements of the Federal Rule of Civil Procedure 9(b)," and must specify: (i) the deceptive acts performed; (ii) who performed them; (iii) when they performed them; and (iv) the effect the scheme had on the relevant investors. *Plumber & Steamfitters Loc. 773 Pension Fund v. Danske Bank A/S*, 11th F.4th 90, 105 (2d Cir. 2021). As set forth with respect to the SEC's failure to appropriately identify any fraudulent statements or omissions, Plaintiff similarly fails to sufficiently identify the specifics of the purported scheme upon which to base Zhabilov's liability and how such a scheme had any effect on relevant investors. Instead, the SEC makes allegations that the Control Group, including Zhabilov, obtained unrestricted shares it could sale through public agreements, purportedly for consulting services with Dilluvio and Zhabilov's daughter Dannie. The SEC's additionally alleges, that Zhabilov and other members of the control group made a series of representations to transfer agents, attorneys, and the public during the course of selling Enzolytics shares to increase the value of the stock. The SEC made these allegations without setting forth the required scheme. However, to the contrary, Zhabilov was not in charge of Enzolytics filings nor was he involved with procuring buyers for Enzolytics shares. Ray was taking care of the company, while Zhabilov was focused on the scientific work. Accordingly, it is not possible to hold Zhabilov responsible for the claims as set forth in the SEC's Complaint.

Assuming, *arguendo*, that the SEC had met its burden in alleging a fraudulent scheme— which it has not—the purpose of Section 10(b) and Rule 10b-5 "is to protect persons who are

6

deceived in securities transactions—to make sure that buyers of securities get what they think they are getting." *Chem. Bank v. Arthur Andersen & Co.*, 726 F.2d 930, 943 (2d Cir. 1984). Here, the sale of unregistered securities does not fall within Rule 10b-5(a) or (c)'s purview, as the sale itself cannot be said to defraud or deceive anyone. *See Rotstein v. Reynolds & Co.*, 259 F. Supp. 109, 112 (N.D. Ill. 1973). Accordingly, Section 10(b)'s purpose would be entirely frustrated by—and inapplicable to—the facts as alleged against Zhabilov.

### III.    The Complaint Fails to Plead the Requisite Scienter.

Not only are the allegations insufficient to sufficiently plead the required wrongdoings, but the Complaint does not plead facts by which to sustain its burden in proving Zhabilov's mental state. As previously set forth, the SEC is required to plead facts sufficient to show that Zhabilov acted with intent to prove its claims under Rule 10b-5 and Section 17(a)(1) of the Securities Act, while also pleading facts to show negligence under its Section 17(a)(2) and (3) claims. The SEC's allegations do not rise to either requirement.

In order to sufficiently plead scienter, the SEC is required to set forth facts giving rise to a strong inference of fraudulent intent. *See SEC v. Sayid*, No. 17-CV-2630, 2018 WL 357320, at *5 (S.D.N.Y. Jan. 10, 2018) (citing *Novak*, 216 F.3d at 306). The "strong inference" of fraud will only be established by facts showing: (i) that defendants had both motive and opportunity to commit fraud; or (ii) strong circumstantial evidence of misbehavior or recklessness. *See Novak*, 216 F.3d at 307. While recklessness will also suffice as the mental state for securities fraud before this Court, recklessness is defined as "an extreme departure from the standards of ordinary care . . . to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it." *ECA, Loc. 134 IBEW Joint Pension Tr. Of Chi. V. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009) (internal quotation marks omitted). The Complaint does not adequately plead either motive and opportunity or recklessness, let alone a sufficient pleading

7

of negligence. Throughout all material times, Zhabilov's actions were far from an extreme departure from the ordinary standards of care. The SEC failed to make any specific allegations against Zhabilov and the SEC's own hearings with Zhabilov in 2023 exemplify facts that conclusively establish that others controlled much of the business operations and that Zhabilov was focused on his laboratory work. This is further evidenced by Zhabilov's transition from Enzolytics CEO to Chief Science Officer after the merger of Enzolytics with BioClonetics in 2020.

The Complaint alleges that the Control Group—including Zhabilov—created unrestricted Enzolytics shares that it could sell to public through agreements purportedly for consulting services with Dilluvio and with Dannie and that it subsequently used a series of misrepresentations relating to Dilluvio and Dannie's affiliate status to convert the debt from the unpaid consulting agreements into unrestricted shares they could and did sell. *See Complaint* at ¶ 3.  However, such assertions do not rise to the necessary level by which to find Zhabilov culpable for the pending claims.  The SEC "must plead circumstances providing a factual basis for scienter for each defendant; guilt by association is impermissible." *In re DDABP Direct Purchaser Antitrust Litig.*, 585 F.3d 677, 695 (2d Cir. 2009).  "Guilty by association"-type allegations are exactly what the SEC has set forth. As they have done with their claims against each Defendant, Plaintiff has presented conclusory and broad allegations in an effort to not only group each Defendant, but also each purported violation, without identifying specific allegations to impute liability on Zhabilov individually.  To be sure, the SEC's broad and conclusory allegations make it difficult for Zhabilov to properly defend himself in this action, which is yet another separate and distinct grounds for dismissal of the claims against him. *See, e.g., Atl. Gypsum Co. v. Lloyds Int'l Corp.*, 753 F. Supp. 505, 511 n.4 (S.D.N.Y. 1990) ("Failure to plead a specific subsection of § 1962 may alone constitute grounds to dismiss a RICO complaint, because it fails to inform defendants of the unlawful conduct in

8

which they allegedly engaged."). Plaintiff's improper pleading has made it impossible for Zhabilov to know which alleged conduct has subjected him to the SEC's baseless claims and renders him unable to defend himself against the same.

