The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

ALCarterNYSDChambers@nysd.uscourts.gov

September 19, 2025

Re:    SEC v. Zhabilov, et al., Case No. 1:24-cv-07362 (ALC)

Dear Judge Carter:

Pursuant to Rule 2(A) of Your Honor's Individual Practices, Defendant Billy V. Ray, Jr. respectfully submits this letter to request a pre-motion conference in connection with his anticipated motion to strike certain deposition testimony relied upon by the Commission in the complaint and in its oppositions to the defendants' motions to dismiss.  The Court has previously granted Defendant the right to file a Motion to Strike the Filings of Nita Klunder and the right to file a Rule 11 Motion for Sanctions.  The SEC has requested an extension on those filings.

Background

The Commission has relied heavily on excerpts from the depositions of Defendant Harry Zhabilov and Camelot representative Kelli Austin in both the operative complaint (see, e.g., ¶ 106, where Zhabilov's deposition is the only evidence in the complaint, yet isn't even cited) and in its oppositions to defendants' pending motions to dismiss. These depositions, however, were conducted by attorney Nita Klunder, who is not admitted to practice before this Court in accordance with S.D.N.Y. Local Civil Rule 1.3. The Commission has acknowledged Ms. Klunder's lack of compliance both in writing and during a status conference before this Court.

Grounds for Anticipated Motion

Defendant Ray intends to seek exclusion of the Zhabilov and Austin depositions on two independent grounds:


1.  Procedural Defect (Rule 32 and Local Rule 1.3):**

   Under Federal Rule of Civil Procedure 32(a)(1), deposition testimony may only be used "so far as admissible under the Federal Rules of Evidence." Objections to the qualifications of the officer before whom a deposition is taken are preserved unless waived. See Fed. R. Civ. P. 32(d)(1). Because Ms. Klunder was not admitted in this District as required by Local Civil Rule 1.3, her role in conducting the depositions presents a procedural defect that undermines their admissibility.

2.  **Prejudice and Reliability (Fed. R. Evid. 403):**

   Even apart from the Local Rule violation, the testimony obtained is unduly prejudicial to the defendants and lacks sufficient indicia of reliability. Fed. R. Evid. 403 requires exclusion of evidence where the probative value is substantially outweighed by unfair prejudice. The Commission itself treats Mr.

Zhabilov's deposition as the central evidentiary support for the complaint, yet it was taken under circumstances raising substantial concerns.

Relief Requested

For these reasons, Defendant Ray respectfully seeks leave to file a motion under Federal Rule of Civil Procedure 32 and the Federal Rules of Evidence to strike the deposition testimony of Harry Zhabilov and Kelli Austin, to the extent relied upon in the complaint and in the Commission's oppositions to defendants' motions to dismiss.

I thank the Court for its consideration of this request.

Respectfully submitted,

/s/ Billy V. Ray, Jr.
Billy V. Ray, Jr.
Defendant, pro se

3002 Royal Palm
Baytown TX 77523

billyvrayjr@yahoo.com