

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
33 ARCH STREET, 24TH FLOOR
BOSTON, MA 02110-1424

BOSTON
REGIONAL OFFICE

September 24, 2025

**By ECF (courtesy copy to chambers and counsel)**

Honorable Andrew L. Carter, Jr., United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall Courthouse, 40 Foley Square
New York, NY 10007

**Re:**   *Securities and Exchange Commission v. Zhabilov et al.*, 1:24-cv-007362

Dear Judge Carter:

    Defendant Billy Ray, Jr. ("Ray") has filed a letter [Dkt. No. 151] seeking a pre-motion conference and leave to file a motion to strike testimony excerpts in the Complaint or attached as exhibits to the Commission's opposition to Ray and Camelot Nevada Trust's ("Camelot") motions to dismiss.

    The Court should deny Ray's requests. Ray's letter appears to be based on a misunderstanding – namely, that the testimony excerpts are from "depositions." They are not. The excerpts are from testimony taken by the SEC during the investigation that preceded this civil action. And Ray cites no authority (and there is none) that would support striking those excerpts on the basis of Ms. Klunder's bar registration status, whether they were from investigative testimony or from depositions.

    In short, there is no legal or factual basis on which to strike investigative testimony – particularly testimony that was submitted by *both* the SEC and Camelot in connection with the motion to dismiss briefing.[1] And, while the Commission recognizes that Ray is *pro se*, the Court need not schedule a pre-motion conference in anticipation of a potential motion to strike, where Ray's request is based on a complete misunderstanding of the facts and the law. For these reasons, the Court should deny Ray's request to file the motion he requests.

**Ray's Letter Gets the Facts Wrong**

    The central claim of Ray's letter is that Attorney Nita Klunder was "not admitted to practice before this Court in accordance with Local Rule 1.3." That claim is not correct.

---

[1] Camelot's Motion to Dismiss attached excerpts of the investigative testimony of Camelot's Trustee. *See* ECF No. 132 (Declaration of Patrick Morris, attaching excerpts as Exhibit B). Although the excerpts are described as coming from "depositions" they are from investigative testimony taken by the SEC prior to the filing of this litigation. The Commission conferred with Ray on September 23, 2025 regarding his proposed motion to strike, and he indicated that he is moving to strike *all* exhibits of testimony taken by Ms. Klunder, which include the Camelot exhibits.

Hon. Andrew L. Carter, Jr.
*Securities and Exchange Commission v. Zhabilov et al.*, 1:24-cv-007362
September 24, 2025

Although her New York State bar license was suspended, the Southern District of New York did not reciprocate and Ms. Klunder has been in good standing in this District for the entirety of this case. On August 19, 2025, Counsel to the District Executive and Grievance Committee advised Ms. Klunder that:

> [your] October 2011 admission to practice before the Southern District of New York remains valid and unaffected by the administrative suspension you experienced due to nonpayment of state bar dues. SDNY does not reciprocate administrative suspensions. No action is required on your part to maintain your active status with the Southern District of New York.

*See* Ex. A (Aug. 19 email from S.D.N.Y. Grievance Committee counsel).

Ms. Klunder has been a licensed attorney in good standing in Massachusetts since 2013. Ex. B. She was admitted to the Southern District of New York in October 2011 and has remained in good standing since then. Ex. A. Ms. Klunder was admitted to the bar of the state of New York in 2010 but subsequently allowed her membership to lapse for nonpayment of the annual fees. She moved for reinstatement in New York on or about July 28, 2025. Ex. C. The Attorney Grievance Committee of the State of New York, Supreme Court Appellate Division, First Judicial Department did not oppose Ms. Klunder's Motion for Reinstatement. *Id.* Ms. Klunder was reinstated to the bar of the state of New York on September 4, 2025. Ex. D (Order of Reinstatement).

