**Draft Response Letter**

**BY ECF**

The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Securities and Exchange Commission v. Zhabilov, et al.*, 1:24-cv-07362 (ALC)

**Dear Judge Carter:**

I respectfully submit this letter in response to the Commission's September 24, 2025, correspondence [ECF No. 154]. The Commission asks the Court to deny my request for leave to move to strike testimony excerpts submitted in connection with motion practice. For the reasons below, the Commission's position misstates the record and the law. Marc Jones admits to this Court that Klunder was not licensed in New York when she says she was, and he also admits she should have self-reported, and she did not. These people have taken advantage of myself and the other defendants in this case, while walking all over the laws that govern this Court. The Commission's counsel's conduct raises serious ethical concerns, as SEC attorney Nita Klunder has willfully violated Local Rule 1.5 of the Southern District of New York over a period of 2.5 years, while the SEC itself now openly opines on New York law (Judiciary Law § 478-a) through staff who have never been admitted to practice in New York. The Klunder infractions are not isolated but represent a prolonged pattern of conscious misconduct. It is especially galling that the SEC Office of Inspector General recently suspended one of its own attorneys for a nearly identical violation, yet Klunder's suspension has either been hidden from her own Agency or deliberately concealed by the Boston office, with no evidence she ever disclosed her disciplinary status to her employer, to this Court, or to opposing parties. While the SEC aggressively mocks me for not knowing New York law, I have never held myself out to be a New York attorney—a basic standard Klunder and Jones brazenly flout by purporting to advise this Court on New York law as unlicensed and, in Klunder's case, suspended counsel. No proof has been given, now or previously, that Klunder disclosed her disciplinary suspension, nor could any court intervene to protect the public interest since she intentionally concealed this fact throughout the pendency of these proceedings. The SEC's defense of unlicensed and suspended counsel comes at the expense of the United States, this Court, and the fair administration of justice. At the very moment I was battling Stage 4 esophageal cancer—forced into hours-long depositions by Klunder and her peers—the Commission showed no empathy whatsoever. Let it be noted that Klunder has never offered an apology, compounding the indignity suffered by every party compelled to answer for her unchecked misconduct

Lastly, it must be emphasized that Mr. Jones, while wholly unlicensed in New York, intentionally misled the Grievance Committee by representing Klunder's suspension as "administrative"—a category that simply does not exist in the New York attorney disciplinary system. That he would assert such a fabrication only underscores the recklessness—and arrogance—of providing advice concerning New York law to this Court and professional regulatory bodies while wholly unauthorized to do so. How could Mr. Jones presume to accurately report the nuances of New York disciplinary action when he himself is neither licensed nor competent to opine on its legal standards? This calculated misstatement further exemplifies the SEC's open contempt for the rules and integrity of the proceedings.

I respectfully bring these matters to the Court's attention with the gravity they deserve, but the pain and indignity I endured while battling aggressive cancer which only has a six percent survival rate—facing four surgeries, chemotherapy, radiation and multiple hospitalizations, the real prospect of death, and frequent, humiliating side effects that forced me to lay my head on the table during proceedings and to excuse myself repeatedly—were compounded when Ms. Klunder insisted on proceeding with a testimonial deposition that could easily have been my final hours on earth. All while she and the Commission have shown no remorse, no regret, and no inclination to face consequences of any kind for her violations nor for presenting these fantasy narratives to the Court. This is patently unfair. I respectfully ask this Court for a remedy more substantial than the empty reassurances now offered by the Commission. With that said, I will proceed to rebut Mr. Jones's letter opposition

## I. The Commission's Assertions Are Contradicted by Its Own Prior Filings

The Commission characterizes my concerns as a "misunderstanding," claiming that investigative testimony was validly taken by attorney Nita Klunder, who was in "good standing" before this Court. Yet in *SEC v. Farber*, No. 24-cv-00273 (JGK), the Commission admitted on August 1, 2025, that Ms. Klunder had been suspended from the New York bar since 2022 (Exhibit 1, Linkedin and Disciplinary Suspension), and that her sworn declaration in that case inaccurately represented she was "a member of the bar of the State of New York" (Exhibit 2, "Farber" Declaration). The Commission apologized to Judge Koeltl, withdrew Klunder's declaration, and filed corrective papers. The Commission makes the same statements in the letter response to Camelot and myself when Klunder's suspension was raised in this Court, and also state that Klunder did not alert the Commission of her Disciplinary Suspension (ECF NO. 110)

Thus, the Commission cannot credibly suggest here that my position rests on error. Its own prior filings concede that Ms. Klunder was suspended from the New York bar during the period when she conducted testimony and filed sworn statements.

## II. Local Rules Required Disclosure of Ms. Klunder's Suspension

Even if SDNY did not "reciprocate" her administrative suspension, Local Rule 1.5 imposes an affirmative obligation on attorneys to disclose disciplinary action or suspension imposed in another jurisdiction. The Commission concedes in *Farber* and this instant case that this disclosure was never made. That failure deprived this Court of the opportunity to address Ms. Klunder's status when the complaint was filed and when testimony was proffered.

## III. Ms. Klunder's Misrepresentation Under Oath Raises Serious Credibility Issues

Ms. Klunder declared under penalty of perjury that she was admitted in New York and SDNY. The Commission's attempt to minimize this as a mere "inaccuracy" trivializes what constitutes a deliberate false statement to a federal court. Under 18 U.S.C. §§ 1001, 1621, and 1623, Ms. Klunder's conduct squarely falls within the statutory definitions of false statements and perjury. Her knowing misrepresentation about her bar admission status—a fundamental credential any attorney would be acutely aware of—demonstrates the requisite intent to deceive and directly undermines the credibility and reliability of all testimony and filings she submitted in this matter. Also, the Commission has stated the other attorneys at the Commission were unaware that Klunder was suspended. The SEC has attempted to bum rush the defendants into discovery before it was warranted. It certainly gives the appearance that they knew of the egregious behavior of Klunder, when the Commission repeatedly filed Letter Motions for Conference to start discovery before the Court could even rule whether the various defendants could

file their Motions to Dismiss. The Court overruled all 5 of these requests (ECF No. 82). Why blatantly try to rush discovery when a majority of the defendants had not even been required to answer?

Contrary to the SEC's assertion of "no prejudice," Defendants have suffered material prejudice by being compelled to expend substantial resources addressing defective filings, including attorneys' fees and costs signed by an attorney who lacked the licensure she claimed. Testimony elicited under her authority has been relied upon in pleadings and motions. The prejudice includes not only financial harm but the undermining of confidence in the integrity of the proceedings.

**V. Requested Relief**

For these reasons, Defendants respectfully request that the Court:

1. **Strike all testimony and exhibits** taken or filed under Ms. Klunder's authority in this matter;
2. Alternatively, order the Commission to **disclose all cases in SDNY and EDNY** where Ms. Klunder appeared during her suspension and to submit a corrective action plan;
3. Consider whether any remedies are warranted, subject to the Court's discretionary authority and appropriate due process protections, with full consideration of pro se status and good faith efforts to comply.

**Conclusion**

The Commission's letter seeks to minimize what it has already admitted elsewhere to be a serious lapse. Defendants respectfully urge the Court to reject the Commission's attempt to dismiss these concerns as a "misunderstanding" and to grant leave for my proposed motion to strike.

Respectfully submitted,

/s/ Billy V. Ray, Jr.
*Pro Se* Defendant