UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>**HARRY ZHABILOV,<br>BILLY V. RAY, JR.,<br>CHARLES DILLUVIO,<br>STEPHEN APOLANT,<br>DANNIE ZHABILOV,<br>JONATHAN FARBER,<br>CAMELOT NEVADA TRUST,<br>SEACOR CAPITAL, INC.,<br>SKY-DIRECT LLC, and<br>WEXFORD INDUSTRIES LTD.,**<br>　　　　　　　　　　Defendants,<br><br>and<br><br>**NY FARMS GROUP, INC. and<br>EQUITY MARKETS ADV LLC,**<br>　　　　　　　　　　Relief Defendants. | Civil Action No. 1:24-cv-7362 (ALC) |

**SEC'S OPPOSITION TO
DEFENDANTS CAMELOT AND RAY'S MOTIONS TO STRIKE**

　　　　　　　　　　　　　　　　　　　**SECURITIES AND EXCHANGE
　　　　　　　　　　　　　　　　　　　COMMISSION**
　　　　　　　　　　　　　　　　　　　Rua M. Kelly
　　　　　　　　　　　　　　　　　　　Marc J. Jones
　　　　　　　　　　　　　　　　　　　33 Arch Street, 24th Floor
　　　　　　　　　　　　　　　　　　　Boston, MA  02110
　　　　　　　　　　　　　　　　　　　Telephone: (617) 573-8900
　　　　　　　　　　　　　　　　　　　jonesmarc@sec.gov

**CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1
MATERIAL FACTS ..................................................................................................................... 2
ARGUMENT .................................................................................................................................. 3
    I.    THE ATTORNEY SIGNATURES ON THE COMPLAINT AND OTHER FILINGS ARE NOT "UNAUTHORIZED" AS DEFENDANTS CLAIM ............ 3
    II.    DEFENDANTS FAIL TO ESTABLISH VIOLATIONS OF THE LOCAL RULES OR ENTITLEMENT TO ANY REMEDIES .......................................................... 5
        A.    Defendants Misinterpret Local Rule 1.3 ....................................................... 5
        B.    Defendants Argue for an Interpretation of Local Rule 1.5 Inconsistent with that of the Grievance Committee Counsel .................................................. 5
    III.    DEFENDANTS FAIL TO ESTABLISH PREJUDICE OR EXPLAIN HOW THE SUPPOSED LOCAL RULE VIOLATION WARRANTS STRIKING FILINGS . 7
CONCLUSION ............................................................................................................................. 10
CERTIFICATE OF SERVICE ..................................................................................................... 11

**TABLE OF AUTHORITIES**

**CASES**

*Braun ex rel. Advanced Battery Techs., Inc. v. Zhiguo Fu*, No. 11-cv-4383 (CM)(DF), 2015 WL 4389893 (S.D.N.Y. July 10, 2015) .................................................................................. 8

*Caison v. Scientific*, 2022 WL 10146542 (W.D. Va. Oct. 17, 2022) ............................................... 4

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123 (1991) ...................................................... 9

*In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, 673 F. Supp. 3d 345 (S.D.N.Y. 2023) ............................................................................................................................ 9

*Langreich v. Gruenbaum*, 06CIV4931 (BSJ), 2009 WL 321253 (S.D.N.Y. 2009) .......................... 4

*Li v. Chung LLC*, 2025 WL 1939587 (W.D. Va. July 15, 2025) ...................................................... 4

*New York v. Mountain Tabacco Co.*, 55 F. Supp. 3d 301 (E.D.N.Y. 2014) ..................................... 4

*Rasheed v. D'Antonio*, No. CIV.A. 10-11253-GAO, 2012 WL 1065574 (D. Mass. Mar. 12, 2012) ............................................................................................................................................ 5

*Rock v. Enfants Riches Deprimes*, LLC, 17-cv-2618 (ALC), 2020 WL 468904 (S.D.N.Y. Jan. 29, 2020) ..................................................................................................................................... 10

*S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123 (2d Cir. 2010) .................................... 8

*Sakon v. Andreo*, 119 F.3d 109 (2d Cir. 1997) ............................................................................... 7

