```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
───────────────────────────────────────
SECURITIES AND EXCHANGE COMMISSION,
       Plaintiff,   24-cv-0273 (JGK)

   - against -     MEMORANDUM OPINION
             AND ORDER
JONATHAN FARBER, AARIF JAMANI, AND
BRIAN KEASBERRY
       Defendants.
───────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

  The Securities and Exchange Commission ("SEC") brings this action against Jonathan Farber, Aarif Jamani, and Brian Keasberry. The SEC alleges that the defendants executed a scheme to profit by accumulating, manipulating, and selling County Line stock to retail investors in violation of various provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934. See Compl. ¶ 4, ECF No. 4.

  On August 29, 2025, the defendants Farber and Keasberry ("the defendants") moved to strike the complaint pursuant to Fed. R. Civ. P. 11(a), 12(f), and 12(h)(3), and Local Civil Rules 1.3(a) and 1.5(b)(1). See ECF No. 100. For the reasons explained below, the motion to strike is **denied**.

**I.**

  On January 16, 2024, the SEC filed the complaint in this case, which was signed by Nita K. Klunder. See Compl. at 32. Thereafter, Klunder signed and filed other submissions in this matter. See, e.g., ECF Nos. 29, 38, 41.

On July 7, 2025, the defendants moved for partial summary judgment. ECF No. 81. On July 23, 2025, the SEC filed its opposition, together with a counterstatement and a declaration, each signed by Klunder. ECF Nos. 82-84. On July 30, 2025, the defendants filed their reply, noting that Klunder's New York bar registration had been suspended in 2022 for failure to pay the required fee. See Puzzo Decl. ¶¶ 3-5, ECF No. 90-1. The SEC subsequently confirmed the suspension. See ECF No. 91.

Klunder has been a member in good standing of the Massachusetts bar since 2013. See Jones Decl. Ex. E, ECF No. 103-5. Klunder was admitted to the bar of this Court in October 2011 and has remained in good standing. See Jones Decl. Ex. B, ECF No. 103-2. On August 19, 2025, the Court's Grievance Committee confirmed that Klunder's admission to this Court was unaffected by the administrative suspension of Klunder's New York State bar registration. See id. On September 4, 2025, the New York State Supreme Court, Appellate Division, First Department, reinstated Klunder. See Jones Decl. Ex. G, ECF No. 103-7.

## II.

In this case, the defendants contend that because Klunder's New York state bar registration was administratively suspended when she signed the complaint and later filings, those papers must be stricken for lack of authority.

2

The argument lacks merit. Rule 11 requires that filings be signed by "an attorney of record," Fed. R. Civ. P. 11(a), and Klunder was admitted to — and in good standing with — the bar of this Court when she signed the complaint and the subsequent submissions. An attorney's authority to practice in federal court derives from the federal court's own admission and disciplinary power, which is independent of a state's attorney-registration status. See Theard v. United States, 354 U.S. 278, 282 (1957) (state discipline does not automatically control in federal court); In re Snyder, 472 U.S. 634, 643 (1985) (federal courts admit and discipline attorneys as an exercise of their inherent authority); see also Spanos v. Skouras Theatres Corp., 364 F.2d 161, 165 (2d Cir. 1966) (same).

The defendants' reliance on In re Lite Ray Realty Corp., 257 B.R. 150 (Bankr. S.D.N.Y. 2001), is misplaced. Lite Ray held that a state-suspended attorney could not appear in Bankruptcy Court because bankruptcy practice does not fall within any "purely federal" exception; it necessarily involves advice on state-law matters. Id. at 155-57. Unlike Lite Ray, this case arises under the federal securities laws and falls within the federal context.

Moreover, Klunder's suspension was administrative — not for misconduct — and she was promptly reinstated. The defendants

3

identify no prejudice arising from the brief period of suspension from the New York State bar.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not addressed specifically, those arguments are either moot or without merit. For the foregoing reasons, the motion to strike is **denied**.

The Clerk is respectfully directed to close ECF No. 100.

SO ORDERED.
Dated:   New York, New York
         January 30, 2026

                                  _____
                                     John G. Koeltl
                                  United States District Judge

4