**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x

SECURITIES AND EXCHANGE
COMMISSION,

                **Plaintiff,**

              **-against-**

HARRY ZHABILOV, ET. AL

              **Defendants,**

**and**

NY FARMS GROUP, INC. and EQUITY
MARKETS ADV LLC.,

             **Relief Defendants.**

-------------------------------------------------------- x

                    **1:24-cv-07362 (ALC)**

                    <u>**OPINION AND ORDER**</u>

**ANDREW L. CARTER, JR., United States District Judge:**

The Securities and Exchange Commission ("SEC" or "Plaintiff") brings this action against defendants Harry Zhabilov, Billy Ray, Jr., Charles Dilluvio, Stephen Apolant, Dannie Zhabilov, Jonathan Farber, Camelot Nevada Trust, Seacor Capital, Inc., Sky-Direct LLC, and Wexford Industries Ltd., and the relief defendants NY Farms Group, Inc. and Equity Markers ADV LLC (each individually a "Defendant," and collectively "Defendants"). The SEC alleges that the Defendants engaged in a fraudulent scheme in violation of various provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934. *See generally*, Dkt. No. 1, Compl. Now before the Court are Defendants Camelot Nevada Trust and Billy V. Ray, Jr.'s Motion to Strike the pleadings in this matter pursuant to Fed. R. Civ. P. 11(a) and Local Rule 1.5,[1] as well as Attorney Nita Klunder's Motion to Withdraw (Dkt. No. 111). For the reasons explained below, the Motion

---

[1] Defendants raise Rule 11 in their pre-motion conference letter (Dkt. No. 107) and Local Rule 1.5 in their briefs (Dkt. Nos. 163–164). The Court addresses both in this Opinion.

to Strike is **DENIED**; the Motion to Withdraw is **GRANTED**.

## BACKGROUND

On September 30, 2024, the SEC initiated this action by filing the Complaint, which was signed by SEC Attorneys Nita Klunder ("Klunder"), Marc Jones ("Jones"), and Amy Gwiazda ("Gwiazda") .[2] *See* Compl., at 36. Attorney Jones indicated in his signature block that he was not admitted in the United States District Court for the Southern District of New York ("S.D.N.Y."), and on October 2, 2024, filed a motion for admission *pro hac vice* (Dkt. No. 5).

Thereafter, Klunder signed and filed other submissions in this matter. *See*, *e.g.*, Dkt. Nos. 2, 47. Attorney Jones, and another SEC Attorney, Rua Kelly ("Kelly") did not sign earlier submissions in this suit, but they were listed as counsel in the signature block of certain filings below Attorney Klunder. *See, e.g.,* Dkt. No. 47. Attorney Kelly moved for admission *pro hac vice* on October 23, 2024. Dkt. No. 18.

In a letter dated July 30, 2025, Defendants Camelot Nevada Trust ("Camelot") and Billy V. Ray, Jr. ("Ray") brought to the Court's attention the fact that Attorney Klunder was suspended from the practice of law in the state of New York on November 17, 2022, and had never been reinstated. Dkt. No. 107 at 1. They also informed the Court that Attorney Klunder had falsely declared status as a member in good standing of the New York Bar in a sworn declaration filed on July 23, 2025, in a different lawsuit *SEC v. Farber*, No. 24-cv-00273 (S.D.N.Y.). *Id.* Defendants claimed that Attorney Klunder's actions violated N.Y. Judiciary Law §§ 478 and 486. *Id.* Defendants also claimed that Attorney Klunder failed to report her suspension to this Court in violation of Local Rule 1.5, which is binding under 28 U.S.C. § 2071

---

[2] Although listed as a signatory on the Complaint, Attorney Gwiazda is not counsel of record in this suit.

and Fed. R. Civ. P. 83. *Id.* Defendants Camelot and Ray thus sought leave to file, among other things, a motion to disqualify Attorney Klunder and strike all pleadings filed or prepared by her. *Id.*, at 3. On August 8, 2025, the Court granted Defendants Camelot and Ray leave to file their motion. Dkt. No. 114.

On August 4, 2025, the SEC moved to withdraw Klunder as counsel in this matter. *See* Dkt. No. 111.  On October 8, 2025, Defendants filed their Motion to Strike. Dkt. Nos. 163–64. On October 22, 2025, the SEC filed their Motion in Opposition to the Motion to Strike. Dkt. No. 166. Defendants did not file a Reply. On February 2, 2026, the SEC filed a notice of additional authority, which discussed how the Court in *SEC v. Farber*, No. 24-cv-00273 (S.D.N.Y.) resolved the issue of Attorney Klunder's suspension. [3] Dkt. No. 175.

