<table>
<tr><td>

SECURITIES AND EXCHANGE
COMMISSION,

       **Plaintiff,**

  **v.**

HARRY ZHABILOV,
BILLY V. RAY, JR.,
CHARLES DILLUVIO,
STEPHEN APOLANT,
DANNIE ZHABILOV,
JONATHAN FARBER,
CAMELOT NEVADA TRUST,
SEACOR CAPITAL, INC.,
SKY-DIRECT LLC, and
WEXFORD INDUSTRIES LTD.,

       **Defendants,**

**and**

NY FARMS GROUP, INC. and
EQUITY MARKETS ADV LLC,

       **Relief Defendants.**

</td><td>

Civil Action No. 1:24-CV-7362

DEFENDANT BILLY V. RAY, JR.'S
ANSWERS TO AMENDED
COMPLAINT WITH JURY TRIAL
DEMANDED

</td></tr>
</table>

Defendant **Billy V. Ray, Jr. ("Ray")**, pro se, answers the Amended Complaint as follows:

## GENERAL DENIAL

Except as expressly admitted herein, Ray denies each and every allegation of the Amended

Complaint.

## RESPONSES TO SPECIFIC ALLEGATIONS

1. Ray denies the allegations in Paragraph 1 to the extent they characterize him as participating

in any fraudulent scheme or wrongdoing. Ray admits he is named as a defendant.

2. Ray denies Paragraph 2

3. Ray lacks knowledge or information sufficient to form a belief and therefore denies Paragraph

3.

4. Ray lacks knowledge or information sufficient to form a belief and therefore denies Paragraph 4.

5. Ray lacks knowledge or information sufficient to form a belief and therefore denies Paragraph 5.

6. Ray lacks knowledge or information sufficient to form a belief and therefore denies Paragraph 6

7. Ray lacks knowledge or information sufficient to form a belief and therefore denies Paragraph 7.

8. Ray lacks knowledge or information sufficient to form a belief and therefore denies Paragraph 8.

9. Ray lacks knowledge or information sufficient to form a belief and therefore denies Paragraph 9.

10. Ray lacks knowledge or information sufficient to form a belief and therefore denies Paragraph 10.

11. Denied as to Ray/

12. No response required.

13. No response required.

14. Defendant Ray agrees this Court has jurisdiction.

15. Defendant Ray admits that venue is proper in this Court strictly as a matter of law, but denies any acts or transactions alleged in the Amended Complaint corrupted in this district. Ray also denies the remainder of the of the aDllegations in Paragraph 15.

16. Ray denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.Defendant Billy Ray, Jr. admits that is his name, and that he once lived in Marrietta, Georgia. Ray admits he was charged in 2014 by the SEC for Section 17(a)(1).  Ray denies all the remaining allegations as mischaracterizations and denies the same.

18. Ray denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Ray denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Ray denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Ray denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21

22. Ray admits that Camelot Nevada Trust is a Nevada Trust.  He denies the rest of the description as a mischaracterization and to the denies the rest of the allegation to the extent it alleges coordination, control, or participation in a "control group."

23, Ray lacks knowledge or information sufficient to form a belief and therefore denies Paragraph 23.

24. Ray lacks knowledge or information sufficient to form a belief and therefore denies Paragraph 24.

25. Ray lacks knowledge or information sufficient to form a belief and therefore denies Paragraph 25

26, Ray lacks knowledge or information sufficient to form a belief and therefore denies Paragraph 26.

27. Ray lacks knowledge or information sufficient to form a belief and therefore denies Paragraph 27.

28. Ray denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29. Paragraph 29 contains legal conclusions to which no response is quired.  To any extent a response is required, Ray denies any allegations in Paragraph 29.

30. Paragraph 30 contains legal conclusions to which no response is quired.  To any extent a response is required, Ray denies any allegations in Paragraph 30.

31, Paragraph 31 contains legal conclusions while mischaracterizing fact to which no response is quired.  To any extent a response is required, Ray denies any allegations in Paragraph 31.

32. Paragraph 32 contains legal conclusions while mischaracterizing fact to which no response is quired.  To any extent a response is required, Ray denies any allegations in Paragraph 32.

33. Paragraph 33 contains legal conclusions while mischaracterizing fact to which no response is quired.  To any extent a response is required, Ray denies any allegations in Paragraph 33.

