**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                  **Plaintiff,**<br><br>    v.<br><br>HARRY ZHABILOV,<br>BILLY V. RAY, JR.,<br>CHARLES DILLUVIO,<br>STEPHEN APOLANT,<br>DANNIE ZHABILOV,<br>JONATHAN FARBER,<br>CAMELOT NEVADA TRUST,<br>SEACOR CAPITAL, INC.,<br>SKY-DIRECT LLC, and<br>WEXFORD INDUSTRIES LTD.,<br>                  **Defendants,**<br><br>  and<br><br>NY FARMS GROUP, INC. and<br>EQUITY MARKETS ADV LLC,<br>                  **Relief Defendants.** | Civil Action No. 1:24-CV-7362 (ALC) |

**OPPOSITION TO APOLANT AND DILLUVIO DEFENDANTS'**
**MOTION TO RECONSIDER OR TO CERTIFY QUESTIONS**

The Apolant and Dilluvio Defendants seek two more bites at the motion-to-dismiss apple because they feel they didn't get enough ink spent on their arguments in the Court's Motion to Dismiss opinion. But their desire to get a more detailed opinion from the Court for its denial of their motion meets neither the reconsideration nor interlocutory review standards. Thus, the Commission asks the Court to deny their motion.

### I.     DEFENDANTS STATE NO ADEQUATE GROUND FOR RECONSIDERATION.

The Second Circuit has stressed that the standard for granting motions for reconsideration is "strict." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

Defendants fail to meet that standard. Courts may not grant such motions "unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). Defendants point to no change in controlling law, new evidence, or manifest injustice. They just restate their earlier arguments hoping the Court will rule differently this time.

Defendants claim that the Court's Order failed to address their arguments about control, scheme liability, and misrepresentations. But they ignore the Court's recitation of allegations that could establish each of these. The Court's Order (on pages 6-7) discusses the allegations that they were affiliates and exercised control (e.g., "Farber was transferred at least 350 million Enzolytics shares controlled by the ZARD members…."; "At the time, Apolant and Dilluvio … were affiliates of Enzolytics."). Along with addressing factual allegations of the scheme, the Order addresses scheme liability from pages 13 through 17 and 22 though 23, in which the Court reviews the scheme liability case law, finds the allegations of scheme liability sufficient for Ray, and then finds that reasoning applies to the Apolant and Dilluvio Defendants as well. And finally, on pages 6 and 7 the Court discusses misrepresentations by the ZARD members: "The ZARD members then used a series of misrepresentations relating to Dilluvio and Dannie's affiliate status to convert the debt…."; "The ZARD members used a sham consulting agreement to get Dilluvio 200 million unrestricted shares." The Defendants ignore these parts of the Order when demanding reconsideration.

2

At best, Defendants argue that there are legal questions to be resolved.  But they fail to establish that those legal questions must be resolved by the Court now.  Defendants point to no legal authority that states that all potential legal questions in a case must be determined at the motion to dismiss stage.  And, for the mixed questions of fact and law that Defendants present in their reconsideration motion, it makes sense that this Court would allow the parties to present a full factual record before resolving those questions.

Defendants argue that "this Court must determine the applicable legal standard for 'control' before it can evaluate whether the SEC's allegations are sufficient to state a claim." Memo., p. 5.  But they ignore that the Second Circuit has stated that determining whether a person or group exercises sufficient control to be an affiliate is "a question of fact which depends upon the totality of the circumstances including an appraisal of the influence upon management and policies of a corporation by the person" or group involved.  *United States v. Corr*, 543 F.2d 1042, 1050 (2d Cir. 1976) (citing *SEC v. Am. Beryllium & Oil Corp.*, 303 F. Supp. 912, 915 (S.D.N.Y. 1969)); *see also SEC v. Kern*, 425 F.3d 143, 149 (2d Cir. 2005); *SEC v. Platforms Wireless Intern. Corp.*, 617 F.3d 1072, 1087 (9th Cir. 2010) (control is a fact-intensive inquiry "to be determined from the particular circumstances of the case.").  In other words, this Court should not now determine whether the facts and circumstances of Defendants' influence on Enzolytics were enough to establish control.  The Court was both right and justified in waiting to make that "totality of the circumstances" determination until later in the case.  Defendants cite no authority that suggests that the Court must determine whether that test is met right now, before the factual record is developed.

