UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br>                     **Plaintiff,** <br><br>     v. <br><br> BILLY V. RAY, JR., <br> CHARLES DILLUVIO, <br> STEPHEN APOLANT, <br> JONATHAN FARBER, <br> CAMELOT NEVADA TRUST, <br> SEACOR CAPITAL, INC., <br> SKY-DIRECT LLC, and <br> WEXFORD INDUSTRIES LTD., <br>                   **Defendants,** <br><br> **and** <br><br> NY FARMS GROUP, INC. and <br> EQUITY MARKETS ADV LLC, <br>                  **Relief Defendants.** | Case No. 24-CV-7362 (ALC) |

## JOINT STATEMENT OF PRETRIAL CONFERENCE AND PROPOSED SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 26(f), counsel for plaintiff Securities and Exchange Commission (the "Commission") and counsel for Defendants[1] Charles Dilluvio, Stephen Apolant, Jonathan Farber, Camelot Nevada Trust, Seacor Capital, Inc., Sky-Direct LLC, Wexford Industries Ltd. and Relief Defendants NY Farms Group, Inc. and Equity Markets ADV LLC (collectively, "Defendants"), submit this Joint Statement of Scheduling Conference and Proposed Pretrial Schedule, along with a proposed Civil Scheduling Order.

---

[1] As required by Federal Rule of Civil Procedure 26(f) and S.D.N.Y. Local Rule 26.4(a), the Commission copied Defendant Billy V. Ray, Jr. ("Ray") on all email correspondence with Defendants regarding the parties' April 17, 2026 scheduling conference and provided him with a draft of the attached joint statement and proposed scheduling order.  Ray, who is *pro se*, did not respond to any of the Commission's emails and did not attend the conference.

I.     **Plaintiff's Statement Regarding Liability and Relief Sought**

Plaintiff alleges that, from fall 2017 to at least summer 2022, Defendants Harry Zhabilov,[2] Ray, Dilluvio, and Apolant (collectively, "Control Group"), along with entities Camelot, Seacor, and Sky-Direct engaged in a fraudulent scheme to profit from accumulating Enzolytics stock while concealing their control of the company and the stock, then selling that stock to retail investors.  Plaintiff further alleges that in 2018, Zhabilov and Ray worked together to sell debt purportedly owed from Enzolytics to Camelot and made misrepresentations in the process.  In 2020, the Control Group obtained unrestricted Enzolytics shares it could sell to the public through agreements purportedly for consulting services with Dilluvio and with Zhabilov's daughter, Dannie.  The Control Group then used a series of misrepresentations relating to Dilluvio and Dannie's affiliate status to convert the debt from the unpaid consulting agreements into unrestricted shares they could, and did, sell.  In addition, Harry and Dannie Zhabilov took additional steps to facilitate stock transactions (including the creation of documents and misrepresentations to the transfer agent) to transfer 231 million unrestricted shares to Dannie.  Dannie then sold most of her shares to Farber's Wexford Industries, Ltd. ("Wexford"), which generated millions in fraudulent proceeds. Plaintiff further alleges that among other things, Farber funded a stock promotion campaign promoting Enzolytics stock while selling stock for the Control Group through Wexford, that the Control Group used a sham consulting agreement to get Dilluvio 200 million unrestricted Enzolytics shares (sold by Dilluvio including through Wexford), and that Apolant and Dilluvio obtained false attorney opinion letters in order to evade securities laws and convert Enzolytics debt into nearly 400 million unrestricted Enzolytics

---

[2] On April 7, 2026, the Commission filed proposed judgments and signed consents for Defendants Harry Zhabilov and Dannie Zhabilov, which – if entered by the Court – would resolve all of the pending claims against both Mr. Zhabilov and Ms. Zhabilov.  While Harry and Dannie Zhabilov are referenced herein, including in the summary of the Complaint's allegations, they did not participate in the drafting of this pleading or in the parties' conference.

shares.  Relief Defendants NY Farms Group, Inc. and Equity Markets ADV LLC received ill-gotten funds from that fraudulent activity and have no legitimate claims to those funds.  The Complaint charges the Defendants with violating the antifraud provisions of Section 17(a) of the Securities Act of 1933 ("Securities Act") and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder, as well as Sections 5(a) and 5(c) of the Securities Act.  Farber and Wexford are also charged with violating Section 15(a)(1) of the Exchange Act.

