UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | Case No. 1:24-cv-07362-ALC |
| | : | |
| v. | : | Oral Argument Requested |
| | : | |
| HARRY ZHABILOV, BILLY V. RAY, JR., CHARLES DILLUVIO, STEPHEN APOLANT, DANNIE ZHABILOV, JONATHAN FARBER, CAMELOT NEVADA TRUST, SEACOR CAPITAL, INC., SKY-DIRECT LLC, and WEXFORD INDUSTRIES LTD., | : | |
| | : | |
| Defendants, | : | |
| and | : | |
| NY FARMS GROUP, INC. and EQUITY MARKETS ADV LLC, | : | |
| | : | |
| Relief Defendants. | : | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE APOLANT AND DILLUVIO DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 31, 2026, ORDER DENYING THEIR MOTION TO DISMISS OR TO CERTIFY QUESTIONS UNDER 28 U.S.C. § 1292(b)**

**PASHMAN STEIN WALDER HAYDEN, P.C.**
Jerome M. Selvers
David N. Cinotti
*Attorneys for Defendants Stephen E. Apolant and Sky-Direct LLC and Relief Defendants NY Farms Group, Inc. and Equity Markets ADV LLC*

**HERRICK, FEINSTEIN LLP**

Arthur Glenn Jakoby
Maxim Mordecai Lebowitz-Nowak
Michael Ryan Feeney
*Attorneys for Defendants Charles Dilluvio and Seacor Capital, Inc.*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ............................................................................................................................... 1

    I.    The Court should reconsider the Order and grant the motion to dismiss. .......................... 1

    II.    Alternatively, the Court should certify the pure issues of controlling law identified in the moving brief for immediate appeal. ..................................................................................... 4

CONCLUSION ............................................................................................................................ 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Analytical Surveys, Inc. v Tonga Partners, L.P.*,
  684 F.3d 36 (2d Cir. 2012)...................................................................................... 1

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
  493 F.3d 87 (2d Cir. 2007).................................................................................... 3

*Colvin v. Keen*,
  900 F.3d 63 (2d Cir. 2018).................................................................................... 2

*Dupree v. Younger*,
  598 U.S. 729 (2023)............................................................................................. 4

*Francis v. Kings Park Manor, Inc.*,
  992 F.3d 67 (2d Cir. 2021).................................................................................... 2

*Janus Cap. Grp., Inc. v. First Derivative Traders*,
  564 U.S. 135 (2011)............................................................................................. 3

*Kirschner v. JP Morgan Chase Bank, N.A.*,
  79 F.4th 290 (2d Cir. 2023) ................................................................................. 4

*New York ex rel. James v. Citibank, N.A.*,
  No. 24-CV-659 (JPO), 2025 WL 1194377 (S.D.N.Y. Apr. 22, 2025) ..................... 6

*SEC v. Coinbase, Inc.*,
  761 F. Supp. 3d 702 (S.D.N.Y. 2025)..................................................................... 4

*Shrader v. CSX Transp., Inc.*,
  70 F.3d 255 (2d Cir. 1995).................................................................................... 1

*Waetzig v. Halliburton Energy Servs., Inc.*,
  604 U.S. 305 (2025)......................................................................................... 1, 2

**Rules**

Loc. Civ. R. 6.3 .................................................................................................... 2

Fed. R. Civ. P. 9(b) .............................................................................................. 3

Fed. R. Civ. P. 12(b)(6)......................................................................................... 3

**Statutes**

28 U.S.C. § 1292(b) ......................................................................................................................... 1

**PRELIMINARY STATEMENT**

This motion asks the Court to resolve the arguments that the Apolant and Dilluvio Defendants made on their motion to dismiss—not the very different arguments of two defendants (one of whom is pro se) that the Order rejected.[1]  And it asks the Court to treat the SEC like any other civil plaintiff constrained by the Federal Rules of Civil Procedure.  Doing so will lead to one clear conclusion: the complaint does not state any claims against the Apolant and Dilluvio Defendants.  Even if the Court disagrees, however, it should grant certification under 28 U.S.C. § 1292(b) to allow the Second Circuit to address the controlling legal issues identified in the moving brief, rather than oversee years of expensive litigation only to find out later that the parties were proceeding under the wrong legal standards.

