UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>HARRY ZHABILOV, BILLY V. RAY, JR., CHARLES DILLUVIO, STEPHEN APOLANT, DANNIE ZHABILOV, JONATHAN FARBER, CAMELOT NEVADA TRUST, SEACOR CAPITAL, INC., SKY-DIRECT LLC, and WEXFORD INDUSTRIES LTD.,<br><br>Defendants,<br><br>and<br><br>NY FARMS GROUP, INC. and EQUITY MARKETS ADV LLC,<br><br>Relief Defendants. | Case No. 1:24-cv-07362-ALC |

## INITIAL DISCLOSURES

Pro Se Defendant Billy V. Ray, Jr. makes the following initial disclosures ("Initial Disclosures") pursuant to Fed. R. Civ. P. 26(a)(1).

## PRELIMINARY STATEMENT

1.  These Initial Disclosures are made by Defendant based upon documents, knowledge, and information presently and reasonably available to them as of the date hereof, on the basis of documents, knowledge, and information within their possession, custody, or control.

Defendant reserves and does not waive the right to rely on any information, facts, documents, or other materials that may subsequently come to his attention through further investigation, discovery, disclosure, or otherwise, or the right to supplement, amend, modify, correct, or clarify these Initial Disclosures based upon any such other and additional information, facts, documents, or other materials.

2.      In providing these Initial Disclosures, Defendant incorporates the Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3, including each of the definitions and rules of construction therein.

3.      In providing these Initial Disclosures, Defendant reserves and does not waive the right to object to the relevance, authenticity, or admissibility of any information contained herein. Defendant's Initial Disclosures are made without waiving the right to object on the grounds of competency, privilege, hearsay, materiality, or any other proper ground, or the right to object to the use or disclosure of any information set forth herein for any purpose, in whole or in part, in this action or outside of this action.

4.      Defendant's Initial Disclosures are made without waiving the right to object on any and all proper grounds to any other discovery requests, whether pursuant to the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Southern District of New York, or otherwise.

5.      Defendant's Initial Disclosures are being made subject to, and without waiver of, the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or immunity from disclosure.

6.      Each of the preceding statements in this Preliminary Statement is incorporated by reference into each of the specific disclosures below as though fully set forth therein.

Defendant files these Initial Disclosures publicly because discovery-related materials and

references to related proceedings have already been publicly filed on the docket in this action. Defendant submits these disclosures to maintain a complete and balanced public record.

A.      **Disclosure Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i)**

Based on information presently available, the following individuals or categories of individuals are likely to have discoverable information that Defendant may use to support his claims and defenses, and which is relevant to disputed facts alleged in the pleadings in this case.

| Name | Address | Subject |
|---|---|---|
| Dr. Babak Ghalili, DDS | 230 Park Avenue Suite 1164 New York, NY 10169 | Discuss patents licensed by ENZC and IMMB, discuss IMMB/ENZC and various defendants' involvement |
| Dr. Marvin Hausman | c/o Genetics Institute of America 4733 W. Atlantic Ave Suite C-16 Delray Beach, FL 33445 561-455-2162 | ENZC license with patents. Trying to use the patents for other things. |
| Guilebaldo Gonzalez Garcia | Tijuana, Baja California, to be supplemented | EnzolyticsMX |
| Carl Caserta | 34072 El Contento Drive, Dana Point California 92629 | Attempts to sell nutraceutical license owned by Company |
| Stephen Apolant | c/o David Neil Cinotti, Esq. Pashman Stein Walder Hayden, PC 21 Main Hackensack, NJ 07601 201-488-8200 | Defendant in this case; allegations against him as described in the Amended Complaint. |
| Charles Dilluvio | c/o Maxim M.L. Nowak, Esq. Herrick, Feinstein LLP 2 Park Avenue New York, New York 10016 (212) 592-1400 | Defendant in this case; allegations against him as described in the Amended Complaint. |
| Jonathan Farber | c/o Thomas E. Puzzo, Esq. 3823 44th Ave. NE Seattle, WA 98105 206-522-2256 | Defendant in this case; allegations against him as described in the Amended Complaint. |

