

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
33 ARCH STREET, 24TH FLOOR
BOSTON, MA 02110-1424

**BOSTON**
**REGIONAL OFFICE**

June 25, 2026

**By ECF (courtesy copy to chambers and counsel)**

Honorable Ona T. Wang
United States Magistrate Judge
United States District Court for the Southern District of New York
Thurgood Marshall Courthouse, 40 Foley Square
New York, NY 10007

Re:    *Securities and Exchange Commission v. Zhabilov et al.*, **1:24-cv-007362 (ALC)**

Dear Judge Wang:

Pursuant to the Honorable Andrew L. Carter, Jr.'s individual practices requiring parties to contact the assigned magistrate judge to raise any discovery disputes, the Commission and counsel to Defendants Stephen Apolant ("Apolant"), Charles Dilluvio ("Dilluvio"), the Camelot Defendants and Jonathan Farber and Wexford (collectively, the "Objecting Defendants") are jointly writing to the Court about a discovery dispute on which the parties are at an impasse.

By way of background, on April 29, 2026, the parties filed a Rule 26(f) discovery plan report, along with a proposed scheduling order. *See* ECF No. 196. While the district court has not formally entered the order, the proposed scheduling order reflects the parties' agreement that discovery disputes should be referred to a magistrate judge. *See* ECF No. 196-1 at ¶VII. Moreover, consistent with the proposed scheduling order, the parties began exchanging initial disclosures beginning on May 15, 2026, and on May 19, 2026, the Commission made its first document production to the parties that included investigative testimony and exhibits. At the same time, the Commission drafted and circulated a proposed draft stipulated protective order to all counsel and *pro se* Defendant Billy Ray ("Ray"). The parties agree that a protective order is necessary here to ensure the confidentiality of any personal financial information and other sensitive material in the parties' productions.

The Commission and Defendants are now at an impasse as to one provision in the proposed protective order ("Protective Order"). On May 21, 2026, counsel to Apolant objected to the draft order because it included a "broad" exception for the SEC to share confidential information with other government agencies, arguing that the exception improperly referenced the SEC Form 1662, and positing that the Form 1662 applies only in SEC investigations (not federal court). On May 23, 2026, Defendant Ray advised the Commission that he agreed with the objection raised by Apolant. On May 26, 2026, the Commission wrote to all parties and proposed substituting the below revised language to narrow the exception as well as to strike the reference to SEC Form 1662:

Hon. Ona T. Wang
*Securities and Exchange Commission v. Zhabilov et al.*, 1:24-cv-007362
June 25, 2026

> Notwithstanding any other provisions contained herein, nothing in this Stipulation and Order shall be construed to limit or otherwise abrogate the Commission's ability to use or retain documents, or to share documents and information outside the agency (i) as authorized by federal law, including but not limited to 15 U.S.C. §§ 77s(d), 77t(b), 78q(b), 78u(d), 78x(c), 80b-9(d), or 80a-41(d), or the Freedom of Information Act; or (ii) to comply with any other statutory or international obligation.

On May 28, 2026, counsel to Apolant suggested a different revision:

> No person subject to this Order other than the producing person shall disclose any Discovery Material, other than Discovery Material excepted by Paragraph 2 above, to any other person whomsoever, except to … (j) as to the Commission only, to governmental entities (including but not limited to domestic and foreign criminal authorities) solely as required under federal law.

*See* Exhibit A (redline of proposed protective order) at 3.  The same day, the Commission's and Apolant's counsel spoke over the telephone.  On June 15, 2026, Apolant's counsel advised that he believed the parties were at an impasse and indicated that Dilluvio's counsel shared the same objection to the Commission's proposed language.  On June 16, 2026, the Commission's counsel and Dilluvio's counsel spoke at length by phone to try to resolve this dispute in good faith.  No agreement was reached at that time.

Since the parties remain at an impasse, we jointly request that the Court conduct a conference to resolve this issue.  The dispute is a narrow one; the Commission submits that any confidentiality order must permit SEC counsel to not only share documents with, for instance, federal and state law enforcement agencies, as "required" by law but to the extent *permitted* by law.

On the other hand, the Objecting Defendants view the Commission's proposed language as creating an inequitable asymmetry in the protective order, which prevents the defendants from sharing documents and other discovery materials while allowing the Commission unfettered discretion to share with other government agencies. *See, e.g., S.E.C. v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1273 (10th Cir. 2010) ("[W]e find this reliance on a law enforcement rationale as a means of bypassing the limitations reflected in the protective orders to be unfounded. The statutes the government identified…and on which this alleged duty was predicated, are permissive rather than mandatory."). *See also S.E.C. v. Pulier*, No. CV 17-07124 PSG (RAOX), 2020 WL 553571, at *3 (C.D. Cal. Jan. 30, 2020) ("[T]he SEC has not provided any reasoning or authority as to why it should be allowed to share, without any prior notice or limitation, confidential information it receives as part of discovery in this litigation with any other federal or state authority. Accordingly, the protective order will not include the SEC's proposed [language].").

The parties otherwise agree on the terms of the proposed protective order, attached as Exhibit A (which is a redline showing the changes proposed by counsel to Apolant).

Hon. Ona T. Wang
*Securities and Exchange Commission v. Zhabilov et al.*, 1:24-cv-007362
June 25, 2026

       Finally, as required by Section IV of this Court's Individual Practices in Civil Cases, the parties jointly represent that this letter sets forth the parties' efforts to meet and confer in good faith to resolve the dispute, and that such meetings have occurred by telephone (and via email). The parties thank Your Honor in advance for your attention to this matter.

                        Sincerely,

                        */s/ Rua M. Kelly*
                        Senior Trial Counsel
                        Securities and Exchange Commission

cc: all counsel of record and Defendant Billy V. Ray, Jr. (via ECF and email)