UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>BILLY V. RAY, JR.,<br>CHARLES DILLUVIO,<br>STEPHEN APOLANT,<br>JONATHAN FARBER,<br>CAMELOT NEVADA TRUST,<br>SEACOR CAPITAL, INC.,<br>SKY-DIRECT LLC, and<br>WEXFORD INDUSTRIES LTD.,<br>　　　　　　　　　　　　　Defendants,<br><br>and<br><br>NY FARMS GROUP, INC. and<br>EQUITY MARKETS ADV LLC,<br>　　　　　　　　　　　Relief Defendants. | Civil Action No. 24-cv-7362 (ALC) |

**STIPULATION AND ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY MATERIALS**

This Stipulation and Order Regarding Confidentiality of Discovery Materials

("Stipulation and Order") is entered pursuant to Federal Rule of Civil Procedure 26(c) to

facilitate discovery by the parties to the above-entitled case and protect from public disclosure

certain information produced in discovery in this action.

1.　　All documents and other information (including transcripts and recordings of

depositions or their foreign equivalent) (together, "Discovery Materials") produced (i) in

connection with the parties' initial disclosures and/or (ii) in response to requests for discovery or

third-party subpoenas in this litigation shall be treated as confidential, meaning that such

Discovery Materials shall be used solely for the purpose of the prosecution or defense of this

litigation, except as provided in Paragraph 6 below.

2.     Notwithstanding Paragraph 1 above, any document or information that is otherwise publicly available, including without limitation any document that is publicly filed with a regulatory entity such as the Commission is not subject to this Stipulation and Order.

3.     Except for information required to be redacted under Federal Rule of Civil Procedure 5.2(a), any Discovery Materials may be filed publicly on the Court's docket unless a party obtains leave of this Court to file under seal. Any Discovery Materials filed publicly on the Court's docket or discussed in transcripts of Court proceedings that are publicly filed on the Court's docket are no longer subject to the confidentiality restrictions in this Stipulation and Order.Any Discovery Materials filed with the Court shall be redacted in accordance with Rule 5.2 of the Federal Rules of Civil Procedure ("Rule 5.2").

4.     No person subject to this Order other than the producing person shall disclose any Discovery Material, other than Discovery Material excepted by Paragraph 2 above, to any other person whomsoever, except to:

   a.  the parties to this action;

   b.  counsel (including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter) retained for this action;

   c.  vendors or service providers that assist the parties or their counsel in this action;

   d.  as to any document, its author, its addressee(s), and any other person indicated on the face of the document as having received a copy;

   e.  any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action; provided such disclosure be made only to the witness by counsel (including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter);

   f.  any person retained by a party to serve as an expert witness (including support personnel working with such expert witness, if any) or otherwise provide specialized advice to counsel in connection with this action, provided such disclosure be made only to the witness by counsel (including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter);

2

g.  stenographers engaged to transcribe depositions conducted in this action;

h.  interpreters engaged to translate any Discovery Material;

i.  any mediator, arbitrator, or special discovery master that the parties engage in this matter or that the Court appoints in relation to this action;

j.  as to the Commission only, to governmental entities (including but not limited to domestic and foreign criminal authorities) ~~in a manner consistent with the Commission's duties and authorities pursuant to any applicable laws, regulations, or international agreements, including as delineated in the Commission's Form 1662 (available here:  https://www.sec.gov/about/forms/sec1662.pdf); and~~<u>solely as required under federal law.</u>~~;~~

k.  courts, including any appellate court, Magistrate Judge, support personnel, and court reporters involved in this action.

5.      Each person who has access to Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.  In the event of an inadvertent disclosure of Discovery Material, the disclosing party and/or their counsel shall use reasonable efforts to secure the return or destruction of the inadvertently produced Discovery Material.

6.      Nothing in this Stipulation and Order shall apply to or in any manner condition, limit, or infringe the Commission's congressionally-mandated ~~and authorized~~ obligation to cooperate with other federal, state, local, or foreign law enforcement or regulatory agencies, including without limitation sharing Discovery Materials with other federal, state, local, or foreign law enforcement and/or regulatory agencies <u>solely to the extent required by federal law.</u>~~; including as delineated in the Commission's Form 1662.~~

7.      Nothing in this Stipulation and Order shall be construed to limit in any way a producing party's use of its confidential information.

8.     Nothing in the Stipulation and Order or the Commission's act(s) of production under it shall be construed in any way to limit Commission's use of confidential information received as part of any investigation or the agency's portals for receiving confidential reporting of misconduct (e.g., the SEC webpage for submitting tips, complaints, and referrals).

9.     The protections conferred by this Order cover not only Discovery Material but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the Parties or counsel to or in court or in other settings that might reveal Discovery Material, except as provided in paragraph 3 above.

10.    The parties to the above-captioned matter, through their respective counsel, expressly agree to the terms of this Stipulation and Order and consent to its form and entry.

11.    This Stipulation and Order may be executed and filed by the parties, through their counsel, in counterparts.

12.    The terms of this Stipulation and Order shall survive any settlement, discontinuance, dismissal, judgment or other disposition of the above-entitled action.

13.    This Court shall retain jurisdiction over all persons subject to this Stipulation and Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

14.    The parties agree promptly to submit this Stipulation and Order to the Court for approval and further agree that, pending approval by the Court, the parties agree to abide by the terms of this Stipulation and Order.  In the event the Court declines to approve the Stipulation and Order, the parties agree that this Stipulation and Order shall be of no further force and effect.

Dated: May __, 2026

4

Respectfully submitted,

_____

Rua M. Kelly
Marc J. Jones
Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
Boston Regional Office
33 Arch Street, 24th Floor
Boston, MA 02110
(617) 573-8941 (Kelly)
(617) 573-8947 (Jones)
KellyRu@sec.gov
JonesMarc@sec.gov
Defendants Stephen Apolant and Sky-Direct LLC and
Relief Defendants Equity Markets ADV LLC and NY
Farms Group, Inc.

/s/ David N. Cinotti
David N. Cinotti
Pashman Stein Walder Hayden
21 Main Street, Suite 200
Hackensack, NJ  07601
(201)-488-8200
Email: dcinotti@pashmanstein.com

Defendants Charles Dilluvio and Seacor Capital, Inc.

/s/ Maxim M. Nowak
Maxim M. Nowak
Herrick, Feinstein LLP
2 Park Avenue
New York, NY  10016
(212)-592-1400
Email: mnowak@herrick.com

Defendants Jonathan Farber and Wexford Industries, Ltd.

/s/ Thomas E. Puzzo
Thomas E. Puzzo
Law Offices of Thomas E. Puzzo
3823 44th Avenue NE
Seattle, WA  98105
(206)-522-2256
Email: tpuzzo@puzzolaw.com

5

Defendant Camelot Nevada Trust

/s/  Patrick Ryan Morris
Patrick R. Morris
Morris Legal Corp.
28 Laight Street, 2nd Floor
New York, NY  10013
(917)-621-1110
Email: prm@patrickmorrislaw.com

**IT IS SO ORDERED** this _____ day of _____, 2026.

_____
Hon. Andrew L. Carter
United States District Judge

6