UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
33 ARCH STREET, 24TH FLOOR
BOSTON, MA 02110-1424

BOSTON
REGIONAL OFFICE

September 22, 2026

**By ECF (courtesy copy to chambers and counsel)**

Honorable Ona T. Wang
United States Magistrate Judge
United States District Court for the Southern District of New York
Thurgood Marshall Courthouse, 40 Foley Square
New York, NY 10007

**Re: *Securities and Exchange Commission v. Zhabilov et al.*, 1:24-cv-007362 (ALC)**

Dear Judge Wang:

Pursuant to the Local Rules and this Court's individual practices, the Commission writes concerning a discovery dispute between the Commission and the Apolant and Dilluvio defendants. The Commission is raising this dispute in advance of the October 7, 2026 initial conference in the interest of efficiency and in hopes of resolving this issue promptly.

**Background**

On June 10, 2026, the Commission served document requests on Defendants Stephen Apolant and Sky-Direct LLC and Relief Defendants NY Farms Group, Inc. and Equity Markets ADV LLC (the "Apolant Defendants") as well as Defendants Charles Dilluvio and Seacor Capital, Inc. (the "Dilluvio Defendants"). On July 10, 2026, the Apolant and Dilluvio Defendants served objections and responses. The parties then met and conferred, and the Commission agreed to narrow certain requests to address the Defendants' objections. However, the parties remain at an impasse as to Request No. 5, which seeks "[d]ocuments sufficient to identify all bank accounts, and brokerage accounts, and any other financial or corporate accounts" controlled by the Apolant and Dilluvio Defendants. The Defendants objected to Request No. 5 as overly broad, calling for sensitive and private financial information, and disproportionate to the needs of the case. In response to the Defendants' objections, the Commission proposed revising Request No. 5 to seek a subset of specified accounts over limited time periods for Sky-Direct LLC, Seacor Capital, Inc., NY Farms Group, Inc., and Equity Markets ADV LLC. *See* Exhibit A (July 28, 2026 letter from the Commission).

On September 4, 2026, the Defendants rejected the Commission's proposed modifications to Request No. 5. *See* Exhibit B (September 4, 2026 letter from the Apolant Defendants).[1] The Defendants reiterated their objection that the Request was overly broad and

[1] While the September 4 letter was sent by the Apolant Defendants, the Dilluvio Defendants take the same position.

sought irrelevant information, and counter-proposed limiting the production of bank records to only "entries or transactions relating to the purchase or sale of Enzolytics stock." *Id*. at 2.

On September 16, the Commission and the Apolant and Dilluvio Defendants again met and conferred. The Commission noted its objection to the Defendants' counter-proposal as being too limited and too reliant on the Defendants to self-select what they deemed to be relevant records without providing documents with which the Commission could cross-check that self-selection. In addition, the Commission noted that because the Complaint makes plain that Apolant and Dilluvio did not purchase or sell Enzolytics stock through their own accounts, the Defendants' counter-proposal as to Request No. 5 would presumably yield zero responsive documents. The parties agreed to raise the discovery dispute with the Court.

## Argument

The broad rule of relevance set forth in Federal Rule of Civil Procedure 26(b)(1) should be liberally construed. *See Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991). Here, the bank and brokerage records for the Apolant and Dilluvio Defendants are plainly relevant to the allegation that they violated the securities laws by scheming to obtain shares of Enzolytics, work with other Defendants to covertly sell those shares, and transfer the proceeds to Apolant and Dilluvio. *See, e.g.*, *A.I.A. Holdings S.A. v. Lehman Bros*., 97Civ.5978 (LMM)(HBP), 2000 WL 763848 at *4 (S.D.N.Y. 2000) (in churning case, ordering plaintiff to produce unredacted copies of bank statements). Since Apolant and Dilluvio did not own Enzolytics shares in their own names, nor did most of the entity-defendants, Defendants' counter-proposal to produce only the entries reflecting "purchases and sales" of Enzolytics stock is clearly inadequate.

The Commission has already proposed to narrow several of its other document requests to address the Defendants' concerns regarding proportionality and relevance. But unlike those other discovery requests, where the Commission could propose term searches or other mechanisms to further narrow the responsive documents, there are no other paths to narrowing this request. By way of example, the Complaint notes at Paragraph 123 that Defendant Equity Markets "never held Enzolytics shares. Nor did it transfer any shares to [Defendant] Wexford." The Complaint then alleges that during a two-year period, Equity Markets "received more than $23 million from Wexford" which appears to be payment for the sale of Enzolytics stock. The Commission submits that it would be reasonable to simply look at the bank records for Equity Markets during that period of time and examine the underlying transactions, and that the review of this evidence could yield information that would be relevant to the SEC's allegations. For example: Did Equity Markets transfer any of those proceeds from Wexford to Apolant or Dilluvio? Or to other Defendants in this case? If not, were any of the funds wired out of the account? When and to whom? The Commission cannot further narrow Request No. 5 without knowing which entities and/or individuals may have engaged in transactions with the Apolant and Dilluvio Defendants. Finally, the Commission notes that any privacy concerns should be adequately addressed by the protective order that the parties have asked the Court to enter.

Accordingly, the Commission asks this Court to order the Apolant and Dilluvio Defendants to respond to Request No. 5 of the First Set of Document Requests as modified by the Commission's July 28, 2026 letter.

Sincerely,

*_/s/ Rua M. Kelly_*
Senior Trial Counsel
Securities and Exchange Commission

cc: all counsel of record and Defendant Billy V. Ray, Jr. (via ECF and email)