PashmanStein WalderHayden
A Professional Corporation

Jerome M. Selvers
Partner
Bell Works
101 Crawfords Corner Road
Suite 4202
Holmdel, NJ 07733
Direct: 732.852.4014
Fax: 201.488.5556
jselvers@pashmanstein.com

September 25, 2026

**By ECF**

Honorable Ona T. Wang
United States District Court for the
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

**Re: Securities and Exchange Commission v. Zhabilov et al., No. 1:24-cv-07362 (ALC)**

Dear Judge Wang:

We write on behalf of Defendants Stephen Apolant and Sky-Direct LLC and Relief Defendants NY Farms Group, Inc. and Equity Markets ADV LLC (the "Apolant Defendants") under Section IV.b. of Your Honor's Individual Practices in Civil Cases in response to the SEC's letter dated September 22, 2026 (Dkt. No. 212) ("SEC Ltr.") concerning Request No. 5 of the SEC's First Set of Document Requests.

For the reasons set forth below, the Apolant Defendants respectfully submit that Request No. 5 is overbroad, seeks irrelevant information, and is disproportionate to the needs of the case. Our counter-proposal to produce account records of transactions relating to the purchase or sale of Enzolytics stock is adequate to provide relevant information while protecting the Apolant Defendants' privacy interests.

## BACKGROUND

The SEC's Request No. 5 originally sought "Documents sufficient to identify all bank accounts, and brokerage accounts, and any other financial or corporate accounts controlled by or over which any of the Apolant Defendants have authority or discretion." Ex. A to SEC Ltr., at 2-3. The Apolant Defendants objected. After the parties met and conferred, the SEC proposed a revised request that seeks all bank and brokerage records for seven specified accounts over time periods of approximately two to four years (depending on the account). The Apolant Defendants objected to this request as overbroad and proposed producing account statements showing

PashmanStein WalderHayden
A Professional Corporation

transactions relating to the purchase or sale of Enzolytics stock and redacting unrelated transactions. Ex. B to SEC Ltr., at 3. The SEC declined that proposal.

**ARGUMENT**

Federal Rule of Civil Procedure 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The proportionality inquiry considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "The party seeking discovery has the burden to demonstrate relevance." *King v. Habib Bank Ltd.*, No. 20-CV-4322(LGS) (OTW), 2023 WL 3558773, at *1 (S.D.N.Y. Apr. 21, 2023) (Wang, M.J.).

The broad discovery that the SEC seeks in Request No. 5 is not relevant or proportional to the needs of this case. The SEC alleges that the Defendants Apolant and Sky-Direct sold unregistered securities in violation of Section 5 of the Securities Act of 1933 and violated the anti-fraud provisions of the Securities Act and the Securities Exchange Act of 1934 by concealing their status as affiliates, or control persons, of the issuer, Enzolytics. The SEC further alleges that the Relief Defendants received some of the proceeds of those sales. The SEC alleges that Apolant and Sky-Direct sold securities through Defendant Wexford Industries Ltd. ("Wexford").

The existence of the trades is not in dispute. The central dispute between the SEC and the Apolant Defendants is, instead, whether Apolant and Sky-Direct controlled Enzolytics at the time they sold Enzolytics stock. The Apolant Defendants argue that the trades were fully legal and did not have to be registered with the SEC because Apolant and Sky-Direct did not control Enzolytics.

Thus, to the extent the SEC believes it needs financial records to prove the undisputed trades and receipt of proceeds, it should seek: (1) trading records from Wexford, and (2) documents showing receipt of sale proceeds by the Apolant Defendants. The SEC does not need to examine years of unrelated personal financial records for seven accounts, which would unnecessarily intrude on the Apolant Defendants' privacy. Courts in this district have consistently denied discovery requests for sweeping financial records when, as here, more targeted discovery is available. *See, e.g.*, *Lonza Greenwood LLC v. Natals, Inc.*, No. 25 Civ. 6319 (PAE), 2026 WL 2294978, at *1 (S.D.N.Y. Aug. 10, 2026) (denying request for all transaction records as "far beyond [the requesting party's] legitimate needs in the litigation"); *SEC v. Ripple Labs, Inc.*, No. 20-CV-10832 (AT)(SN), 2021 WL 1335918, at *4–5 (S.D.N.Y. Apr. 9, 2021) (granting protective order and quashing third-party subpoenas seeking eight years of personal financial records in SEC enforcement action, finding the requests "not relevant or proportional to the needs of the case").

To justify its overly broad request, the SEC argues that "[s]ince Apolant and Dilluvio did not own Enzolytics shares in their own names, nor did most of the entity-defendants, Defendants' counter-proposal to produce only the entries reflecting 'purchases and sales' of Enzolytics stock is clearly inadequate." SEC Ltr. at 2. That argument relies on a straw man: the Apolant Defendants' counter-proposal is not limited to entries reflecting purchases and sales of Enzolytics securities but would provide "entries or transactions *relating to the purchase or sale of Enzolytics stock*." Ex. B to SEC Ltr., at 3 (emphasis added). Thus, if an account statement for one of the identified accounts showed receipt of funds wholly or partially due to the sale of Enzolytics securities, the SEC would receive the relevant entries on the account statements. In addition, the SEC alleges that Sky-Direct *did* own the shares directly, and Sky-Direct's accounts are among those the SEC seeks. *See* Am. Compl. ¶ 24, Dkt. No. 185 ("Sky-Direct received about 260 million Enzolytics shares . . . ."); *id.* ¶ 40 ("In the fall of 2020, Apolant and Dilluvio (through Seacor and Sky-Direct) converted debt they held into nearly 400 million shares of unrestricted stock."). The SEC can also obtain documents from Wexford and other sources to show the trades and the transfers of their proceeds.

The SEC also argues that it "cannot further narrow Request No. 5 without knowing which entities and/or individuals may have engaged in transactions with the Apolant and Dilluvio Defendants," and provides the example of Equity Markets' alleged receipt of funds from Wexford. SEC Ltr. at 2. But that too is unpersuasive because the Apolant Defendants are willing to produce records relating to Enzolytics stock sales, including receipt of funds from the sale of Enzolytics stock, and the SEC does not claim that it needs to identify other alleged participants in the transactions at issue in the complaint. Moreover, an argument that account statements "might show evidence of a speculative transaction that could have occurred . . . is not a foundation on which to order expansive discovery into personal financial accounts." *Ripple Labs*, 2021 WL 1335918, at *4. As a further compromise, however, the Apolant Defendants would be willing to produce entries from statements for accounts identified in the SEC's letter showing any transfers of funds to or from any of the other defendants in this action.

Finally, a protective order is not sufficient to protect the privacy of the Apolant Defendants' unrelated financial transactions because those transactions will be shared with the SEC and all the other parties to this case.

PashmanStein WalderHayden
A Professional Corporation

**CONCLUSION**

The Apolant Defendants respectfully request that the Court deny the SEC's application to compel production under its revised Request No. 5 and instead limit the scope of Request No. 5 to records from the specified accounts relating to the purchase or sale of Enzolytics stock.

Respectfully,

s/ Jerome M. Selvers
Jerome M. Selvers

*Counsel for the Apolant Defendants*

cc: All counsel of record (by ECF)
Defendant Billy V. Ray, Jr. (by email)