HERRICK

**Maxim Nowak**
Partner
Phone: +1 (212) 592-1464
**mnowak@herrick.com**

September 25, 2026

**By ECF**

Honorable Ona T. Wang
United States Magistrate Judge
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

**Re: *SEC v. Zhabilov, et al.*, No. 1:24-cv-07362 (ALC) (OTW)**

Dear Judge Wang:

We represent Defendants Charles Dilluvio ("Dilluvio") and Seacor Capital, Inc. ("Seacor" and, together with Dilluvio, the "Dilluvio Defendants").

Pursuant to Section IV.b of Your Honor's Individual Practices, we submit this response to the Commission's September 22, 2026 letter-motion (Dkt. No. 212), which seeks to compel production under revised Request No. 5. As the Commission acknowledges (Dkt. No. 212 at 1 n.1), the Dilluvio Defendants share the Apolant Defendants' position and therefore join and adopt their September 25, 2026 letter (Dkt. No. 213) in full. We write separately to address three points: the Commission's own allegations defeat its proffered justification as to Seacor; the requested periods almost entirely post-date the alleged conduct; and no protective order has been entered, while the order the Commission seeks would permit it to transmit the produced material to other government agencies.

1. **The Commission's "Zero Documents" Premise Is Wrong and "Cross-Checking" Does Not Justify Wholesale Financial Discovery.**

The Commission's principal argument is that the counterproposal "would presumably yield zero responsive documents" because the individual defendants did not hold Enzolytics shares in their own names (Dkt. No. 212 at 2). That premise does not apply to Seacor. The Commission alleges that Seacor received Enzolytics shares directly (Am. Compl. ¶¶ 113–14, 119–20), transferred them, and received the proceeds (¶ 121). Each corresponding entry in the specified accounts falls within the Dilluvio Defendants' offer to produce entries "relating to the purchase or sale of Enzolytics stock," including entries reflecting the receipt of proceeds. The Commission thus falls back on its stated desire to "cross-check" Defendants' production (Dkt. No. 212 at 2). But courts in this District have rejected that rationale absent evidence that a targeted production is incomplete or unreliable.

In *SEC v. Ripple Labs, Inc.*, for example, the court found "no evidence to suggest that such a verification is necessary or appropriate" where the defendants had agreed to produce their

transaction records. It further held that the Commission's belief that account records "might show evidence of a speculative transaction that could have occurred . . . is not a foundation on which to order expansive discovery into personal financial accounts." No. 20-CV-10832 (AT) (SN), 2021 WL 1335918, at *3–*4 (S.D.N.Y. Apr. 9, 2021). This Court likewise has declined to compel broader discovery where the responding party agreed to produce the category tied to the claims, rejecting "speculative and conclusory" theories of relevance. *See N.Y. Times Co. v. Microsoft Corp.*, No. 23-CV-11195 (SHS) (OTW), Dkt. No. 344, at 1 n.1, 3 n.2 (S.D.N.Y. Nov. 22, 2024) (Wang, M.J.).

**2. The Commission Has Not Shown That the Post-Conduct Records Are Relevant or Proportional to the Needs of the Case.**

As the party moving to compel, the Commission "has the burden to demonstrate relevance." *King v. Habib Bank Ltd.*, No. 20-CV-4322 (LGS) (OTW), 2023 WL 3558773, at *1 (S.D.N.Y. Apr. 21, 2023) (Wang, M.J.); *see also N.Y. Times*, Dkt. No. 344, at 2 (the movant "bears the initial burden of demonstrating relevance and proportionality"). Even relevant discovery must be limited if it "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

The Amended Complaint alleges that Wexford's sales continued only "into the beginning of 2022" (Am. Compl. ¶¶ 43, 130, Dkt. No. 185) and that Wexford made its last payment to Seacor in October 2021 (¶ 121). Yet the Commission seeks every monthly statement for Seacor's Bank of America account from July 1, 2022 through September 30, 2024—a 27-month period beginning after every sale and receipt of proceeds attributed to Seacor in the Amended Complaint—as well as Schwab statements extending more than two years beyond the last alleged sale. The Commission does not explain how records generated after those transactions bear on whether the Dilluvio Defendants were Enzolytics affiliates when the shares were sold—the central disputed issue. *See* Dkt. No. 213 at 2.

The remaining records would principally show what became of funds after the alleged conduct ended. The Commission identifies no basis on which the later disposition of proceeds would affect the calculation of net profits attributable to the alleged violation. *See Liu v. SEC*, 591 U.S. 71, 83–84 (2020). Any legitimate tracing interest is independently satisfied by the offer to produce every entry reflecting a transfer of funds to or from another defendant. The Commission's request for injunctive relief does not justify the demand either. Any risk of recurrence would turn on later securities activity—not every debit and credit in Seacor's operating account. And the transactional information the Commission says it needs is available from numerous other sources, including parties to this action.

**3. The Commission Cannot Rely on an Unordered Protective Order with a Sharing Provision in Dispute.**

The Commission separately contends that any privacy concerns "should be adequately addressed by the protective order that the parties have asked the Court to enter" (Dkt. No. 212 at 2). But a protective order governs the use of discoverable material; it does not make irrelevant

material discoverable. In any event, no protective order has been entered, and the parties remain at an impasse over precisely the provision implicated here: the Commission insists on the right to share designated material with other government agencies (Dkt. No. 200). The Commission cannot invoke an unentered order as the answer to an intrusive production while insisting that the same order permit dissemination of that production beyond this litigation. "Liberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984).

That risk is not hypothetical. In *SEC v. Merrill Scott & Associates, Ltd.*, confidential financial information produced in an SEC enforcement action in reliance on protective orders passed from the Commission to the U.S. Attorney's Office and then to the IRS. 600 F.3d 1262, 1267–68 (10th Cir. 2010). The Tenth Circuit reversed in relevant part, rejecting the government's law-enforcement rationale for overriding those orders and holding that the Commission's information-sharing authority is "permissive rather than mandatory." *Id.* at 1273. A litigant's justified reliance on a protective order should not be displaced absent extraordinary circumstances or compelling need. *See Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 295–96 (2d Cir. 1979); 17 C.F.R. § 240.24c-1(b) (the Commission "may, in its discretion," share nonpublic information). At a minimum, no production should be compelled before a protective order is entered.

**4. The Defendants' Proposal Fully Addresses Any Legitimate Discovery Need.**

For the accounts and periods identified in the Commission's July 28 letter, the Dilluvio Defendants will produce every entry relating to the purchase or sale of Enzolytics stock, including entries reflecting the receipt of sale proceeds, together with entries reflecting any transfer of funds to or from any other defendant in this action, with unrelated transactions redacted. See Dkt. No. 213 at 1–3. That production gives the Commission precisely what its claims put at issue — the Enzolytics trading, the proceeds, and the movement of those proceeds among the defendants — without exposing years of unrelated financial activity that bears on no claim or defense in this action.

Accordingly, the Dilluvio Defendants respectfully request that the Court deny the Commission's letter-motion (Dkt. No. 212), limit Request No. 5 as proposed in Dkt. No. 213 and direct that any production occur only after entry of a protective order.

Respectfully submitted,

Maxim M.L. Nowak

*Counsel for the Dilluvio Defendants*

cc: All counsel of record (by ECF)
Defendant Billy V. Ray, Jr. (by email)