### IV. The SEC's Allegations Fail to Justify Joint and Several Liability.

Even if this Court were to find the Defendants liable, it would be improper to hold Zhabilov jointly and severally liable for the conduct of the Control Group. Joint and several liability is subject to a good faith defense under 15 U.S.C. § 78t, in which a controlling person is not liable if they acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action. Zhabilov has continually acted in good faith both individually and as a director of Enzolytics. As early as 2017, others were making suggestions to Zhabilov as to whom to hire as consultants. While Zhabilov may have signed off on these decisions, he did so at the direction of those he hired and trusted to make such business decisions and relied on their experience with the same. To be sure, Zhabilov could not have been the controlling figure nor a prominent actor in the fraudulent scheme as the SEC would lead this Court to believe. Instead, even in viewing the Complaint's allegations as true, Zhabilov cannot be said to be anything more than a pawn in the alleged scheme, if the SEC had properly alleged the existence of the same.

### V. The SEC's Demand for Disgorgement is Improper and Should be Stricken.

Even if this Court were to find that the SEC has sufficiently plead any of its claims, FRCP 12(f) empowers this Court to strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Included in the Court's power is the authority to "strike from the pleadings a request for relief if the allegations and claims asserted would not support that form of relief." *eShares, Inc. v. Talton*, 727 F.Supp. 3d 482, 499 (S.D.N.Y. 2024) (internal quotation marks omitted). Here, the SEC's request for disgorgement is improper and unsupported by the Complaint's allegations. Specifically, the SEC has failed to identify—or adequately claim the

9

existence of—any supposed victims of the alleged conduct. Courts have stricken demands for relief in similar circumstances, in which the requested relief is not supported by the allegations in the complaint, including situations in which plaintiff fails to allege the existence of victims. *See Twelve Sixty LLC v. Extreme Music Library Ltd.*, No. 17-CV-1479, 2018 WL 369185, at *6 (S.D.N.Y. Jan. 9, 2018) (striking disgorgement and punitive damages where allegations failed to identify existence of victims); *see also Ventus Networks, LLC v. Answerthink, Inc.*, No. 05-CV-10316, 2007 WL 582736, at *4 (S.D.N.Y. Feb. 22, 2007) (striking punitive damages where complaint failed to identify victims of fraudulent scheme).

While disgorgement is generally allowed as a method of equitable relief, in *Liu v. SEC*, the Supreme Court recently held that disgorgement is only proper when it does not exceed a wrongdoer's net profits and *is awarded for victims*. 140 U.S. 71, 74 (2020) (emphasis added). For purposes of 15 U.S.C. § 78u(d)(5), a "victim" is one who suffers pecuniary harm from the alleged securities fraud. *See SEC v. Govil*, 86 F.4th 89, 103 (2d Cir. 2023). Disgorgement is "about 'return[ing] funds to victims,'" which "presupposes pecuniary harm" because "[f]unds cannot be returned if there was no deprivation in the first place." *Id*. (quoting *Liu*, 591 U.S. at 83). Here, the SEC has failed to identify any victims that resulted from Zhabilov's alleged actions, let alone from the Control Group as a whole. *See id*. To the contrary, the Complaint makes several references in which the SEC alleges that Enzylotics shares were promoted to the public and subsequently sold by the Control Group for a profit. *See* Compl. at ¶¶ 1; 6; 9; 45; 125-26; 128-30. However, as the *Govil* court illustrates, if these purchasers suffered no pecuniary harm, it would be an improper windfall to award damages that would go beyond restoring them to the status quo. *See Govil*, 86 F.4th at 103. To be sure, even if investors were lied to, they "many not have been financially harmed as a result of [the defendant]'s misconduct because the investors received the

10

return on the investment contemplated at the outset," and disgorgement was accordingly unavailable. *Id*. at 104-105 (internal quotation marks omitted). At no point in the Complaint does the SEC allege that any retail investors were harmed, just that the Control Group profited off of the retail investors. Accordingly, awarding disgorgement in the absence of any evidence—or allegations—of pecuniary harm to victims goes directly against the very equitable nature of disgorgement and the intent behind the same. *Id*. at 102.

## CONCLUSION

Accordingly, Zhabilov respectfully requests that this Court DISMISS the claims against him with prejudice and grant such further relief as this Court may deem just and proper.

Respectfully submitted,
DEFENDANT,
Harry Zhabilov,


*/s/ Hannah L. Sfameni*
Hannah L. Sfameni, Esq.
Evan Gotlob, Esq.
*Admitted Pro Hac Vice*
DarrowEverett LLP
One Turks Head Place, Suite 1200
Providence, RI 02903
Tel: (401) 453-1200
Fax: (401) 453-1201
hsfameni@darroweverett.com
egotlob@darroweverett.com

12

**CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that I have filed the within Document via the ECF System and that it is available for viewing and downloading on the 25th day of August 2025. A copy has also been sent via the ECF filing system to all counsel of record.

                                                */s/ Hannah L. Sfameni*
                                                Hannah L. Sfameni