**Ray's Letter Gets the Law Wrong**

Even if Ray were correct on his facts, the law does not support his arguments. Mr. Ray complains that the Commission has relied on "depositions of Defendant Harry Zhabilov and Camelot representative Kelli Austin" in its Complaint and its opposition to the pending motion to dismiss filed by Camelot and Ray. He argues that because the testimony was taken by an attorney who he wrongly claims, "was not admitted to practice before this Court," the Commission cannot rely on that testimony in its Complaint, its oppositions to those motions, or in the future. Ray cites Fed. R. Civ. P. 32, Local Rule 1.3, and Fed. R. Evid. 403 to support his argument. But none of these provisions provides a legal basis for his anticipated motion.

The testimony excerpts Ray refers to were not taken in a deposition. They come from investigative testimony taken by Commission staff during the investigation that led to filing the Complaint. In that investigation, the Commission issued an Order Directing Private Investigation and Designating Officers to Take Testimony. Ms. Klunder was designated under Section 19(c) of the Securities Act of 1933 ("Securities Act") and Section 21(b) of the Securities Exchange Act of 1934 ("Exchange Act") as an "officer of the Commission … empowered to administer oaths and affirmations, subpoena witnesses, compel their attendance, take evidence, and require the production of any books, papers, correspondence, memoranda, or other records deemed relevant or material to the inquiry, and to perform all other duties in connection therewith as prescribed by law." Securities Act Section 19(c) states in pertinent part that:

Hon. Andrew L. Carter, Jr.
*Securities and Exchange Commission v. Zhabilov et al.*, 1:24-cv-007362
September 24, 2025

> For the purpose of all [Commission] investigations … any member of the Commission or any officer or officers designated by it are empowered to administer oaths and affirmations, subpoena witnesses, take evidence, ….

15 U.S.C. §77s(c). Exchange Act Section 21(b) says the same. 15 U.S.C. §78u(b). There is no requirement under either statute that the person designated be admitted to practice in the jurisdiction where a case resulting from the investigation is later filed. In fact, the Commission need not limit its designation of an "officer of the Commission" to attorneys, and often designates investigative accountants, for instance, to take or assist with testimony. *See* SEC Enforcement Manual, §3.3.5.1 ("Testimony Under Subpoena: Authority… These statutory provisions do not limit the designation of Commission officers to attorneys. Non-attorneys … also may be designated as officers and empowered to take testimony and issue subpoenas.").

Local Rule 1.3 does not help Ray's case. Under Local Rule 1.3, attorneys who are in good standing with the State of New York may be admitted to the Southern District of New York. Ms. Klunder was admitted to the Southern District in October 2011 and the Southern District did not reciprocate the New York State Bar's administrative suspension. Nor may Ray rely here on anything in Fed. R. Civ. P. 32. Ray cites the part of that Rule that states that the deposition testimony must be "admissible under the Federal Rules of Evidence…" But he misses the preamble to that subsection that makes admissibility a requirement for use of the deposition testimony "[a]t a hearing or trial…." Fed. R. Civ. P. 32(a). Nothing in the Rule prevents the use of deposition testimony (or in this case investigative testimony) in a complaint or motion paper. Ray also cites the portion of Rule 32 that concerns objections to "the officer before whom a deposition is to be taken." Fed. R. Civ. P. 32(d)(2). That portion, however, does not refer to the person taking the deposition, it refers to the court reporter. *See* Fed. R. Civ. P. 32(d)(4) (discussing "[a]n objection to how the officer transcribed the testimony"). Finally, Ray cites Fed. R. Evid. 403. But there is nothing about the bar registration status of an attorney taking Commission investigative testimony in Massachusetts, where she is an attorney in good standing that would make the resulting testimony more prejudicial than probative.

In short, because Ray's stated grounds for a motion to strike are legally and factually baseless, the Court should not grant Ray's request. The Commission asks the Court to deny Ray's request for a pre-motion conference and for leave to file a motion to strike the deposition testimony of Zhabilov and Austin.

Sincerely,

*/s/ Marc J. Jones*
Marc Jones, Senior Trial Counsel
Rua Kelly, Senior Trial Counsel
Securities and Exchange Commission

cc: All defense counsel (via ECF)