*Sistem Muhendislik Insaat Sanayi Ve Ticaret, A.S. v. Kyrgyz Republic*, 12-cv-4502 (ALC), 2021 WL 39582 (S.D.N.Y. Jan. 5, 2021) .......................................................................................... 9

*Usherson v. Bandshell Artist Mgmt.,* 19-cv-6368 (JMF), 2020 WL 3483661 (S.D.N.Y. June 26, 2020) ......................................................................................................................................... 8

**RULES**

Fed. R. Civ. P. 37(b) ........................................................................................................................... 9

Local Rules of the United States District Court for the Southern District of New York, Rule 1.3 ...................................................................................................................................... 5

Local Rules of the United States District Court for the Southern District of New York, Rule 1.5 ............................................................................................................................... 3, 5, 6

**PRELIMINARY STATEMENT**

Defendants Camelot Nevada Trust and Billy Ray[1] move to strike all filings signed or prepared by the Commission's former counsel,[2] Nita Klunder, based on her prior New York State bar registration suspension. Dkt. Nos. 163, 164. Because Defendants offer this Court no legal or factual basis for the relief they seek, their motion should be denied.

Defendants acknowledge that Ms. Klunder at all times was a licensed attorney. They acknowledge that, according to the Counsel to the Southern District of New York's Grievance Committee, Ms. Klunder's state bar suspension did not cause her to be suspended in the Southern District. And they point to no prejudice against Camelot and Ray resulting from Ms. Klunder's signature on the Commission's filings. Despite these concessions, Defendants argue that this Court should strike the Complaint and several other Commission pleadings because, in effect, they disagree with the Grievance Committee's interpretation of the Local Rules, and that the Commission should be held to Defendants' interpretation. Regardless of the Court's interpretation of its Local Rules, Defendants also do not—and cannot—make the showing required in the Second Circuit for the imposition of sanctions because they cannot show that they suffered prejudice from Ms. Klunder's New York state bar suspension or that the Commission has engaged in the type of bad-faith conduct that would warrant sanctions.

Defendants' motions should be denied.

---

[1] For the sake of brevity, Defendants Camelot Nevada Trust and Billy V. Ray, Jr. will be referred to here as "Defendants." To be clear, the other defendants have not joined in this Motion, and the Commission's use of "Defendants" here is not intended to include those defendants.

[2] On August 4, 2025, the Commission moved to withdraw Ms. Klunder as counsel in this case. See Dkt. No. 111. That motion remains pending with the Court.

## **MATERIAL FACTS**

Ms. Klunder has been a licensed attorney in good standing with the Commonwealth of Massachusetts since 2013.  *See* Declaration of Marc Jones ("Jones Decl."), Ex. A.  Ms. Klunder was admitted to the United States District Court for the Southern District of New York in October 2011.  *Id*., Ex. B.

Ms. Klunder was admitted to the bar of the state of New York in 2010 but subsequently allowed her membership to lapse due to non-payment of the biennial fees.  Although Ms. Klunder had let her New York State bar membership lapse leading to her suspension of that state bar license, the Southern District of New York did not reciprocate the suspension by New York and Ms. Klunder has been in good standing in this District for the entirety of this case, since the filing of the Complaint.  *See* Jones Decl., Ex. B.  On August 19, 2025, Counsel to the District Executive and S.D.N.Y. Grievance Committee advised Ms. Klunder that:

> [your] October 2011 admission to practice before the Southern District of New York remains valid and unaffected by the administrative suspension you experienced due to nonpayment of state bar dues.  SDNY does not reciprocate administrative suspensions.  No action is required on your part to maintain your active status with the Southern District of New York.

*Id*.

Ms. Klunder moved for reinstatement to the New York State bar on July 28, 2025.  *See* Jones Decl., Ex. C (Aug. 8, 2025 Letter from Attorney Grievance Committee Chief Attorney).  The Attorney Grievance Committee of the State of New York, Supreme Court Appellate Division, First Judicial Department did not oppose Ms. Klunder's Motion for Reinstatement.  *Id.* Ms. Klunder was reinstated by the New York State First Appellate Division on September 4, 2025.  *See* Jones Decl., Ex. D (Order of Reinstatement).