The Court's review of each of the foregoing motions, along with all declarations submitted in support thereof, and all documents appended thereto, makes clear that at all times during these proceedings, Klunder was a licensed attorney. Specifically, she was licensed in Massachusetts, where she has remained in good standing since 2013. Furthermore, Klunder is admitted to practice in this District and has been admitted since October 2011. Dkt. No. 166 at 2. While it is true that Klunder was suspended from the New York Bar due to non-payment of the biennial fees, her state bar suspension did not cause her to be suspended in the Southern District, where this case was brought. *Id*. at 1. Thus, when Klunder signed the Complaint and other filings in this case, she was not suspended from this Court. *Id.* at 3. It is with this important background

---

[3] The *SEC v. Farber* case was first raised as potentially relevant to these proceedings **by Defendants**. *See* Dkt. No. 107 at 1. Yet, on February 6, 2026, Defendant Ray sought leave to file a motion to strike Plaintiff's notice of additional authority as improper and prejudicial. Dkt. No. 176. The *Farber* case is clearly relevant to these proceedings; Defendant Ray's request is thus **DENIED**.

that the Court analyzes the Motion to Strike.

## DISCUSSION

It is undisputed that Attorney Klunder was suspended from the New York State Bar when this action was filed, and that despite her suspension, she appeared in federal court, filed pleadings, and executed declarations falsely asserting that she was a member in good standing of the New York Bar. Defendants claim that, as a result of Attorney Klunder's actions, every pleading, factual assertion, or legal argument that Klunder had a substantial hand in is potentially compromised. Defendants further contend that Klunder's failure to report her suspension to the Court violated Local Rule 1.5(b)(1). Defendants thus ask the Court to strike all pleadings and motions prepared by Attorney Klunder, require amended refiling of the same, and issue an order directing the SEC to bear the costs of any remedial burdens. Dkt. No. 163 at 24; Dkt. No. 164 at 3. For the reasons set forth below, the Court declines to do so.

### I.    The Federal Rules of Civil Procedure Do Not Require the Pleadings to be Struck

The question of whether Attorney Klunder's suspension from the New York Bar requires that pleadings be struck in a suit pending in this district was squarely addressed in *SEC v. Farber*, No. 24-cv-00273 (S.D.N.Y.). The Court in *Farber* held that such an argument lacks merit because Rule 11 merely "requires that filings be signed by 'an attorney of record,' Fed. R. Civ. P. 11(a), and Klunder was admitted to — and in good standing with—the bar of this Court when she signed the complaint and the subsequent submissions." Dkt. No. 109 at 3. The *Farber* Court further explained that "[a]n attorney's authority to practice in federal court derives from the federal court's own admission and disciplinary power, which is independent of a state's attorney registration status." *Id*. Therefore, suspension from a state bar does not require that a

4

court strike the pleadings in a suit. *See Theard v. United States*, 354 U.S. 278, 282 (1957) (an accusation of disbarment by a state court is entitled to "high respect," but "it is not conclusively binding on the federal courts.")

The situation here is identical to the one presented in *Farber*. Klunder was admitted to, and in good standing with, the bar of this Court when she signed the complaint and the subsequent submissions. Dkt. No. 166 at 2. This Court agrees with the *Farber* Court and sees no reason to depart from the *Farber* Court's reasoning or holding.

## II.    Local Rule 1.5 Does Not Require the Pleadings to be Struck

Defendants argue that the pleadings should be struck pursuant to Local Rule 1.5, which requires that an attorney who "has been disciplined by any federal court or by a court of any state or territory," notify the Clerk of Court. Local Rule 1.5(b)(2); Dkt. No. 164 at 2-3. The rule further provides that where an order of discipline has been entered by another court, reciprocal discipline may be imposed by a court in this district after notice and an opportunity to be heard. The rule applies to orders of discipline involving misconduct; it does not apply administrative suspensions. *See* Dkt. No. 167, Exhibit E. When an attorney is suspended due to failure to comply with registration requirements, the suspension does not constitute "discipline" or disciplinary proceedings within the meaning of Local Rule 1.5. As such, no reporting obligation arises, nor does it affect an attorney's ability to practice before this Court. *Id.* Klunder's suspension here was administrative— it was not the result of any misconduct. Therefore, the reporting requirements in Local Rule 1.5 do not apply.

## III.    The Factual Record Does Not Support Striking the Pleadings

Here, Defendants were not prejudiced by Attorney Klunder's actions. Klunder's suspension was administrative, not for misconduct, and she was reinstated by the New York State First Appellate Division on September 4, 2025. Dkt. No. 166 at 2. Defendants have not shown evidence that they were prejudiced from her actions or period of suspension. Furthermore, Klunder was not working alone. The SEC was also represented by Attorneys Jones and Kelly, both of whom have been admitted to practice in this district *pro hac vice*. *Id.,* at 4. The simple fact that Klunder was suspended from the bar at the time the pleadings were filed does not diminish the contributions of other counsel who worked on the matter, nor does the absence of their signatures on the final pleading negate the value or integrity of that work.

## CONCLUSION

The Court has considered all of Defendants' arguments. To the extent any argument raised by Defendants is not addressed specifically, those arguments are either moot or without merit. For the reasons set forth above, Defendants' Motion to Strike is **DENIED**. Attorney Klunder's Motion to Withdraw is **GRANTED**. The Clerk of Court is respectfully directed to terminate the pending motions at Dkt. Nos. 111 and 163.

**SO ORDERED.**
**Dated:    March 31, 2026**
**           New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**

6