34, Paragraph 34 contains legal conclusions to which no response is quired.  To any extent a response is required, Ray denies any allegations in Paragraph 34.

35, Paragraph 35 contains legal conclusions to which no response is quired.  To any extent a response is required, Ray denies any allegations in Paragraph 35.

36. Paragraph 36 contains legal conclusions to which no response is quired.  To any extent a response is required, Ray denies any allegations in Paragraph 36.

37. Denied. Ray denies any allegation in Paragraph 37 that he engaged in or participated in any coordinated scheme or acted in concert with any other defendant.

38. Denied. Ray denies any allegation in Paragraph 38 that he engaged in or participated in any coordinated scheme or acted in concert with any other defendant.

39. Denied. Ray denies any allegation in Paragraph 39 that he engaged in or participated in any coordinated scheme or acted in concert with any other defendant.

40. Denied. Ray denies any allegation in Paragraph 40 that he engaged in or participated in any coordinated scheme or acted in concert with any other defendant.

41. Denied. Ray denies any allegation in Paragraph 41 that he engaged in or participated in any coordinated scheme or acted in concert with any other defendant.

42. Denied. Ray denies any allegation in Paragraph 42 that he engaged in or participated in any coordinated scheme or acted in concert with any other defendant.

43. Denied. Ray denies any allegation in Paragraph 43 that he engaged in or participated in any coordinated scheme or acted in concert with any other defendant.

44. Denied. Ray denies any allegation in Paragraph 44 that he engaged in or participated in any coordinated scheme or acted in concert with any other defendant.

45, Denied. Ray denies any allegation in Paragraph 45 that he engaged in or participated in any coordinated scheme or acted in concert with any other defendant.

46. Ray Denies Paragraph 46. More particularly:

Ray denies:

- that he exercised control over Enzolytics;
- that he acted as part of any control group;
- that actions of other defendants are attributable to him.

47. Ray Denies Paragraph 47. More particularly:

Ray denies:

- that he exercised control over Enzolytics;
- that he acted as part of any control group;
- that actions of other defendants are attributable to him.

48. Ray Denies Paragraph 48. More particularly:

Ray denies:

- that he exercised control over Enzolytics;
- that he acted as part of any control group;
- that actions of other defendants are attributable to him.

49. Ray Denies Paragraph 49. More particularly:

Ray denies:

- that he exercised control over Enzolytics;
- that he acted as part of any control group;
- that actions of other defendants are attributable to him.

50. Ray Denies Paragraph 50. More particularly:

Ray denies:

- that he exercised control over Enzolytics;
- that he acted as part of any control group;
- that actions of other defendants are attributable to him.

51. Ray admits, upon information and belief, that certain underlying transactions may have occurred from paragraph 51.

Ray denies:

- the characterization of those transactions;
- any implication of coordination, fraud, or scheme;
- that such allegations establish liability as to Ray.

Ray further denies any conclusory, speculative, or inferential allegations.

52. Ray admits, upon information and belief, that certain underlying transactions may have occurred from paragraph 52.

Ray denies:

- the characterization of those transactions;
- any implication of coordination, fraud, or scheme;
- that such allegations establish liability as to Ray.

Ray further denies any conclusory, speculative, or inferential allegations.

53. Ray admits, upon information and belief, that certain underlying transactions may have occurred from paragraph 53.

Ray denies:

- the characterization of those transactions;
- any implication of coordination, fraud, or scheme;
- that such allegations establish liability as to Ray.

Ray further denies any conclusory, speculative, or inferential allegations.

54. Ray denies any knowledge of the events of paragraph 54.

55. Ray denies paragraph 55, more particularly:

- the characterization of those transactions;

- any implication of coordination, fraud, or scheme;
- that such allegations establish liability as to Ray.

Ray further denies any conclusory, speculative, or inferential allegations in paragraph 55.

56. Ray admits, upon information and belief, that certain underlying transactions may have occurred from paragraph 56. Ray denies:

- the characterization of those transactions;
- any implication of coordination, fraud, or scheme;
- that such allegations establish liability as to Ray.

Ray further denies any conclusory, speculative, or inferential allegations.

57.  Ray denies any allegations as to him in Paragraph 57.  Ray further denies Paragraph 57's mischaracterization of events.

58. Ray denies the allegations as to him in Paragraph 58 and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations.  Ray did not work for ENZC from approximately September 30, 2018 to August 8, 2021.