Even if the Defendants were correct that some of their arguments were not addressed in the Court's Order, the "Court is not required to delineate every reason for the decisions it makes;

it is in the Court's discretion to respond specifically—or not—to arguments made by the parties."

*Rochell v. Autozoners, LLC*, 2023 WL 7019013, at *2 (S.D.N.Y. Oct. 25, 2023) (quoting

*Devinsky v. Kingsford*, No. 05-CV-2064, 2008 WL 2704338, at *3 (S.D.N.Y. July 10, 2008); *see*

*also Lynch v. City of New York*, No. 12-CV-4305 (VSB), 2016 WL 11887743, at *1 (S.D.N.Y.

July 7, 2016) (same).  Because this Court has discretion as to which arguments need be

addressed in writing in its decisions, and because granting or denying the motion for

reconsideration is within "the sound discretion of the district court," *Aczel v. Labonia*, 584 F.3d

52, 61 (2d Cir. 2009), the Court has no obligation here to give Defendants their requested

reconsideration.  Moreover, in reconsidering the denial of a motion to dismiss under Fed. R. Civ.

P. 12(b)(6), the Court need only find that the complaint "contain[ed] sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face."  *City of Pontiac*

*Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 179 (2d Cir. 2014).  As described

above, the Court already found that in its Order.  It should not grant the Defendants' request for

reconsideration.

## II.     DEFENDANTS FAIL TO MEET THE CRITERIA FOR INTERLOCUTORY APPEAL.

The Court should also reject Defendants' request in the alternative to certify questions of

law to the Second Circuit, because they fail to establish any of the three prongs of the

interlocutory appeal test.  Title 28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under
> this section, shall be of the opinion that such order involves a controlling question of law
> as to which there is substantial ground for difference of opinion and that an immediate
> appeal from the order may materially advance the ultimate termination of the litigation,
> he shall so state in writing in such order.

*Id*.  "A district court, in its discretion, may certify an interlocutory appeal where the decision at

issue (1) involves a controlling question of law (2) as to which there is substantial ground for a

difference of opinion and (3) as to which an immediate appeal may materially advance the ultimate termination of the litigation." *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995). "The movant bears the burden of demonstrating that *all three* of the substantive criteria are met." *Al Maya Trading Est. v. Glob. Exp. Mktg. Co.*, No. 14 Civ. 275 (PAE), 2014 WL 3507427, at *12 (S.D.N.Y. July 15, 2014) (internal citations omitted, emphasis added). Defendants have not met and cannot meet their burden to demonstrate that all three substantive criteria are met for the certification of the five proffered questions to the Second Circuit.

First, Defendants do not present pure and controlling questions of law. As discussed above, each of the three questions about control are mixed questions of fact and law, rather than "pure question[s] of law that the reviewing court could decide quickly and cleanly without having to study the record." *DeSimone v. Select Portfolio Servicing, Inc.*, 786 F. Supp. 3d 509, 514 (S.D.N.Y. 2025) (*quoting Consub Del. LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007). Question 4 asks whether disregarding Section 5 registration requirements by itself constitutes a fraudulent scheme. But at no time does the Commission allege that the Section 5 violation or the intent to violate Section 5, standing alone, establishes a fraudulent scheme. Question 4 also assumes without authority or evidence a key question of fact: that purchasers received shares at non-manipulated market prices, contrary to the allegations [Dkt. No. 185, Amended Complaint, ¶6 ("…they [the Control Group] were funding a stock promotion campaign promoting Enzolytics stock. The goal of the promotion campaign was to generate sufficient interest among retail investors to buy all the shares the Control Group was selling without severely depressing the prices of those shares.")] And Question 5 improperly limits the scope of misrepresentations in this case in its efforts to present a streamlined legal question. Where, as here, a "question of law … turns on a thorough

examination of the facts" the Second Circuit has counseled a rejection of the request for interlocutory appeal. *See Koehler v. Bank of Bermuda, Ltd.*, 101 F.3d 863, 866-67 (2d Cir. 1996) ("rather than advancing the cause of saving court time, this premature certification expanded it"). None of Defendants' five requested questions for certification meet the first prong of the interlocutory certification analysis because each either distorts the legal questions in this case, confuses whether those questions are dispositive, or involves mixed questions of facts and law appropriately reserved for consideration with a fully developed factual record. Defendants' certification request can be denied for failure to meet the first prong of the interlocutory appeal analysis.