Plaintiff seeks:

a.  entry of appropriate permanent injunctions;

b.  disgorgement of Defendants' ill-gotten gains, plus prejudgment interest;

c.  imposition of civil penalties;

d.  entry of penny stock bars as to Apolant, Farber, Camelot, Seacor, Sky-Direct, and Wexford, and

e.  entry of officer and director bars as to Dilluvio and Apolant.

II.    **Defendants' Statement Regarding Liability and Remedies Sought**

*Dilluvio Defendants:*  Defendants Charles Dilluvio ("Dilluvio") and Seacor Capital Inc. ("Seacor") (collectively, the "Dilluvio Defendants") strongly deny all allegations against them and previously moved to dismiss the complaint[3] and have moved for reconsideration[4] of the court's order[5] denying the Dilluvio Defendants' motion.

The Dilluvio Defendants deny that they ever controlled or were "affiliates" of Enzolytics as they (i) never had control of the company or its decision-making authority, (ii) never served as

---

[3] ECF Nos. 118-120
[4] ECF Nos. 186-187.
[5] ECF No. 182.

an officer or director, and (iii) never held 10% or more of the company's stock. Neither Dilluvio nor Seacor themselves made any representations to the contrary in connection with any securities transactions or acted with scienter. The Dilluvio Defendants also deny that the consulting agreements with Enzolytics were a "sham" as Seacor did legitimate and substantial work for Enzolytics. The Dilluvio Defendants also deny that either participated in an alleged common "scheme" within the meaning of Rule 10b-5 or Section 17, were members of the alleged "Control Group" or that any of the securities transactions in which the Dilluvio Defendants participate were illegal. All allegations not specifically addressed herein are also denied.

*Apolant Defendants*:  Apolant, Sky-Direct, and Relief Defendants (collectively, the "Apolant Defendants") dispute the allegations against them and previously moved to dismiss the complaint and have moved for reconsideration of the court's order denying the Apolant Defendants' motion. The Apolant Defendants dispute, among other things, that their securities transactions were required to be registered; that they were affiliates of, or controlled, Enzolytics individually or as part of a control group; that they participated in a scheme to defraud securities purchasers; that they made any misrepresentations; and that they acted with scienter. They further dispute that there were any victims of the alleged scheme, and thus the SEC cannot obtain

disgorgement as a remedy.  Further, the Apolant Defendants contend that their securities transactions alleged in the amended complaint were exempt from registration.

As noted in the Apolant Defendants' motion to dismiss and pending motion for reconsideration or certification, they intend to raise a number of legal issues throughout this case that they maintain require a judgment in their favor.

The remaining Defendants did not provide statements regarding claims and defenses in this civil action.

### III.    Rule 26(f) Conference

Pursuant to Fed. R. Civ. P. 26(f), counsel for the Commission and counsel for the Defendants conducted a Rule 26(f) conference on April 17, 2026 to discuss:  (i) the nature and basis for their claims and defenses; (ii) the possibility of a prompt settlement or resolution of this case; (iii) arrangements for the disclosures required by Rule 26(1)(1); (iv) a proposed pretrial plan for the case that includes a discovery plan; (v) whether any items needed to be addressed by the Court at the scheduling conference; and (vi) whether they will consent to trial by magistrate judge. The parties have agreed to begin discovery once this scheduling order is entered, including an exchange of Rule 26(a)(1) initial disclosures no later than May 15, 2026.

### IV.    Topics to Discuss at Scheduling Conference

While the parties do not anticipate needing to discuss any specific issues, the Commission does not know Defendant Ray's position on any of the topics discussed herein.  *See supra* at n. 1.

### V.    Pending Motions

On April 14, 2026, the Apolant and Dilluvio Defendants filed a motion for reconsideration of the Court's denial of the motions to dismiss.  The Commission will file a

response to the motion for reconsideration on April 28, 2026, and the Apolant and Dilluvio

Defendants will file a reply on or before May 5, 2026.