**ARGUMENT**

**I.    The Court should reconsider the Order and grant the motion to dismiss.**

The SEC is incorrect that a "strict" standard for reconsideration applies to the Order.  Opp'n 1.  That is the standard to amend a judgment under Rule 59, as demonstrated by the case that the SEC cites.  *See Analytical Surveys, Inc. v Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (stating that "the standard for granting [a Rule 59 motion for reconsideration] is strict" (brackets in original; quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995))).  However, "a court presiding over a case is *always* capable of revising an interlocutory ruling, so long as a revision is consonant with equity." *Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 313 (2025) (internal quotation marks omitted).  "[T]he restrictive language" from cases regarding reconsideration of judgments or orders finally resolving claims—on which the SEC relies here—

---

[1] Capitalized terms bear the same meaning as in the moving brief ("Recon. Br.").  The SEC's opposition is cited as "Recon. Opp'n."

has "no application" to interlocutory orders denying dispositive motions. *Colvin v. Keen*, 900 F.3d 63, 74 (2d Cir. 2018).

Thus, this Court has "discretion to reconsider and reverse its prior ruling" and "avoid[] burdening itself and the parties with an unnecessary trial," *id.*, "so long as a revision is consonant with equity," *Waetzig*, 604 U.S. at 313. It surely is here. The Order summarily denied the Apolant and Dilluvio Defendants' motion to dismiss without addressing at least five important legal issues that they raise, any one of which decided in their favor would winnow the claims in this case. This motion complies with Local Civil Rule 6.3's directive to identify "the matters or controlling decisions" that the court "overlooked." Loc. Civ. R. 6.3.

The SEC nevertheless maintains that the Order properly resolved the issues raised on this motion because: (1) the Order recited allegations from the complaint that establish the SEC claims, Recon. Opp'n 2; and (2) the standard for control is fact-intensive, *id.* at 3. The SEC is wrong on both counts. For the first argument, the SEC relies on wholly insufficient allegations. It says that the Order noted the allegation that Apolant and Dilluvio "were affiliates of Enzolytics." *Id.* at 2. But "conclusory allegations are not entitled to the assumption of truth." *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 72 (2d Cir. 2021) (en banc). So merely saying they are affiliates gets the SEC nowhere.

The SEC also cites the portions of the Order explaining why the complaint pleads scheme liability against Ray. Recon. Opp'n 2. That also misses the mark. The Apolant and Dilluvio Defendants' motion to dismiss raised a pure legal argument on scheme liability not decided in the Order: does allegedly concealing affiliate status in order to sell free-trading shares at fair market prices constitute an unlawful scheme to defraud the purchasers? That legal issue is squarely presented on the face of the complaint and is dispositive of the SEC's scheme-liability claim.

Shockingly, the SEC suggests for the first time in opposition to this motion that it is pursuing a market-manipulation claim.  *See id.* at 5.  But the complaint nowhere alleges that the defendants manipulated the price of Enzolytics stock, and in its opposition to the motion to dismiss, the SEC conceded that "the Complaint does not allege a typical 'pump-and dump' scheme – *e.g.*, where defendants 'pump' up the stock price with lies and half-truths, and then 'dump' shares on unwitting investors."  Opp'n 9.  The bare allegation that the defendants hired a stock promoter is not enough; indeed, federal law expressly permits stock promotion.  *See* Mov. Br. 14 n.2.  The SEC did not plead, and has waived, a market-manipulation claim.

The SEC also says that the Order "discusses misrepresentations by the ZARD members." Opp'n 2.  But general allegations that a group made misrepresentations do not plead a claim for securities fraud based on misrepresentations for two reasons.  First, under Rule 9(b), "[a] securities fraud complaint based on misstatements must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007).  Second, to be liable for securities fraud based on false statements, a defendant "must have 'made' the material misstatements."  *Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 141 (2011).  Thus, to state a claim against the Apolant and Dilluvio Defendants for misrepresentations, the complaint must detail the false statements that *they* personally made.  The complaint did not do so because the only alleged false statements attributed to the Apolant and Dilluvio Defendants are attorney opinion letters, which the SEC has agreed are necessarily statements of the attorney, not the client.  *See* Recon. Br. 8.

The SEC's argument that affiliate status is too factual for a motion to dismiss is equally meritless.  "That a claim is fact-intensive does not preclude dismissal under Rule 12(b)(6) if the

plaintiff fails to allege facts plausibly supporting a claim upon which relief can be granted." *Kirschner v. JP Morgan Chase Bank, N.A.*, 79 F.4th 290, 303 n.57 (2d Cir. 2023). Here, the complaint does not allege facts plausibly supporting a claim that Apolant and Dilluvio had the power to direct Enzolytics' management when the correct legal standard for control is applied. The SEC says the Court need not decide "whether that test is met right now, before the factual record is developed." Recon. Opp'n 3. But that misses the point. The Court must decide what the "test" *is*—which is a pure legal question that does not depend on factual development. "Because a purely legal question is, by definition, one whose answer is independent of disputed facts, factual development at trial will not change the district court's answer." *Dupree v. Younger*, 598 U.S. 729, 737 (2023). The SEC's proposed test for control is wrong and deferring the issue until summary judgment will send the parties to discovery guessing at what legal standards govern the SEC's claims.