3

| James "Jim" Zimbler | 147 Kathryn Road, Bellaforte PA 16823 | "Purchase" of licensing agreement of nutraceutical with the underlying patent bein licensed by the Company |
|---|---|---|
| Peter Aiello | 3310 S Ocean Blvd Apart 431-D Highland Beach Florida 33487 648-283-2100 | Subscription agreements, alleged payments for shares, sales to Hicks, 3a10 experience with Hicks at his sibling's company |
| Jona Barnes, EA (not CPA) | Mallett & Barnes 6136 Mission Gorge Rd Ste 125 San Diego, CA 92120 619-997-5524 | Description of Ray's work, work product, complexity of public companies, and who was responsible for final decisions of Company |
| Dannie Zhabilov | c/o Evan J. Gotlob, Esq. DarrowEverett LLP One Turks Head Place, Suite 1200 Providence, RI 02903 401-453-1200 | Defendant in this case; allegations against her as described in the Amended Complaint. |
| Harry Zhabilov | c/o Evan J. Gotlob, Esq. DarrowEverett LLP One Turks Head Place, Suite 1200 Providence, RI 02903 401-453-1200 | Defendant in this case; allegations against him as described in the Amended Complaint along with history of IMMB legal issues, the attempts to license products to more than one entity. |
| Kelli Austin | c/o Patrick R. Morris 305 Broadway, Suite 777 New York, NY (917)-621-1110 prm@patrickmorrislaw.com | Purpose of creation of Camelot, 3(a)(10) transaction involving Camelot, relationships between Camelot, Ray, and Enzolytics, purchases and sales of ENZC, role of Apolant and Dilluvio in operations of Enzolytics, management of Enzolytics by Ray.  Austin can also testify to all discovery produced to SEC by SEC, Ray, Zhabilov, and Austin and the Transfer Agent Records. |

4

| Linda Carlsen | c/o Mark K. Schonfeld, Esq. Gibson, Dunn & Crutcher, LLP 200 Park Avenue New York, NY 10166 | Information about 3(a)(10) transactions, communications with Defendants.  Press release put out by Carlsen. |
|---|---|---|
| Charles Cotropia 1756 Bison Meadow Lane Heath TX 75032 214-725-1385 | CSC@bioclentics.com | Management and operation of Enzolytics, information about the Enzolytics' board, share issuances of Enzolytics' stock, communications with Defendants.  Overstatements of BioClonetics' "Patents" and their capacities. Amount of work Ray did for the Company. |
| Joseph Cotropia | c/o Charles Cotropia 1756 Bison Meadow Lane Heath TX 75032 214-725-1385 | Knowledge relevant to the operations, control and workings of Enzolytics and other matters relevant to this litigation.  All regulatory litigation and filings against him.  Actual verified uses of his patent. |
| Dr. Gaurav Chandra | c/o Charles Cotropia 1756 Bison Meadow Lane Heath TX 75032 27-72-730-8511 | Intimate knowledge concerning the operations management and control of Enzolytics.  Discuss Tweets with incorrect information not corrected.  Disclosure of insider information to Redwood Capital and others. Proof of his medical license. |
| Stephen Hicks | c/o Mark K. Schonfeld, Esq. Gibson, Dunn & Crutcher, LLP 200 Park Avenue New York, NY10166 (212)-351-4000 mschonfeld@gibsondunn.com | Information about 3(a)(10) transactions, business dealings between entities controlled or managed by Hicks and Enzolytics. |
| Medhat Gorgy | 1 Island Vis Newport Coast, CA 92657 | Transactions in ENZC, IMMB, the amount of work Ray did |