In short, Ms. Klunder was not suspended from practice in this Court when she signed the Complaint and the other filings in this case.[3] She was a licensed attorney in Massachusetts at all relevant times. And her New York state bar registration has since been reinstated.

Defendant Camelot first raised the registration issue on July 30, 2025. Dkt. No. 107. The Commission responded by letter to this Court on August 4 (Dkt. No. 110), agreeing that Ms. Klunder's bar registration status had been suspended by New York State, that other Commission counsel were unaware of this fact, that Ms. Klunder had applied for reinstatement (which has since been granted), and that the Commission would move to withdraw Ms. Klunder as counsel. The Commission "acknowledge[d] the notice requirements of Local Rule 1.5" and expressed regret that this Court was not notified of the suspension. *See id*. But Counsel to the District Executive and Grievance Committee for the Southern District has since stated that "failure to comply with New York's biennial registration requirements … do not constitute disciplinary proceedings within the meaning of Local Civil Rule 1.5(b)(1)" and therefore "no reporting obligation to this Court arises from such administrative suspensions." Jones Decl., Ex. E (August 27 Email from Julie Allsman to Camelot Counsel Morris).[4]

## ARGUMENT

**I.  THE ATTORNEY SIGNATURES ON THE COMPLAINT AND OTHER FILINGS ARE NOT "UNAUTHORIZED" AS DEFENDANTS CLAIM**

Camelot and Ray begin by arguing, at length, that the Local Rules of the Southern District are binding law. Dkt. No. 163, pp. 7-11 ("Camelot Mot."); Dkt. No. 164, p. 2. The

---

[3] Some of the filings identified by Defendants at paragraphs 5-7 of their "Statement of Facts" were filings in another case, including a declaration signed by Ms. Klunder in support of the Commission's opposition to the defendant's summary judgment motion in that other case, in which Ms. Klunder inaccurately stated she was a member of the bar of the State of New York. As discussed below, these filings are being addressed by Judge Koeltl in another case and cannot form the basis for any prejudice in this case. *See infra* n. 8.

[4] Jones Decl., Ex. E was also submitted by Camelot as Ex. F to its brief, Dkt. No 163-6.

3

Commission agrees. Defendants then repeatedly suggest that this Court must strike various Commission filings because they were "unauthorized filings." Dkt. No. 163, pp. 7, 21, 22. But the filings signed by Ms. Klunder were not, in any way, "unauthorized" as she was not suspended in the Southern District when she did so. This should end the inquiry.

Even if Ms. Klunder had not been in good standing in the Southern District, striking those pleadings would not be the appropriate remedy, particularly where the Commission was also represented by other counsel here who have been admitted *pro hac*. Precedent from this District and other federal courts establish that Defendants' requested relief would not be warranted even if there had been a problem with Ms. Klunder signing the filings. A complaint "need not be struck … for failure to contain an attorney signature." *Langreich v. Gruenbaum*, 06CIV4931 (BSJ), 2009 WL 321253, at *3 (S.D.N.Y. 2009); *see also Caison v. Scientific*, 2022 WL 10146542, at *3 (W.D. Va. Oct. 17, 2022) ("a paper that, due the application of another rule, is considered invalid because of a wrong signature can be considered unsigned under Rule 11."); *Li v. Chung LLC*, 2025 WL 1939587, at *3 (W.D. Va. July 15, 2025) (possibility of correction under Fed. R. Civ. P. 11(a) and failure to show prejudice resulted in denial of motion to strike.) "Although Rule 11 … requires all pleadings to be signed by counsel, it does not invalidate unsigned pleadings. The rule merely provides that an unsigned pleading *may be* stricken." *In re Legon*, 85 F. Supp. 946, 947 (S.D.N.Y. 1949) (considering signature of party bank president, instead of counsel, to be "substantial compliance with the rule."). And, in *New York v. Mountain Tabacco Co.*, the District Court for the Eastern District of New York denied dismissal for failure to sign the complaint and found no prejudice from the signature deficiency. 55 F. Supp. 3d 301, 310 (E.D.N.Y. 2014). In short, "[a]n unsigned pleading is not invalid." *Rasheed v. D'Antonio*,

4

No. CIV.A. 10-11253-GAO, 2012 WL 1065574, at *4 (D. Mass. Mar. 12, 2012), *report and rec. adopted*, 2012 WL 1065572 (D. Mass. Mar. 27, 2012).