59. Ray denies all of paragraph 59.

60. Paragraph 60 is Denied.

Ray denies that the allegations accurately characterize the transactions described or imply wrongdoing.

Ray denies that any conduct attributed to him was improper or inconsistent with applicable law, including Section 3(a)(10) of the Securities Act.

61. Paragraph 61 is Denied.

Ray denies that the allegations accurately characterize the transactions described or imply wrongdoing.

Ray denies that any conduct attributed to him was improper or inconsistent with applicable law, including Section 3(a)(10) of the Securities Act.

62. Paragraph 62 is Denied.

Ray denies that the allegations accurately characterize the transactions described or imply wrongdoing.

Ray denies that any conduct attributed to him was improper or inconsistent with applicable law, including Section 3(a)(10) of the Securities Act.

63. Paragraph 63 is Denied.

Ray denies that the allegations accurately characterize the transactions described or imply wrongdoing.

Ray denies that any conduct attributed to him was improper or inconsistent with applicable law, including Section 3(a)(10) of the Securities Act.

64. Paragraph 64 is Denied.

Ray denies that the allegations accurately characterize the transactions described or imply wrongdoing.

Ray denies that any conduct attributed to him was imp66.roper or inconsistent with applicable law, including Section 3(a)(10) of the Securities Act.

65. Paragraph 65 is Denied.

Ray denies that the allegations accurately characterize the transactions described or imply wrongdoing.

Ray denies that any conduct attributed to him was improper or inconsistent with applicable law, including Section 3(a)(10) of the Securities Act.

66. Paragraph 66 is Denied.

Ray denies that the allegations accurately characterize the transactions described or imply wrongdoing.

Ray denies that any conduct attributed to him was improper or inconsistent with applicable law, including Section 3(a)(10) of the Securities Act

67. Paragraph 67 is Denied.

Ray denies:

- the existence of any coordinated "Associate" acting on his behalf;
- that any alleged discussions constituted a scheme;
- that such allegations are supported by particularized facts.

Ray further denies any implication of involvement in the conduct described.

68. Paragraph 68 is Denied.

Ray denies:

- the existence of any coordinated "Associate" acting on his behalf;
- that any alleged discussions constituted a scheme;
- that such allegations are supported by particularized facts.

Ray further denies any implication of involvement in the conduct described.

69. Paragraph 69 is Denied.

Ray denies:

- the existence of any coordinated "Associate" acting on his behalf;
- that any alleged discussions constituted a scheme;
- that such allegations are supported by particularized facts.

Ray further denies any implication of involvement in the conduct described.

70. Ray admits, upon information and belief, that certain entity naming inconsistencies may have existed in Paragraph 70.

Ray denies:

- that such inconsistencies reflect intent, fraud, or coordination;
- that they support any inference of wrongdoing.

To the extent any discrepancy occurred, it was clerical or non-substantive in nature.

71. Ray admits, upon information and belief, that certain entity naming inconsistencies may have existed in Paragraph 71.

Ray denies:

- that such inconsistencies reflect intent, fraud, or coordination;
- that they support any inference of wrongdoing.

To the extent any discrepancy occurred, it was clerical or non-substantive in nature.

72. Ray admits, upon information and belief, that certain entity naming inconsistencies may have existed in Paragraph 72.

Ray denies:

- that such inconsistencies reflect intent, fraud, or coordination;
- that they support any inference of wrongdoing.

To the extent any discrepancy occurred, it was clerical or non-substantive in nature.

73. Ray admits, upon information and belief, that certain entity naming inconsistencies may have existed in Paragraph 73.

Ray denies:

- that such inconsistencies reflect intent, fraud, or coordination;
- that they support any inference of wrongdoing.

To the extent any discrepancy occurred, it was clerical or non-substantive in nature.

74. Ray admits, upon information and belief, that certain entity naming inconsistencies may have existed in Paragraph 74.

Ray denies:

- that such inconsistencies reflect intent, fraud, or coordination;
- that they support any inference of wrongdoing.

To the extent any discrepancy occurred, it was clerical or non-substantive in nature

75. Ray admits, upon information and belief, that certain entity naming inconsistencies may have existed in Paragraph 75.

Ray denies:

- that such inconsistencies reflect intent, fraud, or coordination;
- that they support any inference of wrongdoing.

To the extent any discrepancy occurred, it was clerical or non-substantive in nature.