Defendants also claim their "issues are all controlling questions of law because, if the Second Circuit agrees with the Apolant and Dilluvio Defendants, it would either terminate the action against them or at least significantly affect the conduct of this action." Memo., pp. 9-10. Yet they misapply this Court's holding in *Tantaros v. Fox News Network, LLC*, 465 F. Supp. 3d 385 (2000). In *Tantaros*, this Court analyzed a question of subject matter jurisdiction. Reversal of the Court's order there would have stripped the Court of jurisdiction to hear the case, so the Court found it controlling. *Id.* at 390. Defendants press much more complicated mixed questions of fact and law and fail to establish how reversal on those points would affect this action. While a Second Circuit decision might alter what the parties do here, none of the presented questions rises to the level of subject matter jurisdiction, either in their ability to alter the case or in the purity of those questions as questions of law.

Second, Defendants fail to establish substantial grounds for differences of opinions. They do not cite conflicting authority for any question they propose for interlocutory review. Instead, they assert without explanation or corroboration that the differences of opinion are

6

"difficult" and "questions of first impression." Memo., p. 10. But "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *In re Flor*, 79 F3d 281, 284 (2d Cir. 1996). Defendants do not establish how the questions they present are so "difficult" as to require Second Circuit intervention before discovery has even started. Nor did they present any of these questions as ones of first impression during their briefing on their Motion to Dismiss, where they argued that precedent compelled dismissal. Thus, Defendants fail on this prong as well.

Finally, Defendants fail to show that an immediate appeal would allow this court and the parties to avoid protracted litigation. *See Hart v. Rick's Cabaret Intern., Inc.*, 73 F. Supp. 3d 382, 393 (S.D.N.Y. 2014) ("District courts should hesitate to certify where 'many of the same … issues would still have to be litigated' irrespective of the Court of Appeals' decision on the certified question.") (internal citations omitted). Defendants effectively concede this prong of the test at the end of their brief, when they claim that resolving "these issues immediately will *either* terminate the claims altogether or enable the parties to focus their litigation (or settlement discussion) on the facts that matter." Memo., pp. 10-11 [emphasis added]. "Enabling … focus" fails to meet the legal standard Defendants must show. And they fail to show that, if the Second Circuit were to accept an interlocutory appeal and resolve the questions, that there would be no need for further factual development to resolve the case.

In sum, Defendants have established none of the prongs of the test for interlocutory certification, and their request should be denied.

## CONCLUSION

Defendants fail to meet the required showings to obtain either reconsideration or certification for interlocutory appeal. There is no need for the Court to (a) address their

arguments in a lengthier way in a revised opinion or (b) let them appeal to the Second Circuit at this early stage of the case. The Commission asks this Court to deny the Apolant and Dilluvio Defendants' Motion and reject their attempt to get a re-review and a premature appellate review of their denied Motion to Dismiss.

Dated: April 28, 2026

Respectfully submitted,

/s/ Marc Jones
Marc Jones (Mass. Bar No. 645910)
   Senior Trial Counsel
Rua M. Kelly (Mass. Bar No. 643351)
   Senior Trial Counsel
United States Securities and Exchange
Commission
Boston Regional Office
33 Arch St., 24th Floor
Boston, MA 02110
Phone: (617) 573-8947
Email: jonesmarc@sec.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on April 28, 2026, a true and correct copy of the foregoing document was filed through the Court's CM/ECF system, and accordingly, the document will be sent electronically to all participants registered to receive electronic notices in this case.

/s/ Marc Jones