### VI.    **Proposed Schedule**

The Commission and the above-referenced defendants have submitted a proposed Civil

Scheduling Order, attached hereto.  Given the presence of numerous defendants and the complex

nature of the allegations against them, the parties propose the following schedule for the

completion of discovery and the submission of dispositive motions.

| Event | Date (on or before) |
| --- | --- |
| Initial disclosures exchanged by the parties | May 15, 2026 |
| Motion to amend pleadings | June 10, 2026 |
| All requests for production of documents served | August 31, 2026 |
| Complete all fact witness depositions | December 21, 2026 |
| All interrogatories and requests for admission served | December 21, 2026 |
| Completion of fact discovery | January 21, 2027 |
| Disclosure of parties' expert reports (if any)[6] | February 22, 2027 |
| Production of expert rebuttal reports (if any) | March 22, 2027 |
| Complete all expert discovery, including depositions | April 29, 2027 |
| Dispositive Motions served | May 28, 2027 |
| Oppositions to dispositive motions served | June 28, 2027 |
| Reply briefs on dispositive motions served | July 12, 2027 |
| Joint Pretrial Order submitted to Court | August 16, 2027 |

---

[6] At present, the parties are reserving the right to adduce expert discovery.  Should the parties conclude that expert discovery is not required, the parties will meet and confer to propose a revision to the scheduling order that permits summary judgment motions (which certain of the defendants expect to file) to be briefed on an earlier schedule.

### VII.    Limitations on Discovery

Pursuant to Fed. R. Civ. P. 30(a)(2) the parties seek leave of Court to permit up to 30 depositions in light of the fact that this case has ten defendants and it is reasonable to anticipate several non-party depositions.  The parties would further propose that the Commission be permitted up to 10 depositions, and that the Defendants be permitted up to 20 depositions. Should the parties believe it necessary to take additional fact witness depositions, and/or if the various Defendants are unable to agree on the allocation of depositions between them, the parties will meet and confer and if necessary, seek the Court's permission to exceed these limits.

Consistent with Judge Carter's Individual Practices the parties agree to a referral to a magistrate judge to navigate any discovery disputes that may arise.  While the parties will work together cooperatively to move this case forward efficiently, the parties may need to seek the Court's assistance to timely resolve such issues should they arise.

### VIII.    Settlement and Settlement Mechanism

The parties respectfully request that if future settlement discussions reach an impasse, the Court refer the parties to a magistrate judge a settlement conference.

### IX.    Dispositive Motions

The parties propose the following schedule for the submission of dispositive motions.

1. Dispositive motions, such as motions for summary judgment and motions for judgment on the pleadings, must be filed by **May 28, 2027**.

2. Oppositions to dispositive motions must be filed no later than **June 28, 2027**.

3. Reply memoranda will be filed no later than **July 12, 2026.**

### X.    Trial by Magistrate Judge

The parties do not consent to trial by magistrate judge at this time.

Dated:  April 29, 2025

Respectfully submitted,

SECURITIES AND EXCHANGE COMMISSION,
By its attorneys,

*/s/ Rua M. Kelly*
Marc J. Jones
Rua M. Kelly
33 Arch Street, 24th Floor
Boston, MA 02110
(617) 573-8900

Defendants Stephen Apolant and Sky-Direct LLC
and Relief Defendants Equity Markets ADV LLC
and NY Farms Group, Inc.

*/s/  David N. Cinotti*
David N. Cinotti
Pashman Stein Walder Hayden
21 Main Street, Suite 200
Hackensack, NJ  07601
(201)-488-8200
Email: dcinotti@pashmanstein.com

Defendants Charles Dilluvio and Seacor Capital,
Inc.

*/s/  Maxim M. Nowak*
Maxim M. Nowak
Herrick, Feinstein LLP
2 Park Avenue
New York, NY  10016
(212)-592-1400
Email: mnowak@herrick.com

Defendants Jonathan Farber and Wexford
Industries, Ltd.

*/s/  Thomas E. Puzzo*
Thomas E. Puzzo
Law Offices of Thomas E. Puzzo
3823 44th Avenue NE
Seattle, WA  98105
(206)-522-2256
Email: tpuzzo@puzzolaw.com

8

Defendant Camelot Nevada Trust

*/s/  Patrick Ryan Morris*
Patrick R. Morris
Morris Legal Corp.
28 Laight Street, 2nd Floor
New York, NY  10013
(917)-621-1110
Email: prm@patrickmorrislaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on April 29, 2026, a true and correct copy of the foregoing document was filed through the Court's CM/ECF system, and accordingly, the document will be sent electronically to all participants registered to receive electronic notices in this case.

*/s/ Rua M. Kelly*
Rua M. Kelly

9