## II.    Alternatively, the Court should certify the pure issues of controlling law identified in the moving brief for immediate appeal.

The SEC's arguments against certification are also meritless. *See* Recon. Opp'n 4-7.

First, the issues identified are all "purely legal issues—that is, issues that can be resolved without reference to any disputed facts." *Dupree*, 598 U.S. at 735. The SEC argues that the first three questions concerning affiliate status and control are factual, but that is patently wrong. Those questions concern only the legal standard for control (Questions 1 and 2) and due process (Question 3). "[M]atters of statutory interpretation" such as the meaning of control and affiliate "are typically considered appropriate for certification." *SEC v. Coinbase, Inc.*, 761 F. Supp. 3d 702, 714 (S.D.N.Y. 2025). The answers to those questions must come from "law books, not trial exhibits." *Dupree*, 598 U.S. at 737.

The SEC maintains that Question 4 does not apply to this case because that question assumes there are no market-manipulation allegations in the complaint, and because the complaint does not base scheme liability solely on intent to avoid Section 5's registration requirements. The first point is clearly wrong: as explained, the SEC agreed on the motion to discuss that the complaint does not allege market manipulation, and it does not. The second point is also wrong: whatever steps the defendants allegedly took to conceal affiliate status are irrelevant if—as the Apolant and Dilluvio Defendants contend—it cannot be a scheme to defraud to seek to sell free-trading shares at non-manipulated market prices. The SEC has not cited a single case that rebuts that legal argument.

The SEC also argues that Question 5 "improperly limits the scope of misrepresentations in this case." Recon. Opp'n 5. But the SEC fails to cite any misrepresentation in the complaint other than the attorney opinion letters attributable to the Apolant and Dilluvio Defendants, and those cannot subject them to liability for false statements. Again, the SEC has troublingly failed to explain how it can take diametrically opposed positions in this case and *Sayid* consistent with its duty of candor to the Court.

Second, the questions are difficult and of first impression. While the SEC disputes those characterizations, it does not cite any case that refutes or resolves the questions presented. Instead, the SEC has chosen to ignore the issues, apparently with the hope that this Court will too.

Finally, the SEC maintains that the third prong of the certification standard is not met because a victory on an immediate appeal would not avoid protracted litigation. *See* Recon. Opp'n 7. That too is wrong: the identified issues cover all the claims against the Apolant and Dilluvio Defendants and winning them would terminate those claims. But even if an immediate appeal does not terminate all claims, it "will remove a cloud of legal uncertainty over these proceedings."

5

*New York ex rel. James v. Citibank, N.A.*, No. 24-CV-659 (JPO), 2025 WL 1194377, at *4 (S.D.N.Y. Apr. 22, 2025) (internal quotation marks omitted).  The parties sharply dispute the legal standards on the SEC's claims, and the Order is silent on those standards.  An appellate decision will resolve the test for affiliate status, establish whether the SEC's legal theories for securities fraud are viable, and decide whether this enforcement action violates due process.

## CONCLUSION

For the foregoing reasons and those in the moving brief, the Court should reconsider the Order or certify the identified controlling questions of law.

Dated: May 5, 2026

Respectfully submitted,

**PASHMAN STEIN WALDER HAYDEN, P.C.**

By: s/ David N. Cinotti
    Jerome M. Selvers
    David N. Cinotti
Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601
(201) 488-8200
dcinotti@pashmanstein.com

*Attorneys for Defendants Stephen Apolant and Sky-Direct LLC and Relief Defendants NY Farms Group, Inc. and Equity Markets ADV LLC*

**HERRICK, FEINSTEIN LLP**

By: _____
    Arthur Glenn Jakoby
    Maxim Mordecai Lebowitz-Nowak
    Michael Ryan Feeney
Two Park Avene
New York, NY 10016
(212) 592-1400
mnowak@herrick.com

*Attorneys for Defendants Charles Dilluvio and Seacor Capital, Inc.*

6

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rules 6.3 and 7.1(c), the undersigned certifies that this reply memorandum of law complies with the word limit in Rule 6.3 because it contains 1,731 words, excluding the caption, table of contents, table of authorities, signature block, and this certificate. Undersigned relied on the word count of the word-processing program used to prepare this document.

s/ David N. Cinotti
David N. Cinotti