| Michael Krome | Unknown | Transactions in ENZC with Cimarron Capital, information about 3(a)(10) transactions, loan agreement with Enzolytics. |
|---|---|---|
| Morgan Petitti | 1118 W. Streetsboro Street Hudson, OH 44236 PettitiLaw@gmail.com | Communications with Defendants concerning affiliate status, opinion letters. |
| Henry Sargent | c/o Peter Ginsberg, Esq. Moskowitz Colson Ginsberg & Schulman, LLP 1 Battery Park Plaza, 31st Floor New York, NY 10004 (212)-257-6455 pginsberg@mcsgllp.com | Information about 3(a)(10) transactions including those related to Livingston Asset Management, Inc., business dealings between entities controlled or managed by Hicks and Enzolytics. |
| Dimitar Savov | Nika Pharmaceuticals Inc. 2269 Merrimack Valley Ave. Henerson, NV 89044 | Knowledge of the inner workings, operations and control of Enzolytics and other matters relevant to |
| Matheau W. Stout | 400 East Pratt Street Baltimore, MD 21202 (410)-429-7076 | Opinion letters for Enzolytics stock sales, information regarding Livingston Asset Management, LLC and 3(a)(10) transactions, communications with Defendants. |
| Eli Sakayan | c/o Richard J. Mooney 505 Montgomery St Ste 1100 San Francisco CA 94111 | IMMB press release regarding curing diseases, selling of shares, dealings with defendants Zhabilov and Ray |
| Harry Zhabilov, son of Defendant Harry Zhabilov | 6108 Sumter Ct Frisco TX 75035 | Old and existing business identities, properties, purchases |

6

| Diana Zhabilov | 6108 Sumter Ct<br>Frisco TX 75035 | Cantech, Zhabilov Trust, trustees, ein number, licensing status with all entities |
| --- | --- | --- |
| Nita Klunder | Attorney General<br>Massachusetts<br>Address to be supplemented | Her licensure history, involvement with case. False declarations to government and court |
| Amy Gwiazda | Supervisor, Boston Office, SEC<br>33 Arch Street, 24th Floor<br>Boston MA 02110 | Testify to when she became aware of Klunder's failure to disclose license suspension.  Accounts of all yearly performance reviews and failures to disclose in her office during 2020-2026. |

Defendant reserves the right to identify additional individuals as discovery progresses, including any individuals identified in documents produced by or to Defendants in this action.

**B.      Disclosure Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii)**

Based on information presently available, Defendant may use the following categories of documents, electronically stored information, and tangible things, in their possession, custody, or control to support their defenses in this action:

(1)     Documents and Communications relating to Enzolytics's stock, and any sale or transfer thereof;

(2)     Consulting services agreements relating to Enzolytics;

(3)     Documents and Communications concerning Defendant' purported affiliate status and their exemptions from the registration requirements of Section 5 of the Securities Act, pursuant to Section 4(a) of the Securities Act and SEC Rule 144; and

(4)     Publicly available documents and disclosures relating to Enzolytics, Immunotech including OTC filings, any SEC filings, press releases, and other public statements made by or on behalf of Enzolytics or IMMB.

(5)     All documents produced in the SEC investigation entitled "in re Hicks".

(6)     All FBI 302s from Todd Kaneshiro regarding ENZC.

(7)     Proof of all work done for IMMB, ENZC, and the reasonableness of the charges.

The above-referenced documents, emails, and communications, to the extent they exist, are located in various defendants' emails. And most are already in possession of the SEC. All materials will be produced pursuant to Defendant's responses to any discovery requests served by other parties to this case, subject to all appropriate reservations, objections, privileges, protections, or immunities from disclosure.

**C.     <u>Disclosure Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii)</u>**

At this time, Defendant has not asserted any claim for damages but reserves the right to amend and/or supplement this response should Defendant subsequently seek damages.

**D.     <u>Disclosure Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv)</u>**

At this time, it does not appear that Enzolytics properly fought for the insurance coverage

that would satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payment made to satisfy the judgment. However, Defendant will supplement this disclosure after further investigation and discovery, if necessary.

Dated: May 20, 2026

Billy V. Ray, Jr., *pro se*


By: */s/* Billy V. Ray, Jr.
3002 Royal Palm
Baytown TX 77523
770-910-5380
billyvrayjr@yahoo.com

*Defendant, pro se*