## II.   DEFENDANTS FAIL TO ESTABLISH VIOLATIONS OF THE LOCAL RULES OR ENTITLEMENT TO ANY REMEDIES

Defendants propose an interpretation of the local rules, without citation to any federal case law, that diverges from the interpretation of the S.D.N.Y. Grievance Committee Counsel and further contend that their interpretation compels the Court to dismiss the Complaint. Defendants' arguments do not warrant striking the Complaint or the other remedies they seek.

### A.   Defendants Misinterpret Local Rule 1.3

As a preliminary matter, Defendants argue that Local Rule 1.3 requires ongoing good standing in New York State. But the text of that Rule does not support Defendants' argument, and, as referenced above, the S.D.N.Y. Grievance Committee Counsel says otherwise. Local Rule 1.3 states that attorneys who are in good standing with the State of New York may be admitted to the Southern District of New York. That happened. Ms. Klunder was admitted in October 2011 to the Southern District based on her good standing at the time. By its text and title ("Local Rule 1.3, Admission to the Bar"), the rule is about admission—not about subsequent events—and does not apply here.

### B.   Defendants Argue for an Interpretation of Local Rule 1.5 Inconsistent with that of the Grievance Committee Counsel

The thrust of Defendants' argument is that they should get remedies for the Commission's failure to comply with Local Rule 1.5. But their claim of a Rule 1.5 violation does not follow the position of the arm of this Court charged with interpreting and enforcing that Rule, namely, the S.D.N.Y. Grievance Committee. *See* Local Rule 1.5(a) ("the Committee on Grievances … under the direction of the Chief Judge, will have charge of all matters relating to the discipline of

5

attorneys."). In response to defense counsel's inquiry about this specific point, Counsel for the S.D.N.Y. Grievance Committee stated that:

> suspensions entered solely for failure to comply with New York's biennial registration requirements … do not constitute disciplinary proceedings within the meaning of Local Rule 1.5 (b)(1) … Accordingly, **no reporting obligation to this Court arises from such administrative suspensions**. [Such] an administrative suspension … **does not affect an attorney's admission status or ability to practice before this Court**. The attorney's eligibility to practice in the Southern District of New York remains unaffected by the administrative suspension, absent separate action by this Court's Committee on Grievances. This Court does not impose reciprocal discipline for administrative suspensions that are non-disciplinary in nature. **Rule 1.5(d)(2) applies to orders of discipline involving misconduct, not administrative matters such as registration compliance**.

Jones Decl., Ex. E (emphasis added).

Defendants, however, want the Court to follow a different interpretation of Local Rule 1.5 than that set forth by the Southern District's Grievance Committee Counsel. And they want this Court to impose consequences against the Commission for the supposed violation of their alternative interpretation. As an initial matter, this Court need not address that question because, even if there were a violation of Local Rule 1.5 caused when Ms. Klunder and the Commission did not notify the Court of the suspension, Defendants have failed to establish that they are entitled to any relief as a result. Nor do Defendants ever explain how the failure to give timely notice under their interpretation of Local Rule 1.5 compels the striking of the Complaint or any other filing. Local Rule 1.5(h) requires that "the attorney shall deliver a copy of the order to the clerk of this court…" and suggests that the failure to do so may result in attorney discipline. It does not provide for notice to opposing parties or suggest litigation consequences for failure to do so. Nothing about the text of Local Rule 1.5 suggests that opposing parties (a) have a right to notice under that Rule or (b) a right to a remedy for its violation. To the contrary, Local Rule 1.5(h)(4) specifies that a violation of the notice requirement can bring consequences to the *attorney* who violated the Rule but makes no mention of consequences to the party that attorney

6

represents. There is no legal support for Defendants' demand for consequences for the party (here, the Commission) even if there were a violation of Local Rule 1.5(h), which there wasn't. Thus, Local Rule 1.5 does not provide a basis for Defendants' requested relief.