76. Ray denies the allegations in Paragraph 76.

Ray denies:

- that any representation was false;
- that any conduct was improper;
- that he acted with fraudulent intent.

Ray further denies any characterization inconsistent with lawful transactions conducted pursuant to applicable law.

77. Ray denies Paragraph 77 and further:

Ray denies:

- any implication of coordination or scheme;
- any inference of scienter;
- any claim that underlying conduct was improper.

78. Ray denies Paragraph 78 and further:.

Ray denies:

- any implication of coordination or scheme;

- any inference of scienter;

- any claim that underlying conduct was improper.

79. Ray denies Paragraph 79 and further:

Ray denies:

- any implication of coordination or scheme;

- any inference of scienter;

- any claim that underlying conduct was improper.

80 Ray denies Paragraph 80 and further:

Ray denies:

- any implication of coordination or scheme;

- any inference of scienter;

- any claim that underlying conduct was improper.

81. Ray denies Paragraph 81 and further:

Ray denies:

- any implication of coordination or scheme;

- any inference of scienter;

- any claim that underlying conduct was improper.

**Paragraphs 82–155**

Ray denies the allegations in Paragraphs 82 through 155 to the extent they are directed at or purport to involve him.

As to the remaining allegations, Ray lacks knowledge or information sufficient to form a belief and therefore denies them.

Ray further denies that these allegations:

- establish any element of any claim;

- plead fraud with particularity;

- support any inference of wrongdoing or scienter.

## ADDITIONAL FACTUAL STATEMENTS

Ray states that:

- his role, if any, was **limited to support or administrative functions**;

- he did **not control, direct, or structure** the transactions described;

- the debt referenced in the Complaint was **not sold to raise capital for Enzolytics**;

- in the relevant market, investors may independently seek **aged debt instruments separate from equity investments**;

- any such debt transactions were **independent, arm's-length transactions between third parties**;

- Ray did **not participate in any securities trading or market activity**;

- Ray did **not act with knowledge of any alleged wrongdoing**.

## <u>AFFIRMATIVE DEFENSES</u>

### <u>FIRST DEFENSE (Failure to State a Claim)</u>

The Amended Complaint fails to state a claim upon which relief can be granted.

### <u>SECOND DEFENSE (Rule 9(b))</u>

The Amended Complaint fails to plead fraud with particularity.

### <u>THIRD DEFENSE (Improper Group Pleading)</u>

The Amended Complaint improperly lumps defendants together and fails to allege specific facts

as to Ray.

### <u>FOURTH DEFENSE (No Scienter)</u>

Ray acted in good faith and without knowledge of any alleged wrongdoing.

## **FIFTH DEFENSE (Lawful Conduct)**

Any actions taken were lawful and consistent with applicable statutes and regulations.

## **SIXTH DEFENSE (No Scheme Participation)**

Ray did not participate in any fraudulent scheme or coordinated activity.

## **SEVENTH DEFENSE (Independent Third-Party Conduct)**

Any alleged misconduct was undertaken by independent third parties and cannot be attributed to Ray.

## **EIGHTH DEFENSE (No Market Manipulation)**

Ray did not engage in trading activity or market manipulation.

## **NINTH DEFENSE (Lack of Causation)**

No causal connection exists between Ray's conduct and any alleged harm.

## **TENTH DEFENSE (Independent Market Transactions)**

The transactions described reflect **independent, arm's-length market activity**, including the purchase of aged debt by third parties, and do not constitute a coordinated scheme.

## **ELEVENTH DEFENSE (Limited Role)**

Ray acted, if at all, in a **limited support capacity** and did not control, direct, or structure the transactions at issue.

## **TWELFTH DEFENSE (No Unjust Enrichment)**

Ray did not receive unlawful proceeds.

Page **15** of **16**

## THIRTEENTH DEFENSE (Reservation of Rights)

Ray reserves the right to assert additional defenses.


## PRAYER FOR RELIEF

Ray respectfully requests:

1.  Dismissal of all claims against him;

2.  Judgment in his favor;

3.  Denial of all requested relief;

4.  Such other relief as the Court deems just and proper.


## JURY DEMAND

Ray demands a trial by jury.


**Dated this the 24th** Day of April, 2026.


/s/Billy V. Ray, Jr., pro se
3002 Royal Palm
Baytown TX 77523
770-910-5380
billyvrayjr@yahoo.com