### III.  DEFENDANTS FAIL TO ESTABLISH PREJUDICE OR EXPLAIN HOW THE SUPPOSED LOCAL RULE VIOLATION WARRANTS STRIKING FILINGS

Defendants declare an "impossible situation" caused by the existence of SEC filings on the docket that bear Ms. Klunder's signature. Camelot claims that "every filing involving Ms. Klunder is now questionable." Dkt. No. 163, p. 21. But that is simply not the case. There is no legal or factual basis for Defendants to question Ms. Klunder's signature on these filings and therefore there is nothing that supports that the Defendants are in an "impossible situation."

Among other things, Camelot argues that all pleadings "signed by or substantially prepared by Ms. Klunder" should be stricken, that all pleadings re-filed should "eliminate any unfair advantage derived from defendants' prior disclosures"[5] and that the Commission should "shoulder remedial burdens created by its violation" to restore defendants to their original, pre-filing position. Dkt. No. 163, at 24. In the alternative, without citing any legal precedent, Camelot asks this Court to issue an order to show cause and to shift the burden to the Commission to show why the relief Camelot seeks should not be granted. *Id*.

Courts in the Second Circuit can impose sanctions on parties in civil cases "by any … number of rules or statutory provisions, or … on the basis of the court's inherent powers." *Sakon v. Andreo*, 119 F.3d 109, 113 (2d Cir. 1997). District courts have inherent authority to sanction litigants "for bad faith conduct violating the Court's orders even if procedural rules exist which sanction the same conduct." *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d

---

[5] It is not clear what Camelot means in asking for submissions to be re-filed in a way that would eliminate "any unfair advantage derived from defendants' prior disclosures." There is no deficiency in any of the pleadings and no need for remedial action.

7

Cir. 2010). But before imposing such sanctions, the court must find "by clear and convincing evidence … that the party or attorney knowingly submitted a materially false or misleading pleading, or knowingly failed to correct false statements, as part of a deliberate and unconscionable scheme to interfere with the Court's ability to adjudicate the case fairly." *Braun ex rel. Advanced Battery Techs., Inc. v. Zhiguo Fu*, No. 11-cv-4383 (CM)(DF), 2015 WL 4389893, at *17 (S.D.N.Y. July 10, 2015) (further observing that the Second Circuit "has always required a particularized showing of bad faith to justify the use of the court's inherent power"); *see also Usherson v. Bandshell Artist Mgmt.,* 19-cv-6368 (JMF), 2020 WL 3483661, at *9 (S.D.N.Y. June 26, 2020) (noting that award of attorney's fees under court's inherent power requires finding "that the wrongdoer acted in bad faith or that he willfully disobeyed the Court's orders).

Camelot cannot meet the applicable legal standard for the imposition of sanctions in the Second Circuit. First, Camelot is not in an "impossible situation" by virtue of the undisclosed bar suspension. The factual record is bereft of any evidence that tangible harm was caused to Camelot by Ms. Klunder's bar suspension. All of the Commission's pleadings are well-supported by the evidence and were written, co-written, or joined by undersigned counsel (who were unaware of Ms. Klunder's suspension prior to July 30, 2025). Accordingly, there has been no prejudice to Camelot, and there is nothing to remediate.[6]

Second, in seeking sweeping relief – including striking the Complaint – Camelot argues that the Commission engaged in misconduct that either involved fraud on the court or

---

[6] Straining to find some hook on which to hang their desired relief, Defendants point to a declaration filed with the Commission's opposition to summary judgment in *another case*, *SEC v. Farber*, 24-cv-00273-JGK (S.D.N.Y., filed Jan. 12. 2024). This is a reference to a statement about Ms. Klunder's bar status on a declaration attaching exhibits in that matter. But that matter *did not involve any of the defendants here*, and thus could cause no prejudice to the Defendants or entitle them to relief in this case. In any event, any issue concerning that declaration is pending before Judge Koeltl.

8

demonstrated "bad faith, vexatiously, wantonly, or for oppressive reason[.]" Camelot Mot. at 22. But there is no evidence that the Commission acted in bad faith, and the few cases cited by Camelot involve facts far more extreme than in this case. For example, in *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123 (1991), the Supreme Court upheld the district court's invocation of its inherent power to dismiss a case in which the party engaged in a lengthy and well-documented campaign of fraud on the court. *See id*. at 2128-31 (noting that Chambers' actions included filing several false and frivolous pleadings, blocking access to discovery, and engaging in a "simulated sale" of property). As the Supreme Court observed, dismissal of a civil action is a particularly severe sanction" and cautioned that the court's inherent powers "must be exercised with restraint and discretion." *Id*. at 2132. The Court nonetheless found that dismissal was appropriate, particularly where the judge imposed lesser sanctions (a $25,000 fine) and issued numerous verbal warnings that did not deter Chambers from continuing to "abuse the judicial process." *Id*. at 2129-30. *See, e.g.*, *Sistem Muhendislik Insaat Sanayi Ve Ticaret, A.S. v. Kyrgyz Republic*, 12-cv-4502 (Carter, J.), 2021 WL 39582, at *1 (S.D.N.Y. Jan. 5, 2021) (increasing civil sanctions against Defendant—after years-long failure to comply with discovery and court orders—from $5,000 per day to $15,000 after 30 days absent "full compliance with all outstanding discovery demands" or satisfaction of the judgment).

Courts in this District routinely take a cautious and incremental approach to imposing sanctions when the court's rules or orders have been violated. For example, in *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, 673 F. Supp. 3d 345 (S.D.N.Y. 2023), Magistrate Judge Cave imposed remedies under Fed. R. Civ. P. 37(b) for repeated and egregious discovery violations, including willful noncompliance with requests and making inaccurate representations to the court. *Id*. at 355. Judge Cave imposed attorney's fees in the sum of

9

reasonable expenses caused by the discovery deficiencies, and denied more severe sanctions, including dismissal of the complaint, while cautioning the sanctioned party that dismissal could follow if further violations occurred. *Id*. at 363. While Judge Cave's decision was in the context of discovery, not bar admission rules, her opinion applies the same reasoning outlined in *Chambers*: that courts should impose sanctions that are proportional to the violations and narrowly tailored to cure any harm from the litigant's misconduct. *Compare Rock v. Enfants Riches Deprimes*, LLC, 17-cv-2618 (Carter, J.), 2020 WL 468904, at *3 (S.D.N.Y. Jan. 29, 2020) (imposing sanction of portions of attorney's fees where plaintiff's conduct "undoubtedly demonstrate[d] bad faith" including "failing to investigate the evidentiary basis for a Complaint, … stonewalling discovery, … misleading the Court, and … making meritless arguments[.]").

By contrast here, Defendants propose sanctions that are neither proportional nor narrowly tailored, asking this Court to dismiss the Complaint and to strike other pleadings. Certainly government agencies – like any litigant before this Court – must follow the rules in this District, including the Local Rules, but imposing sanctions on a litigant requires a showing of tangible harm, and that is entirely absent here. Defendants lean heavily into accusing the SEC of "misconduct" that has "corrupt[ed] judicial proceedings" including "potentially invalid filings," but they fail to make a particularized showing of bad faith or of harm. Where there is no evidence of a "deliberate and unconscionable scheme" of bad-faith misconduct, and where Defendants cannot show tangible harm, sanctions are unwarranted.

## **CONCLUSION**

As expressed in the Commission's August 4th letter (Dkt. No. 110), the Commission regrets that this Court was not timely informed of the state bar suspension. However, based on the facts and arguments above, the Defendants' Motion should be denied.

Dated: October 22, 2025                SECURITIES AND EXCHANGE COMMISSION

*/s/ Marc J. Jones*
Marc J. Jones (*pro hac vice*)
Rua M. Kelly (*pro hac vice*)
33 Arch Street, 24th Floor
Boston, MA 02110
jonesmarc@sec.gov
(617) 573-8900

## CERTIFICATE OF SERVICE

I hereby certify that, on October 22, 2025, a true and correct copy of the foregoing document was filed through the Court's CM/ECF system, and accordingly, the document will be sent electronically to all participants registered to receive electronic notices in this case.

*/s/ Marc J. Jones*
Marc J. Jones